Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA  94117
Telephone: 415-913-7800
Facsimile:  415-759-4112
mtodzo@lexlawgroup.com
esomers@lexlawgroup.com

*Attorney for Plaintiffs*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FUMIKO LOPEZ, and FUMIKO LOPEZ, as guardian of A.L., a minor, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a Delaware corporation,<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

1    Plaintiffs Fumiko Lopez, and Fumiko Lopez,  as guardian of A.L.  (collectively
2  "Plaintiffs") complain upon knowledge as to themselves and their own actions and upon
3  information and belief as to all other matters against Defendant Apple Inc. ("Apple" or
4  "Defendant"), as follows:

5                           **SUMMARY OF ALLEGATIONS**

6        1.      This action arises from Defendant's unlawful and intentional recording of
7  individuals' confidential communications without their consent from approximately October 2011
8  to the present (the "Class Period") in violation of the California Invasion of Privacy Act, Cal.
9  Penal Code §632, California Consumer Legal Remedies Act, Cal. Civ. Code §1750, and
10  California Unfair Competition Law, Cal. Bus. & Prof. Code §17200.

11       2.      Siri is a voice-recognition software program developed by Apple that allows
12  individuals to use their voice to ask questions and receive answers based on information available
13  on the internet. Apple preloads Siri on devices it manufactures, including Apple's iPhone
14  smartphones, iPad tablets, Apple Watches, AirPod headphones, HomePod smart speakers,
15  MacBook laptops, and iMac computers ("Siri Devices").[1]

16       3.      Siri Devices are only supposed to record conversations preceded by the utterance of
17  "Hey Siri" (a "wake phrase") or through a specific gesture, such as pressing the home button on a
18  device for a specified amount of time. California law prohibits the recording of oral
19  communications without the consent of all parties to the communication. California's privacy laws
20  recognize the unique privacy interest implicated by the recording of someone's voice. This privacy
21  interest has been heightened by recent reports government agencies of multiple countries are
22  secretly collecting voice samples with the aim of being able to "voiceprint" any living person, and
23  by the fact the private technology companies are constantly searching for ways to acquire and
24  exploit consumers' personal information.

25       4.      Individuals who have purchased or used Siri Devices and interacted with Siri have
26  not consented to Apple recording conversations where "Hey Siri" was not uttered or where they

27  _____

28  [1] https://support.apple.com/en-us/HT209014

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

did not otherwise perform a gesture intending to activate Siri, such as pressing and holding down the home button on a device for a certain period of time. Similarly, minors who did not purchase Apple products or set them up in their homes have not consented to these recordings.

5.      On July 26, 2019, The Guardian reported that Apple had hired contractors to review recordings made by Siri Devices and that many recordings reviewed were made without the knowledge of the individuals recorded. According to The Guardian's source, it is a "regular" occurrence for Siri Devices to record nonconsenting individuals where no wake phrase has been uttered or no button has been pushed. The content of the unauthorized recordings made by Siri Devices include, according to The Guardian's source, "confidential medical information, drug deals, and the recordings of couples having sex."

6.      Significantly, Apple knows that unauthorized recordings are common and as such tasks its human reviewers with, among other things, identifying whether Siri was deliberately activated or not. Despite this, Apple has not informed consumers they are regularly being recorded without consent.

7.      Apple has sold millions of Siri Devices to consumers during the Class Period. Many of these consumers would not have bought their Siri Devices if they had known Apple was recording their conversations without consent.

8.      Given the concealed and secretive nature of Defendant's conduct, more evidence supporting the allegations in this Complaint will be uncovered after a reasonable opportunity for discovery.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C §1332(d), because the amount in controversy for the Class exceeds $5,000,000 exclusive of interest and costs, there are more than 100 putative class members defined below and minimal diversity exists because the majority of putative class members are citizens of a state different than Defendant.

10.      This Court has general personal jurisdiction over Defendant because its principal place of business is in California.   Additionally, Defendant is subject to specific personal

1  jurisdiction in this State because a substantial part of the events and conduct giving rise to

2  Plaintiffs' claims occurred in this State.

3      11.   Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a

4  substantial portion of the conduct described in this Complaint was carried out in this District.

