UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUMIKO LOPEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 19-cv-04577-JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART APPLE'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 71 |

Now before the Court is the motion to dismiss the revised second amended class action complaint filed by the defendant Apple, Inc. ("Apple"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. N.D. Civ. L.R. 7-1(b). The Court GRANTS IN PART and DENIES IN PART Apple's motion.

## BACKGROUND

Plaintiffs Fumiko Lopez, Fumiko Lopez as guardian of minor A.L., Lishomwa Henry, Joseph Harms, John Pappas, and David Yacubian (collectively, "Plaintiffs") bring this consumer class action against defendant Apple, Inc. ("Apple") alleging that Apple's voice-activated "Siri" software intercepts speech in violation of privacy. Namely, Plaintiffs allege that Siri is routinely triggered by "accidental activations" when the user neither intends nor expects it to be "listening" and thereafter records voice conversations. Moreover, Plaintiffs allege that Apple discloses these accidentally-recorded conversations to third-party contractors as part of a "quality improvement program." (Dkt. No. 70 ("SAC") ¶¶ 4-5.)

Plaintiffs bring claims under the Wiretap Act, 18 U.S.C. § 2510, *et seq.*; the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632; intrusion upon seclusion; invasion of

privacy under the California Constitution; breach of contract; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; and for declaratory and equitable relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

The Court will address additional facts as necessary in its analysis.

## ANALYSIS

**A.    Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Where the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted)). An exception is documents subject to judicial notice which the Court may consider without converting a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (overruled on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

**B.     Analysis.**

    **1.     Plaintiffs Have Partly Remedied Deficiencies.**

In the previous iteration of motion to dismiss briefing, the Court found the claims largely well-pled, but dismissed the complaint for failure to allege that Plaintiffs' *particular* confidential communications were intercepted.[1]  (Dkt. No. 65 ("Order").)  Because Plaintiffs did not allege that they themselves suffered from accidental activation in settings where confidential communications could be intercepted, they failed to show standing or state claims for laws that require a reasonable expectation of privacy.  (*Id*. at 4-7, 9, 16, 18-20.)  The Court also dismissed the UCL claim for failure to allege economic injury, including that they "actually purchased the devices" and "saw Apple's representations."  (*Id*. at 21.)

In the revised version of the complaint, Plaintiffs seek to remedy these defects by adding factual allegations regarding their use of Siri-enabled devices.  Plaintiffs Lopez and A.L. allege that they charge their devices in private settings (such as the bedroom) and have received targeted advertisements based on private conversations that took place near the devices, (SAC ¶¶ 16-17); Plaintiff Henry claims that his phone accidentally activated "at least once a week" while he used his device "primarily at home" and reports similar targeted advertising, (*id*. ¶¶ 22-26); Plaintiff Harms alleges that he observed Siri automatically triggering in May 2019 while having a private conversation inside his bedroom, (*id*. ¶ 34); Plaintiff Pappas alleges that he talked to his physician in the presence of his device in December 2020 and received targeted advertising tailored to his condition and branded drug afterward, (*id*. ¶ 41); and Plaintiff Yacubian alleges that he observed accidental activations in private settings, such as the bedroom.  (*Id*. ¶ 47.)

On balance, the Court finds that these allegations plausibly show that Plaintiffs' private communications were intercepted.  First, Plaintiffs Henry, Harms, and Yacubian allege specific incidents where Siri activation occurred in private settings.  Apple faults Plaintiffs for not alleging the contents of their communications, but the private setting alone is enough to show a reasonable expectation of privacy.  *See Flanagan v. Flanagan*, 27 Cal. 4th 2002, 774-75 (2002).  Second, the

---

[1] The Court dismissed claims under the Stored Communications Act, 18 U.S.C. §§ 2701 and 2702, and Section 631(a) of CIPA as legally insufficient.  Plaintiffs no longer assert these claims.

targeted advertising claims, while attenuated, are rendered plausible by the unique nature of *oral* communications. While advertising tracking abounds online, there are far fewer ways to intercept oral communications taking place in person.[2] Thus, drawing all inferences in favor of Plaintiffs, the complaint plausibly alleges that targeted advertising arose from Siri interception, rather than another commercial auditory interception device.[3]

As for dissemination, the allegations remain sparse. Nevertheless, because the information regarding third-party contractors' review of Siri recordings lies exclusively in Apple's possession, Plaintiffs' allegations of interception are sufficient at this stage. *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (*Twombly* "does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant" (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010))); *Slack v. Int'l Union of Operating Eng'rs*, 83 F. Supp. 3d 890, 900 (N.D. Cal. 2015) ("Because details of the precise nature of Defendants' management practice rests solely in the hands of Defendants at this juncture, greater specificity is not required at this pleading stage.").