5  Furthermore, Defendant Apple Inc. is headquartered in this District and subject to personal

6  jurisdiction in this District.

7      12.   **Intradistrict Assignment (L.R. 3-2(c) and (e) and 3-5(b))**:  This action arises in

8  Santa Clara County, in that a substantial part of the events which give rise to the claims asserted

9  herein occurred in Santa Clara County.  Pursuant to L.R. 3-2(e), all civil actions which arise in

10 Santa Clara County shall be assigned to the San Jose Division.

11                              **PARTIES**

12     **A.    Plaintiffs**

13     13.   Plaintiff Fumiko Lopez is a natural person and citizen of the State of California and

14 a resident of San Bernardino County.

15     14.   Plaintiff A.L.  is a minor and brings this suit by and through her legal guardian,

16 Plaintiff Fumiko Lopez. Plaintiff A.L.  is a natural person and citizen of the State of California and

17 a resident of San Bernardino County.

18     **B.    Defendant**

19     15.   Defendant Apple Inc. ("Apple") is a business incorporated under the laws of the

20 State of Delaware with its principal place of business at 1 Infinite Loop, Cupertino, California.

21 Apple is engaged in the business of designing, manufacturing, distributing, and selling, *inter alia,*

22 smartphones, tablet computers, wearable technology, headphones, laptops and desktop computers

23 that come with software programs that Apple develops pre-installed. Apple designs its products in

24 California, and its marketing efforts emanate from California.

25                    **SUBSTANTIVE ALLEGATIONS**

26 **I.    APPLE AND SIRI**

27     16.   Apple is one of the world's leading technology companies, designing and

28 manufacturing internet technology devices used by consumers worldwide. Apple designs (in

3

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

California), manufactures, and sells software and computer technology such as laptops (MacBook), desktop computers (iMac), smartphones (iPhone), tablet computers (iPad), smart speakers (HomePod), music devices (iPod touch), headphones (AirPods), wearable devices (Apple Watch), and home entertainment devices (Apple TV).

17.    Apple also designs and produces software. Apple's iOS is the most popular of Apple's operating systems, and is pre-installed on iPhones, iPads, and iPod Touches ("iOS Devices"). Other devices, such as Apple Watch, come with different operating systems designs by Apple, such as watchOS.

18.    All of these devices come with another software program developed by Apple, Siri, pre-installed. According to Apple, Siri is a voice-activated "intelligent assistant" program that uses the internet to perform a variety of tasks, including: providing users with information in response to questions, play music, set alarms, timers, and reminders and control other internet-connected home devices.

19.    Siri is activated by a user uttering "Hey, Siri" or by a user performing some other designated action such as pressing a button for a pre-programmed amount of time. Once activated, Siri records your voice and translates your request into code.[2] This code is input into an algorithm that determines what information a user is seeking or what task they want performed.

20.    Siri Devices listen for the wake phrase by using a speech recognizer that records and analyzes short snippets of audio from their surroundings. This audio is stored locally in the Siri Device's random-access memory ("RAM"). According to Apple, audio stored in a Siri Device's RAM is continuously overwritten as new audio is recorded and analyzed until the wake phrase is detected. The speech recognizer then generates a "confidence score" that the audio contained the wake phrase.

21.    When a Siri Device detects a sufficiently high confidence score, it "wakes up," or "activates" Siri. At this point, the Siri Device begins transmitting audio to Apple for analysis. The purpose of this analysis is to respond to user commands issued after the wake phrase. For

---

[2] https://www.jameco.com/Jameco/workshop/Howitworks/how-siri-works.html

example, if a user says, "Hey Siri, what is the weather in Los Angeles?" Siri will transmit that audio to Apple for analysis and provide a response. Users can also ask Siri to, among other things, set alarms ("Wake me up at 7 AM"), play music ("Play me something I'd like"), access text messages ("Read my last message"), or control smart appliances ("Turn on the lights in the living room").