That said, Plaintiffs still have not alleged economic injury. Some Plaintiffs allege that they saw Apple's representations while purchasing devices, but they do not rely on the representations for their economic injury. (*E.g.*, SAC ¶ 22.) Instead, Plaintiffs claim that they stopped using Siri or purchased a new phone out of concern over interception, which "rendered a valuable aspect of Plaintiffs' devices useless." (*Id*. ¶ 48; Dkt. No. 72 ("Opp.") at 9.) This injury is expressly based on a benefit-of-the-bargain theory. (Opp. at 8.) That theory, however, requires reliance on the alleged misrepresentation. *See Birdson v. Apple Inc.*, No. C. 06-02280 JW, 2008 WL 7359917, at *6 (N.D. Cal. June 13, 2008), *aff'd* 590 F.3d 955 (9th Cir. 2009); *see also Backhaut v. Apple, Inc.*,

---

[2] Apple relies on representations in privacy documents that Siri recordings are "not used to build a marketing profile" or "sold to anyone." (Dkt. No. 71-4 ("As Siri, Dictation and Privacy") at 1.) However, these are the exact documents that Plaintiffs contend include misrepresentations. (SAC ¶¶ 171-72.) Thus, the Court does not assume the truth of their contents. The request for judicial notice is otherwise GRANTED as to exhibits A through D for the reasons stated previously. (Dkt. No. 71-7; Order at 10 n.4.)

[3] Apple also argues that Plaintiffs' allegations that targeted advertisements continued after Siri was deactivated belies their claims. (SAC ¶ 20.) The Court disagrees. Once data is released to advertisers, targeted advertising may persist even after data collection has stopped.

4

74 F. Supp. 3d 1033, 1047-48 (N.D. Cal. 2014) (rejecting a claim that plaintiffs "paid more for iPhones that they would have if they had known" of the challenged conduct absent reliance).

Here, if Plaintiffs had purchased devices based on a subjective belief that their privacy would be protected and stopped using Siri after finding out otherwise, they would not have a claim under the UCL. That is because a plaintiff "must do more than allege that she did not receive the benefit she *thought* she was obtaining. The plaintiff must show that she did not receive a benefit for which she actually *bargained*." *McGee v. S-L Snacks Nat'l*, 982 F.3d 700. 706 (9th Cir. 2020) (emphases in original). Plaintiffs have adequately alleged that Apple made such representations, but unless they saw and relied on the representations when making a purchase, they have not paid more than in a world without the statements. Hence, a critical element of causation is absent. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011).

Accordingly, Plaintiffs have adequately alleged standing for purposes of the privacy claims, but do not alleged economic injury for purposes of the UCL. That claim is dismissed. Because Plaintiffs have alleged interception of confidential communications, they have stated a claim under the Wiretap Act, CIPA, and the California Constitution, as well as for breach of contract and declaratory judgment.

**2.     Apple's Remaining Arguments Are Unpersuasive.**

Apple also raises additional arguments that the Court has previously rejected. The Court incorporates the analysis from the previous Order, but briefly re-addresses the issues.

First, Apple argues that it did not "intentionally" intercept communications because the complaint now alleges that Siri alerts users when activated and mentions an article that discusses reduced error rates.[4] (SAC ¶¶ 25, 34, 47, 72; *see* Dkt. No. 71-6.) As the Court explained, this issue is "close," but Plaintiffs state a claim under a theory that "Apple knows of the accidental Siri triggers and, instead of deleting the resulting messages, sends them to contractors to improve

---

[4] The article is mentioned twice in the complaint, which is not enough to incorporate by reference. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir 2018) (the "mere mention" of a document is not enough). Even if the Court considered it, the "error rate" appears to refer to correctly interpreting speech, not accidental triggers, so it does not directly relate to the challenged conduct here.

Siri's functioning." (Order at 8.) The fact of alerting users to the activation does not change matters; the disputed conduct takes place after the accidental recording.

Second, Apple argues that Plaintiffs provided consent based on the same Siri activation alert noted above. Drawing all inferences in favor of Plaintiffs, they did not consent. Plaintiffs allege only that they were able to observe Siri being accidentally activated (including, in one case, by being asked what Plaintiff was searching for). (SAC ¶¶ 25, 34, 47.) That does not indicate that Plaintiff provided consent to the recording, that they observed activation in every instance, or that recording did not take place prior to their observation.

Third, Apple argues that Plaintiffs have not pled a privacy violation under the California Constitution because two of the Plaintiffs knew of the accidental activations and the data was not directly associated with any user. The Court has already rejected these arguments; they are only "two elements" of a "fact-intensive inquiry" for evaluating the "offensiveness" of a privacy intrusion under California law. (Order at 18.) The Court has also already rejected the breach of contract and UCL arguments, which are the same as in the previous motion, and incorporates its prior analysis here. (*Id.* at 19-20.)

Accordingly, the Court does not dismiss the claims on these grounds.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Apple's motion to dismiss with leave to amend. Plaintiff shall file and serve an amended complaint or a statement that no such amended complaint shall be filed within twenty days of the date of this Order. Defendants shall file their response within twenty days thereafter. Any motion to dismiss shall be limited to the issue of economic injury under the UCL.

**IT IS SO ORDERED.**

Dated: September 2, 2021

_____
JEFFREY S. WHITE
United States District Judge