22.     Siri has been included on all iOS devices running iOS5 or later since October 12, 2011. Today, Siri is pre-installed on each of the following devices: iPhone, iPad, iPod touch, AirPod headphones, CarPlay, Apple Watch, HomePod, Mac, MacBook, and Apple TV. As of January 2018, Apple claimed that Siri was "actively used on over half a billion devices."[3]

23.     Apple's Terms of Service for iOS stated the following regarding Siri:

> When you use Siri, the things you say will be recorded and sent to Apple to process your requests. Your device will also send Apple other information, such as your first name and nickname; the names, nicknames, and relationship with you (e.g., "my dad") of your address book contacts; and song names in your collection (collectively, your "User Data"). All of this data is used to help Siri understand you better and recognize what you say. It is not linked to other data that Apple may have from your use of other Apple services. **By using Siri, you agree and consent to Apple's and its subsidiaries' and agents' transmission, collection, maintenance, processing, and use of this information, including your voice input and User Data, to provide and improve Siri and other Apple products and services[.]**(emphasis in original).

24.     Apple removed this language from its Terms of Service with is iOS9 version of its operating system and instead covers the use of user data in its privacy policy, which now states in relevant part:

> We may collect and store details of how you use our services, including search queries. This information may be used to improve the relevancy of results provided by our services. Except in limited instances to ensure quality of our services over the Internet, such information will not be associated with your IP address.

---

[3]  https://www.apple.com/newsroom/2018/01/homepod-arrives-february-9-available-to-order-this-friday/.

1
2
> With your explicit consent, we may collect data about how you use your device and applications in order to help app developers improve their apps.[4]

3
4
5
6
7
25.    Apple has sought to distinguish itself from competing technology companies such as Facebook, Amazon, and Apple that have been implicated in scandals involving the collection, sharing or selling of user data by touting its privacy protections. If an individual were to ask Siri "Hey Siri, are you always listening" Siri is programmed to respond: "I only listen when you're talking to me."

8
9
10
11
26.    In July 2018 Congress sent a letter to Apple inquiring as to how they protect consumer data. Apple responded with a letter that included the statement "[w]e believe privacy is a fundamental human right" and went on to respond to specific questions asked in Congress' letter. Relevant here are Apple's responses to Question(s) 9 and 10, which are provided below:

12
13
> **Question 9**: Do Apple's iPhone devices have the capability to listen to consumers without a clear, unambiguous audio trigger?

14
15
> **Apple's Response to Question 9:**  iPhone doesn't listen to consumers except to recognize the clear, unambiguous audio trigger "Hey Siri[.]"

16
> **Question 9(a)**: If [Apple's answer to Question 9 is] yes, how is this data used by Apple? Please describe any use or storage of these data.

17
18
19
20
> **Apples Response to Question 9(a)**: iPhone doesn't listen to consumers, except to recognize the clear, unambiguous audio trigger "Hey Siri." As describe above, the on-device speech recognize runs in a short bugger and doesn't record audio or send audio to the Siri app if "Hey Siri" isn't recognized.

21
22
> **Question 10**: Do Apple's iPhone devices collect audio recordings of users without consent?

23
> **Apple's Response to Question 10**: No.[5]

24
25
26
_____

27
[4] https://www.apple.com/legal/privacy/en-ww/

28
[5] *See* Apple Response to July 9, 2018 Letter to Mr. Tim Cook, *available at* https://www.scribd.com/document/385685064/Apple-Response-to-July-9-Letter

27.     In 2018, Apple's CEO Tim Cook accused rivals of conducting "surveillance" and commented "not everyone sees it that way . . . [t]he desire to put profits over privacy is nothing new."

28.     More recently, Apple ran television commercials declaring "Privacy. That's iPhone" and further stating "[i]f privacy matters in your life, it should matter to the phone your life is on." Apple also bought a billboard at a CES 2019, a consumer electronics convention held in Las Vegas which read "What happens on your iPhone, stays on your iPhone."

## II.     SIRI IS RECORDING INDIVIDUALS WITHOUT THEIR CONSENT

29.     On July 26, 2019 The Guardian, citing an anonymous whistleblower, reported that Apple has been recording individuals without consent and has been storing and sending those recordings to humans for review: "although Apple does not explicitly disclose it in its consumer-facing privacy documents, a small proportion of Siri recordings are passed on to contractors[.] They are tasked with grading the responses on a variety of factors, **including whether the activation of the voice assistant was deliberate or accidental**." (emphasis added).

30.     Apple responded by acknowledging the practice and claiming:

> A small portion of Siri requests are analysed to improve Siri and dictation. User requests are not associated with the user's Apple ID. Siri responses are analysed in secure facilities and all reviewers are under the obligation to adhere to Apple's strict confidentiality requirements.

31.     However, The Guardian's source claims that contractors "regular[ly]" listen to unauthorized recordings where there has been no utterance of a wake phrase or other device interaction. These conversations include "confidential conversations between doctors and patients, business deals, seemingly criminal dealings, sexual encounters and so on. These recordings are accompanied by user data showing location, contact details and app data" which, according to the anonymous contractor would not make it "difficult to identify the person that you're listening to, especially with accidental trigger – address names and so on."

32.     Thus, far from requiring a "clear, unambiguous trigger" as Apple claimed in its response to Congress, Siri can be activated by nearly anything, including "[t]he sound of a zip" or

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO. _____

an individual raising their arms and speaking. Once activated, Siri records everything within range of the Siri Devices' microphone and sends it to Apple's servers.

33.     As a result, the regularity of triggers on Siri Devices such as the Apple Watch is "incredibly high." Despite this, Apple has no system in place to deal with accidental recordings.

**III.     APPLE UNLAWFULLY RECORDED PLAINTIFFS WITHOUT THEIR CONSENT**

34.     Plaintiffs here each owned and/or interacted with a Siri Device during the Class Period and were recorded by Apple without their consent.

35.     Plaintiffs Fumiko Lopez and A.L. owned an IPhone XR and IPhone 6. Plaintiffs Lopez and A.L.  interacted with Siri on their IPhone XR and IPhone 6 devices ("Siri Devices") repeatedly during the Class Period.  As described above, Apple and these Siri Devices unlawfully recorded Plaintiffs Lopez and A.L. without their consent on multiple occasions, including when they failed to utter a wake phrase.

36.     At no point did Plaintiffs consent to these unlawful recordings.  Apple does not disclose that Siri Devices record conversations that are not preceded by a wake phrase or gesture. Plaintiffs Lopez and A.L., therefore, did not agree to be recorded by their Siri Devices, respectively.  Moreover, Apple could not have obtained consent from Plaintiff A.L., a minor without an Apple account.

37.     Plaintiffs would like to continue to use Siri Devices in the future, but will be uncertain as to whether Apple ceased its unlawful practices and violation of their privacy rights without the equitable relief requested herein, specifically an injunction prohibiting Apple from engaging in the unlawful practices alleged herein.

## CLASS ACTION ALLEGATIONS

38.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 individually and on behalf of the following Class:

> All individuals who were recorded by a Siri Device without their consent from at least as early as October 12, 2011 to the present (the "Class

Period").  Within the Class is a Subclass of those who are or were minor children and were recorded by a Siri Device during the Class Period.[6]

39.     Excluded from each Class are: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

40.     Ascertainability: Membership of the Class is defined based on objective criteria, and individual members will be identifiable from Defendant's records, including the Apple accounts associated with each Siri Device.

41.     Numerosity: The exact number of members of the Class is unknown and unavailable to Plaintiffs at this time, but individual joinder in this case is impracticable.  The Class likely consists of thousands of individuals, if not millions of individuals, and their members can be identified through Defendant's records.

42.     Predominant Common Questions: The Class's claims present common questions of law and fact, and those questions predominate over any questions that may affect individual Class members.  Common questions for the Class include, but are not limited to, the following:

a.     Whether Siri Devices record individuals absent that user uttering a wake phrase or otherwise activating the device;

b.     Whether Siri Devices record children who interact with them; and

c.     Whether individuals who use Siri Devices have a reasonable expectation of privacy under California law.

---

[6]     Plaintiffs have defined the Class based on currently available information and hereby reserve the right to amend the definition of the Class, including, without limitation, the Class Period.

9

43.     Typicality: Plaintiffs' claims are typical of the claims of the other members of the proposed Class.   Plaintiffs and Class members suffered an invasion of privacy as a result of Defendant's wrongful conduct that is uniform across the Class.

44.     Adequate Representation: Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Class.   They have retained counsel competent and experienced in complex litigation and class actions, including privacy violations.   Plaintiffs have no interest that is antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiffs.   Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the resources to do so.   Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

45.     Substantial Benefits: This class action is appropriate for certification because class proceedings are superior to other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable.   This proposed class action presents fewer management difficulties than individual litigation, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.   Class treatment will create economies of time, effort, and expense and promote uniform decision-making.

46.     Plaintiffs reserve the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

**CALIFORNIA LAW APPLIES TO THE ENTIRE CLASS**

47.     California's substantive laws apply to every member of the Class, regardless of where in the United States the Class member resides.   Defendant's iOS Terms of Service states:

> **12. Controlling Law and Severability**. This License will be governed by and construed in accordance with the laws of the State of California, excluding its conflict of law principles. This License shall not be governed by the United Nations Convention on Contracts for the International Sale of Goods, the application of which is expressly excluded.[7]

---

[7] *See* https://www.apple.com/legal/sla/

48.     By choosing California law for the resolution of disputes in the agreement, Apple concedes that it is appropriate for this Court to apply California law to the instant dispute.

49.     Further, California's substantive laws may be constitutionally applied to the claims of Plaintiffs and the Class under the Due Process Clause, 14th Amend. §1, and the Full Faith and Credit Clause, Art. IV §1 of the U.S. Constitution. California has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiffs and all Class members, thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair.

50.     Defendant's United States headquarters and principal place of business is located in California. Defendant also owns property and conduct substantial business in California, and therefore California has an interest in regulating Defendant's conduct under its laws. Defendant's decision to reside in California and avail itself of California's laws, and to engage in the challenged conduct from and emanating out of California, renders the application of California law to the claims herein constitutionally permissible.

51.     California is also the state from which Defendant's alleged misconduct emanated. This conduct similarly injured and affected Plaintiffs and all other Class members.

52.     The application of California laws to the Class is also appropriate under California's choice of law rules because California has significant contacts to the claims of Plaintiffs and the proposed Class, and California has a greater interest in applying its laws here than any other interested state.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of the California Invasion of Privacy Act**
**Cal. Penal Code §632**
**(On Behalf of Plaintiffs and the Class)**

53.     Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

54.     Plaintiffs and Class members owned or interacted with Siri through Siri Devices during the Class Period.

11

55.     Plaintiffs and Class members reasonably expected, based on Apple's representations, that Apple was not recording them unless they uttered one of the wake phrases.

56.     Despite Apple's representations, Plaintiffs' Siri Devices created recordings that were transmitted to Apple of interactions not preceded by the utterance of a wake phrase during the Class Period.  These recordings were made without Plaintiffs' consent.

57.     Additionally, Plaintiffs and the Class members who are minors never consented to being recorded by Apple, nor did Apple even attempt to seek such consent.  The parents of Plaintiffs and Class members who are minors likewise never consented to Apple recording their children's interactions with such Siri Devices.

58.     Apple has publicly acknowledged in news reports that such unauthorized recording occurred during the Class Period.

59.     By recording Plaintiffs and the Class members when they didn't use a wake phrase or otherwise consent, Apple "intentionally and without the consent of all parties to a confidential communication" used an "electronic amplifying or recording device to . . . record the confidential communication" in violation of California law.  See Cal. Penal Code §632.

60.     Apple is able, and the Court should require it, to destroy the recordings of Plaintiffs' and the Class members' interactions with Siri devices, and to implement functionality sufficient to prevent unauthorized recordings in the future.

61.     Plaintiffs, individually and on behalf of the Class, seek: (1) an injunction requiring Apple to obtain consent prior to recording a minor's Siri interactions and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future; (2) damages of $5,000 per violation under Cal. Penal Code §637.2; and (3) costs and reasonable attorneys' fees under Cal. Code of Civil Procedure §1021.5.

**SECOND CLAIM FOR RELIEF**
**Violation of the California Unfair Competition Law**
**Cal. Business & Professions Code §17200**
**(On Behalf of Plaintiffs and the Class)**

62.     Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

63.    Apple engaged in business acts and practices deemed "unlawful" under the UCL, because, as alleged above, Apple unlawfully recorded and stored Plaintiffs and Class members' interactions without consent in violation of California Invasion of Privacy Act, Cal. Penal Code §632, and California Consumers Legal Remedies Act, Cal. Civ. Code §1750, et seq.

64.    Apple also engaged in business acts and practices deemed "unlawful" under the UCL, because, Apple unlawfully recorded and stored Plaintiff A.L.'s and minor Class members' interactions without consent, which violates public policy as declared by specific statutory provisions, including California Family Code §6701 and §6710, which prohibit Defendant from obtaining consent by minors.

65.    Specifically, California Family Code §6701 states that: "A minor cannot do any of the following: (a) Give a delegation of power . . . ."  California Family Code §6710 states that: "Except as otherwise provided by statute, a contract of a minor may be disaffirmed by the minor before majority or within a reasonable time afterwards or, in case of the minor's death within that period, by the minor's heirs or personal representative."

66.    Apple did not obtain the minor Plaintiff A.L.'s consent to record their confidential communications.  Apple could not obtain consent to record the minor Plaintiff A.L.'s confidential communications.  To the extent that Apple attempts to claim that it obtained the minor Plaintiff A.L.'s consent, pursuant to California Family Code §6710, Plaintiff A.L. disaffirms such consent.

67.    Apple also engaged in business acts or practices deemed "unfair" under the UCL because, as alleged above, Apple failed to disclose during the Class Period that these Siri Devices were recording, storing, and analyzing Plaintiffs' and the Class members' speech without their consent.  Unfair acts under the UCL have been interpreted using three different tests: (1) whether the public policy which is a predicate to a consumer unfair competition action under the unfair prong of the UCL is tethered to specific constitutional, statutory, or regulatory provisions; (2) whether the gravity of the harm to the consumer caused by the challenged business practice outweighs the utility of the defendant's conduct; and (3) whether the consumer injury is substantial, not outweighed by any countervailing benefits to consumers or competition, and is an

1   injury that consumers themselves could not reasonably have avoided.  Defendants' conduct is

2   unfair under each of these tests.  Apple's conduct alleged is unfair under all of these tests.

3       68.     As described above, Apple's conduct violates the policies underlying California's

4   Privacy Law as well as Family Code §6710.  The gravity of the harm of Apple's secret recording

5   of Plaintiffs' and Class members' communications, including those by minors, is significant and

6   there is no corresponding benefit to consumers of such conduct.  Finally, because Plaintiffs and

7   Class members were completely unaware of Apple's secret recordings, they could not have

8   possibly avoided the harm.

9       69.     Under the UCL, a business practice that is likely to deceive an ordinary consumer

10  constitutes a deceptive business practice.  Apple's failure to disclose that Siri Devices were

11  recording, storing, and analyzing Plaintiffs' and the Class members' communications without their

12  consent is likely to deceive Class members and, in fact, did deceive Plaintiffs.  Apple's conduct

13  therefore constitutes deceptive business practices in violation of Cal. Bus. & Prof. Code §17200.

14      70.     Had Plaintiffs known that their communications would be recorded, they would not

15  have purchased Siri Device.  Plaintiffs and the Class members have a property interest in any

16  recordings of their communications.  By surreptitiously recording the Plaintiffs' and Class

17  members' communications, Apple has taken property from Plaintiffs and the Class members

18  without providing just or any compensation.

19      71.     Plaintiffs, individually and on behalf of the Class, seek: (1) an injunction requiring

20  Apple to obtain consent prior to recording a minor's Siri interactions and to delete those

21  recordings already made, and to implement functionality sufficient to prevent unauthorized

22  recordings in the future; and (2) restitution of Plaintiffs' and the Class members' money and

23  property lost as a result of Apple's acts of unfair competition.

24                              **THIRD CLAIM FOR RELIEF**
                     **Violation of the California Consumers Legal Remedies Act**
25                            **Cal. Civ. Code §1750,** *et seq.*
                          **(On Behalf of Plaintiffs and the Class)**
26

27      72.     Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with

28  the same force and effect as if fully restated herein.

73.     Apple unlawfully recorded and stored Plaintiffs' and Class members' interactions without consent in violation of California Invasion of Privacy Act, Cal. Penal Code §632.

74.     By failing to disclose that Siri Devices were recording, storing, and analyzing Plaintiffs' and the Class members' communications without consent, Apple engaged in "unfair methods of competition and unfair or deceptive acts . . . in a transaction . . . that result[ed] . . . in the sale . . . of goods" to Plaintiffs and the Class members in violation of Cal. Civ. Code §1750 and Cal. Civ. Code §1770(a)(5), (7), (9), (14), and (16).  Indeed, Apple's conduct constitutes a failure to disclose material information – information that Apple has a legal duty to disclose under Penal Code §632.

75.     Plaintiffs would not have purchased Siri Devices had Apple disclosed these practices.

76.     Plaintiffs, individually and on behalf of the Class, seek: an injunction requiring Apple to obtain consent prior to recording a minor's Siri interactions and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future; and any other relief which the court deems proper.

77.     Pursuant to §1782(a) of the CLRA, on August 6, 2019, Plaintiffs' counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act.  If Defendant fails to respond to Plaintiffs' letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiffs will move to amend their Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate against Defendant.  As to this cause of action, at this time, Plaintiffs seek injunctive relief and attorneys' fees and costs pursuant to §1780(e).

**FOURTH CLAIM FOR RELIEF**
**Violation of the Declaratory Judgment Act**
**28 U.S.C. §2201, *et seq.***
**(On Behalf of Plaintiffs and the Class)**

78.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

79.    Under the Declaratory Judgment Act, 28 U.S.C. §§2201, et seq., this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief.  Furthermore, the Court has broad authority to restrain acts, such as here, that are tortious and that violate the terms of the federal and state statutes described in this complaint.

80.    An actual controversy has arisen in the wake of Defendant's recording of Plaintiffs' and Class members' communications without their consent and Defendant's common law and statutory duties, which prohibit Defendant from eavesdropping or recording confidential communications.

81.    Plaintiffs continue to suffer injury and damages as described herein as Defendant continue to record Plaintiffs' and Class members' communications, including communications by minors whose consent to record Defendant cannot obtain.

82.    Pursuant to its authority under the Declaratory Judgment Act, this Court should enter a judgment declaring, among other things, the following:

a.    Defendant continues to owe a legal duty to not record Plaintiffs' and Class members' confidential communications under, *inter alia*, the common law, California Invasion of Privacy Act, Cal. Penal Code §632, and California Family Code §6710;

b.    Defendant continues to breach its legal duties by continuing to record Plaintiffs' and Class members' confidential communications; and

c.    Defendant's ongoing breaches of its legal duty continue to cause Plaintiffs and the Class harm.

83.     The Court should also issue corresponding injunctive relief requiring Defendant to cease recording Plaintiffs' and Class members' confidential communications.  This injunction should direct Defendant to alter the data recording practices on all Siri Devices and to prohibit such devices from recording confidential communications, including any communications by minors.

84.     If an injunction is not issued, Plaintiffs will suffer irreparable injury and lack an adequate legal remedy in the event of Defendant's ongoing conduct

85.     California law prohibits the recording of oral communications without the consent of all parties to the communication.  California's privacy laws recognize the unique privacy interest implicated by the recording of someone's voice.  That privacy interest has been heightened by companies exploiting consumers' private data.  Given that Defendant continues to record confidential communications, including those of minors, the risk of continued violations of California law is real, immediate, and substantial.  Plaintiffs do not have an adequate remedy at law because many of the resulting injuries are reoccurring and Plaintiffs will be forced to bring multiple lawsuits to rectify the same conduct.

86.     The hardship to Plaintiffs and the Class if an injunction is not issued exceeds the hardship to Defendant if an injunction is issued.  On the other hand, the cost to Defendant of complying with an injunction by complying with California law and by ceasing the recording of confidential communications is relatively minimal, and Defendant has a pre-existing legal obligation to avoid invading the privacy rights of consumers.

87.     Issuance of the requested injunction will serve the public interest by preventing ongoing recording of confidential communications without consent, and recording of confidential communications of minors, thus eliminating the injuries that would result to Plaintiffs, the Class, and the potentially millions of consumers who own or use Siri Devices.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and the proposed Class respectfully request that the Court enter an order:

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel as class counsel;

B.      Declaring that Apple's actions, as set out above, violate California's privacy laws cited herein;

C.      Declaring that Apple's actions, as set out above, violate California's Business & Professions Code cited herein;

D.      Declaring that Apple's actions, as set out above, violate California's Civil Code cited herein;

E.      Requiring Apple to delete all recordings of the Class members, and to implement functionality to prevent further recording of the Class members without prior consent;

F.      Awarding damages, including nominal, statutory, and punitive damages where applicable, to Plaintiffs and the Class in the amount to be determined at trial;

G.      Awarding Plaintiffs and the Class their costs of suit, including reasonable attorneys' and experts' fees and expenses;

H.      Awarding Plaintiffs and the Class pre-and post-judgment interest, to the extent allowable;

I.      Awarding such other further injunctive and declaratory relief as is necessary to protect the interests of Plaintiffs and the Class; and

J.      Awarding such other and further relief as the Court deems reasonable and just.

1
<u>**DEMAND FOR JURY TRIAL**</u>

2
Plaintiffs demand a trial by jury for all issues so triable.

3
Dated:  August 7, 2019                                **LEXINGTON LAW GROUP**

4
                                                        */s/ Mark N. Todzo*

5
                                                        Mark N. Todzo (Bar No. 168389)
                                                        Eric S. Somers (Bar No. 139050)

6
                                                        503 Divisadero Street
                                                        San Francisco, CA  94117

7
                                                        Telephone: (415) 913-7800
                                                        Facsimile: (415) 759-4112

8
                                                        mtodzo@lexlawgroup.com

9

10
                                                        Vincent Briganti (*pro hac vice* forthcoming)
                                                        Christian Levis (*pro hac vice* forthcoming)

11
                                                        Ian Sloss (*pro hac vice* forthcoming)
                                                        **LOWEY DANNENBERG, P.C.**

12
                                                        44 South Broadway, Suite 1100
                                                        White Plains, NY 10601

13
                                                        Telephone: (914) 997-0500
                                                        Facsimile: (914) 997-0035

14
                                                        vbriganti@lowey.com
                                                        clevis@lowey.com

15
                                                        isloss@lowey.com

16
                                                        Joseph P. Guglielmo (*pro hac vice* forthcoming)
                                                        Erin Green Comite (*pro hac vice* forthcoming)

17
                                                        **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                                        The Helmsley Building

18
                                                        230 Park Avenue, 17th Floor
                                                        New York, NY 10169-1820

19
                                                        Telephone: (212) 223-6444
                                                        Facsimile: (212) 223-6334

20
                                                        jguglielmo@scott-scott.com
                                                        ecomite@scott-scott.com

21
                                                        E. Kirk Wood (*pro hac vice* forthcoming)
                                                        **WOOD LAW FIRM**

22
                                                        P. O. Box 382434
                                                        Birmingham, AL 35238

23
                                                        Telephone: (205) 612-0243
                                                        kirk@woodlawfirmllc.com

24
                                                        *Attorneys for Plaintiffs*

25

26

27

28