Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
Facsimile: 415-759-4112
mtodzo@lexlawgroup.com
esomers@lexlawgroup.com

*Attorney for Plaintiffs*

ISABELLE L. ORD (Bar No. 198224)
isabelle.ord@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

RAJ N. SHAH (*pro hac vice*)
raj.shah@dlapiper.com
ERIC M. ROBERTS (*pro hac vice*)
eric.roberts@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: 312.368.4000
Fax: 312.236.7516

*Attorneys for Defendant APPLE INC.*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| FUMIKO LOPEZ, FUMIKO LOPEZ, as guardian of A.L., a minor, LISHOMWA HENRY, JOSEPH HARMS, JOHN TROY PAPPAS, and DAVID YACUBIAN individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC., a Delaware corporation,<br><br>    Defendant. | Case No.: 4:19-cv-04577-JSW<br><br>PARTIES' JOINT CASE MANAGEMENT STATEMENT<br><br>Judge: Hon. Jeffrey S. White<br>Date: November 5, 2021<br>Time: 11:00 a.m.<br>Dept.: Courtroom 5 – 2nd Floor |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiffs Fumiko Lopez, Fumiko Lopez, as guardian of A.L., a minor, Lishomwa Henry, Joseph Harms, John Troy Pappas, and David Yacubian (collectively, "Plaintiffs")and Defendant Apple Inc. ("Apple" or "Defendant") (collectively, the "Parties") held a meeting of counsel on October 25, 2021. This is the Parties' Joint Case Management Statement in advance of the initial Case Management Conference ("CMC") set for November 5, 2021, in the above-captioned action.

## I. JURISDICTION & SERVICE

This Court's jurisdiction is disputed because Apple has challenged Plaintiffs' standing to maintain the claims alleged under Article III. However, the statutory bases for jurisdiction are not in dispute: Plaintiffs allege violations of federal law, including the Wiretap Act, 18 U.S.C. §2510, *et seq.*, as required to establish jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Additionally, under 28 U.S.C. §1332(d), Plaintiffs allege that the amount in controversy for the proposed class exceeds $5,000,000, exclusive of interest and costs, and that more than two-thirds of putative Class members are citizens of a state different than the state of which Apple is a citizen. There are no existing issues regarding venue, and no parties remain to be served.

## II. FACTS

### A. Plaintiffs' Statement

This action arises from Apple's unlawful and intentional interception and recording of individuals' confidential communications without their consent and subsequent unauthorized disclosure of those communications to third parties from approximately October 2011 to the present (the "Class Period") in violation of federal and state law. Plaintiffs, on behalf of themselves and similarly situated purchasers of Siri Devices (defined below), bring this suit under the Federal Wiretap Act ("Wiretap Act"), 18 U.S.C. §2510, *et seq.*, California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §632, intrusion upon seclusion, invasion of privacy under Art. I, Sec. 1 of the California Constitution, breach of contract, and for declaratory and other equitable relief under the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*

Siri is a purported artificial intelligence-based virtual assistant developed by Apple that allows individuals to use their voice to ask questions and receive answers based on information available on the internet and to give instructions for simple tasks that Siri executes. Apple preloads Siri on devices it manufactures, specifically laptops (MacBook), desktop computers (iMac), smartphones (iPhone), tablet computers (iPad), smart speakers (HomePod), music devices (iPod touch), headphones (AirPods), wearable devices (Apple Watch), and home entertainment devices (Apple TV) (collectively, "Siri Devices"). Siri Devices are sold throughout the United States at national retailers, such as Wal-Mart, Best Buy, and Target, as well as through Apple's own network of stores. Apple does not allow its users to opt out of some functionalities of Siri, short of disabling Siri altogether. By purchasing a Siri Device, users enter in a contract with Apple and are thereby subject to Apple's Software License Agreements ("SLA") and Privacy Policy, which is incorporated as part of the SLA.

Federal and state privacy laws uniformly recognize individuals' reasonable expectations of privacy in confidential communications, particularly those that take place in the sanctity of one's own home – a historically protected zone of privacy. Federal and state privacy laws prohibit unauthorized interception, access, disclosure, and use of the contents of oral and electronic communications. California specifically recognizes privacy as a fundamental right, and accordingly, California law prohibits, among other things, eavesdropping, recording, and sharing of confidential communications without the consent of all parties to the communication.

Well aware of consumers' legitimate and reasonable expectations of privacy, Apple assured, and continues to assure, its customers, like Plaintiffs and members of the Class, that Siri Devices will only listen to, record, and share their conversations with their consent, which can be given only: (i) by uttering an activation command, like "Hey, Siri" (the "hot word"); (ii) by manually pressing a button on the device; or (iii) in case of the AppleWatch, by raising the AppleWatch to one's mouth and beginning to talk. Consequently, individuals who have purchased Siri Devices have not consented to Apple recording or disclosing their confidential conversations where they did not intentionally trigger Siri Device into a listening mode by one of the three above-listed methods.

On July 26, 2019, unsuspecting consumers learned that, despite Apple's assurances, Apple

has intercepted, recorded, disclosed, and misused private conversations of thousands of individuals, including minors, without consent. ¶¶5, 69-72. As reported by The Guardian, Apple collected audio recordings of Siri users in numerous instances where a hot word was never spoken and used these recordings for its own commercial and financial benefit, namely, to improve the quality of Siri voice assistant dictation. Worse, Apple disclosed these recordings to third-party subcontractors and/or affiliates without Siri Devices users' knowledge or consent. Plaintiffs allege that each such recording and disclosure constitutes an egregious breach of social norms and is a violation of federal and state law.

Plaintiffs allege that Apple's violations are deliberate and calculated to lead to increased revenues for Apple. Apple conceded – after the publication of The Guardian Article – that Siri "collects and stores certain information from [users' device]" and "relies on . . . audio recording of a [users'] request and a computer-generated transcription of it" to improve Siri's reliability. ¶6. After admitting that Apple's conduct fell below "[its] high ideals," Apple announced the temporary suspension of its quality improvement program. *Id.* Apple profited handsomely from this invasion of privacy by using the content of conversations which Apple obtains without consent or authorization to improve the functionality of Siri and thereby gain an advantage over Apple's competitors. As Apple has publicly admitted, improvements in Siri's speech recognition gave Apple an "incredible advantage" in the space. *Id.* In short, Apple intentionally, willfully, and knowingly violated consumers' privacy rights, including within the sanctity of consumers' own homes where they have the greatest expectation of privacy.

Apple has sold millions of Siri Devices to U.S. consumers during the Class Period. Plaintiffs and Class members would not have bought their Siri Devices, or would have paid less for them, if they had known Apple was intercepting, recording, disclosing, and otherwise misusing their conversations without consent or authorization

**B. Defendant's Statement**

In response to Plaintiffs' preliminary statement, Apple refers to and incorporates its answer and affirmative defenses, ECF No. 82, and denies that the Complaint states a plausible claim against Apple. Apple further denies that this action may be maintained individually or on behalf

of any class.

Apple believes privacy is a fundamental human right and designs its products and services to protect users' personal data. With respect to Siri, Apple empowers its users with choice and control by responsibly engineering privacy into Siri's design. Users can enable or disable Siri, and enable or disable certain Siri features, at any time. Once the user elects to enable Siri, the user's device responds to voice commands (*e.g.*, "What's the weather?") after Siri has been "activated" by a "trigger." Depending on the device and the user's preferences, Siri triggers may include the verbal "Hey Siri" cue, the press of a button, or an arm gesture (when wearing an Apple Watch). Sometimes, the device mistakenly interprets a user's actions as a trigger (*e.g.*, something sounds like "Hey Siri") and responds when the user did not intend to summon Siri. This in no way constitutes an intentional act by Apple to eavesdrop on users' private communications or invade their privacy.

Apple also designed Siri to do as much learning as possible offline, right on the user's device. Sometimes, however, when a user makes a voice request to Siri, real-time input is needed from Apple servers. When Siri sends information to a server, the user's privacy is protected by using random identifiers—long strings of letters and numbers—not the user's Apple ID. Moreover, Siri audio recordings are not used to build a marketing profile or sold to anyone, contrary to the allegations in the Complaint. The user also can reset the identifier at any time by turning Siri and Dictation off and back on, effectively restarting the user's relationship with these features. Collectively, these features protect users' personal data and ensure they have choice and control over whether and how to use Siri.

Apple continues to improve Siri, including reducing inadvertent triggers. Apple does not surreptitiously record users or use Siri recordings to improve Siri without user consent. At bottom, the laws relied upon by Plaintiffs do not apply here, and they have not been violated.

### III. LEGAL ISSUES

**The Parties believe that the following legal issues will be implicated in this case:**

1. Whether Apple's actions violate the federal Wiretap Act, 18 U.S.C. §2510, *et seq.;*
2. Whether Apple's actions violate California's privacy laws;

3. Whether Apple's actions constitute breach of contract;
   4. Whether Plaintiffs state a claim for injunctive or declaratory relief;
   5. Whether Plaintiffs can bring their claims on a class-wide basis under Fed. R. Civ. P. 23;
   6. Whether Plaintiffs have been damaged and the extent of those damages;
   7. Whether Plaintiffs have Article III standing for each of their claims; and
   8. Whether Plaintiffs' claims are barred, in whole or in part, by any of Apple's affirmative defenses: (1) consent, (2) waiver/estoppel, (3) statute of limitations, (4) failure to mitigate, (5) contractual limitations, (6) reasonableness and good faith, (7) due process, (8) excessive fines, (9) pre-emption, or (10) the economic loss doctrine..

**IV. MOTIONS**

1. On August 21, 2019, Plaintiff A.L., a minor, moved for the appointment of Plaintiff Fumiko Lopez, her mother, as guardian ad litem. ECF No. 21. Plaintiff A.L.'s unopposed motion was granted by this Court on August 29, 2019. ECF No. 24.

2. On December 20, 2019, Apple filed a motion to dismiss the first amended complaint. ECF No. 54. On February 10, 2021, the Court issued an order granting Apple's motion to dismiss with leave to amend. ECF No. 65. Following the filing of the second amended complaint on April 20, 2021, ECF No. 70, Apple renewed its motion to dismiss. ECF No. 71. On September 2, 2021, the Court issued its order granting in part and denying in part this motion and allowing leave to amend. ECF No. 77. On September 17, 2021, Plaintiffs declined to further amend the complaint. ECF No. 78. On October 22, 2021, Apple filed its answer and defenses. ECF No. 82.

3. Plaintiffs anticipate filing, and Apple will oppose, a motion for class certification and for summary judgment, after substantial completion of the discovery process. The Parties will coordinate regarding scheduling of oral arguments and any necessary and/or required meet and confer sessions.

4. Apple anticipates filing, and Plaintiffs will oppose, a motion for summary adjudication or judgment, which Apple intends to file prior to or in conjunction with Plaintiffs'

motion for class certification. At the appropriate time, Apple also will ask that the Court reassess whether Plaintiffs have Article III standing to assert the claims in the Complaint.

5. The Parties may file *Daubert* motions to challenge any experts. The Parties also reasonably anticipate filing motions in *limine* and other appropriate pretrial motions if the matter proceeds to trial.

6. The Parties will coordinate regarding scheduling of oral arguments and any required meet-and-confer sessions.

## V. AMENDMENT OF PLEADINGS

Plaintiffs may seek further amendments to Plaintiffs' SAC to the extent that the discovery process reveals that additional legal claims could be asserted against Defendant, arising from the same set of facts as those giving rise to Plaintiffs' SAC or to otherwise conform the pleadings to the evidence prior to trial.

Apple believes that the deadline for any amendments to the SAC should be January 24, 2022.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have begun to discuss reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Apple also will draft and send a draft protocol for the production of ESI and a protective order to Plaintiffs for review and comment. The Parties will meet and confer to finalize agreed-upon versions, which will be presented to the Court for review and approval.

## VII. DISCLOSURES

The Parties agree to exchange initial disclosures by November 19, 2021, which is two-weeks after the initial case management conference on November 5, 2021.

## VIII. DISCOVERY

### A. Subjects on Which Discovery May be Needed

*<u>Plaintiffs' Position:</u>* Plaintiffs believe that discovery should commence immediately. Plaintiffs anticipate serving targeted requests for production and interrogatories, as well as deposing Apple and other third parties, as appropriate. Plaintiffs welcome the opportunity to meet and confer

with Defendant to the extent necessary to allow for an efficient production of responsive information. Though Plaintiffs have not yet served formal discovery requests, Plaintiffs assert that discovery is needed on at least the following subjects:

- Documents necessary to show the number of Siri Devices sold by the Defendant and the channels through which such devices were sold, including the identity of any authorized dealers;
- Documents necessary to show the revenue Apple generated by the sale of the Siri Devices;
- All documents, recordings, and other records in Defendant's possession and control concerning Plaintiffs' interaction with the Siri Devices;
- Defendant's knowledge of all instances when the Siri Devices were allegedly inadvertently triggered into active listening mode without Plaintiffs' and Class members' consent, including when and how the Defendant obtained such knowledge;
- All complaints and notifications in Defendant's possession, relating to the unconsented and unauthorized interception, recording, and disclosure of Plaintiffs' and Class members' confidential communications, including Defendant's response to any such complaints;
- Identity of the third-party vendors and/or subcontractors employed and/or retained by Defendant in connection with the review of the audio recordings, as alleged in Plaintiffs' SAC;
- Identity of all app developers and third parties with whom Defendant shares the information derived from the use of Siri Devices;
- Copies of contracts with vendors, subcontractors, and any third parties with access to, or with whom, the unconsented recordings of Plaintiffs and the Class members are shared;
- All Documents evidencing Apple's privacy policies, terms and conditions, and other written and oral representations to consumers, regarding the use of Siri.

This list is not exhaustive, and Plaintiffs reserve the right to seek discovery on additional matters.

*Apple's Position*:

Plaintiffs have not yet propounded discovery, and Apple reserves the right to object once served, including on the grounds that certain topics Plaintiffs listed above involve matters that are not relevant to Plaintiffs' claims or proportional to the needs of the case. Apple affirmatively intends to serve discovery requests related to:

- Plaintiffs' purchase and use of, and interactions with, devices with audio-recording and internet technologies, including Plaintiffs' awareness of how such features work.
- The facts and circumstances around any alleged Siri interaction that is the subject of Plaintiffs' Complaint.
- The facts and circumstances of any alleged third-party advertising to Plaintiffs alleged in the Complaint.

Apple presently anticipates taking some of the Plaintiffs' depositions, excluding the minor A.L., and possibly the depositions of third parties, if necessary.

### B. Electronically Stored Information

Plaintiffs will be requesting Electronically Stored Information ("ESI") maintained by Defendant. The Parties have discussed the ESI guidelines. As noted above in Section VI, Apple will send to Plaintiffs a draft ESI protocol. The parties will work cooperatively to finalize an ESI protocol. The Parties agree that discovery targeted at ESI should be relevant and proportional in accordance with the Federal Rules of Civil Procedure.

### C. Timeline for Discovery

The Parties' proposals regarding the schedule related to discovery and class certification are found in Section XVI below.

### D. Limitations on Discovery

The Parties agree to the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure. The Parties have reserved their respective rights to move the Court to change

1 the parameters of discovery should the scope of the case change or subsequent developments make
2 such a motion necessary.

### E. Privilege and Protection Issues

The Parties believe that a stipulated protective order is appropriate in this action to protect the confidentiality of any personal, private, proprietary, and/or trade secret information produced in discovery by the Parties. As set forth in Section VI, Apple agrees to provide a draft protective order for Plaintiffs' review and comment. The Parties will meet and confer to agree on a stipulated protective order for the production of confidential information, which will include a joint Rule 502 Order to govern the inadvertent production of privileged information and submit the protective order for the Court's review and approval.

## IX. CLASS ACTIONS

### A. Plaintiffs' Statement

Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this case as a class action on behalf of Plaintiffs Fumiko Lopez, Fumiko Lopez, as guardian of A.L., a minor, Lishomwa Henry, Joseph Harms, John Troy Pappas, and David Yacubian and the proposed class which is defined as follows:

All individual purchasers of a Siri Device, who reside in the United States and its territories, and members of their households, whose conversations were obtained by Apple and/or were shared with third parties without their consent from at least as early as October 12, 2011 to the present (the "Class Period").

#### i. Rule 23(a)

The class is sufficiently numerous for purposes of Fed. R. Civ. P. 23(a)(1), as it includes potentially tens of thousands of individuals and entities who have purchased the affected "Siri Devices." The exact size of the proposed Class will be readily ascertainable from the business records of Defendant and Defendant's authorized dealers, as well as Class members' own records. Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable. The disposition of the claims of the members of the Class through a class action will substantially benefit both the Parties and the Court.

There are questions of law and fact common to the Class for purposes of Fed. R. Civ. P.

23(a)(2). Defendant utilized, in all relevant ways, uniform marketing material, product descriptions, instructions, privacy policies, terms and conditions and manuals for all affected Siri Devices to Class members. Apple acted uniformly in its conduct related to its knowledge of the defect and disclosures (or lack thereof) regarding that knowledge to the class and subclass members. Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the Parties.

Plaintiffs further assert claims that are typical of the claims of the Class for purposes of Fed. R. Civ. P. 23(a)(3). Plaintiffs and all members of the Class have been subjected to the same wrongful conduct because they relied on the same deceptive and false representations and material omissions of Defendant; purchased Siri Devices that included the same Siri assistant; and, were subjected to Defendant's uniform conduct regarding non-disclosure of the interception, recording, and disclosure of private communications of the Plaintiffs and Class members.

Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class and Subclasses for purposes of FRCP 23(a)(4). Plaintiffs have no interests antagonistic to those of the other members of the Class and Subclasses. They are committed to the vigorous prosecution of this action and have retained counsel experienced in litigation of this nature to represent them.

### ii. Rule 23(b)

Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted on grounds that apply generally to the Class, so that the requested relief is appropriate respecting the Class. As stated above, Defendant utilized, in all relevant ways, uniform marketing material, product descriptions, instructions, privacy policies, terms and conditions, and manuals for all affected Siri Devices to Class members. Defendant acted uniformly in its conduct related to its knowledge of the defect and disclosures (or lack thereof) regarding that knowledge to the Class members. This uniform conduct was unfair and misled Plaintiffs and the members of the Class. Plaintiffs seek damages and an injunctive relief that will compensate themselves and the members of the Class and prevent future harm in the form of injury.

Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because the common

questions of law and fact common to the Class substantially predominate over any issues affecting individual members of the Class. Proof of a common set of facts will establish Defendant's liability and the right of each member of the Class to relief. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances members of the Class, include, but are not limited to:

- Whether Apple's actions violate the federal Wiretap Act:
- Whether Apple's actions violate California's privacy laws;
- Whether Apple's actions constitute breach of contract; and
- Whether Plaintiffs are entitled to injunctive and declaratory relief.

These and other common questions of law and fact predominate over those affecting individual members of the Class.

**B.     Apple's Statement**

Apple denies that this action, or any part of it, may be maintained on behalf of any class. Apple further objects to and disputes the proposed class as defined, including on the ground that it is a fail-safe class and requires individualized liability determinations as to whether any recording of each member of the proposed class was "obtained by Apple . . . without their consent." Apple also objects to the overbroad period of time covered by Plaintiffs' proposed class definition.

Apple further objects to Plaintiffs' speculative assertions regarding the ascertainment of the class, the alleged benefits to potential members of the class of certifying this action under Rule 23, the alleged uniformity of the conduct of potential members of the class and the bases therefore, and the alleged predominance of common issues over individualized inquiries. As stated above, Plaintiffs' Complaint demonstrates that the occurrences of inadvertent triggers of Siri at issue in the Complaint were random events not intended by Apple. In the instances alleged in the Complaint regarding supposedly targeted advertisements based on inadvertent recordings, Apple could not have been the source because Siri recordings are not used to build a marketing profile or sold to anyone. Moreover, Apple protects users' privacy by using random identifiers for Siri, not the user's Apple ID. Accordingly, there is no common way of ascertaining the identities of

potential class members, and no issues common to the class will drive the litigation toward a resolution.

Apple reserves the right to state its position in greater detail in connection with any briefing on Plaintiffs' anticipated motion for class certification.

The Parties' specific proposals for discovery and briefing on a motion for class certification are set forth below in Section XVII. Counsel for the parties have reviewed the Procedural Guidance for Class Action Settlements.

## X. RELATED CASES

There are no related cases of which the Parties are aware.

## XI. RELIEF

### A. Plaintiffs' Statement

Plaintiffs seeks damages to compensate Plaintiffs and the Class members for purchasing Siri Devices that, despite Apple's alleged representations and promises, intercepts, records, and discloses private communications of the users to third parties to provide financial benefit to Apple. Such recordings are unconsented, unauthorized, and have taken place in the absence of an intentional trigger of Siri assistant.

Plaintiffs also seek injunctive relief to end Apple's non-disclosure of the design defect to consumers. Plaintiffs also seek declaratory relief to decide the legal relations of the Parties and define Defendant's duties regarding disclosing the existence of the defect to customers.

Finally, Plaintiffs seeks reimbursement for their reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure §1021.5, California Civil Code §1780(d), the common fund doctrine, or any other appropriate legal theory.

### B. Apple's Statement

Apple denies liability, that Plaintiffs and the proposed classes have been damaged at all in any amount, and that Plaintiffs are entitled to any relief. ECF No. 82. Apple asks that judgment be entered in its favor on all claims.

## XII. SETTLEMENT AND ADR

On October 25, 2021, the Parties conducted a phone conference regarding the Court's

available ADR options and private ADR options. The Parties are submitting their respective ADR certifications as required by L.R. 3-5. The Parties also filed a Joint Stipulation Selecting ADR Process. At this time, the Parties feel that this case is not yet ripe for settlement or alternative dispute resolution, but the Parties are willing to reconsider whether a private mediation should occur after some discovery has been conducted. The Parties therefore request the Court defer setting an ADR deadline at this time or set the ADR deadline sufficiently far into the future to allow for the Parties to conduct sufficient discovery to meaningfully participate in a mediation. The Parties respectfully suggest a mediation deadline of May 5, 2023.

**XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiffs declined to Consent to Magistrate Judge Jurisdiction on August 21, 2019. *See* ECF No. 22.

**XIV. OTHER REFERENCES**

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV. NARROWING OF ISSUES**

While the parties do not believe issues can be further narrowed at this time, the Parties agree that they will continue to assess the case and reserve the right to present for the Court's consideration any ways in which issues can be narrowed by agreement or motion in the future, if appropriate.

**XVI. EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case can be handled under the Expedited Trial Procedure of General Order No. 64.

**XVII. SCHEDULING**

The Parties have met and conferred in good faith as to a reasonable schedule and propose the following:

| Event | Plaintiffs' Proposed Deadline | Apple's Proposed Deadlines |
| --- | --- | --- |
| Last day to Amend Pleadings | May 31, 2021 | January 24, 2022 |

| | | |
|---|---|---|
| Plaintiffs' Deadline to Disclose Experts in Support of Class Certification | January 13, 2023 | November 18, 2022 |
| Motion for Class Certification | January 13, 2023 | January 13, 2023 |
| Apple's Deadline to Disclose Experts in Opposition to Class Certification | February 24, 2023 | January 27, 2023 |
| Opposition to Motion for Class Certification | February 24, 2023. | February 24, 2023 |
| Plaintiffs' Reply in Support of Class Certification | March 31, 2023 | March 24, 2023 |
| Hearing regarding class certification | To be scheduled according to Court's schedule | To be scheduled according to Court's schedule |
| Close of Fact Discovery | Plaintiffs agree with Apple's proposal | Apple requests that a further case management conference be held within a reasonable time after a ruling on the class certification motion to establish a schedule for closing fact discovery, completing pretrial expert disclosures, and any additional dispositive motion briefing |
| Plaintiffs' Expert Reports Due | | |
| Apple's Expert Reports Due | | |
| Plaintiffs' Rebuttal Expert Reports Due | | |
| Close of Expert Discovery | | |
| Last day to hear Motion for Summary Judgment | | |
| Pre-Trial Conference | To be scheduled according to Court's schedule | To be scheduled according to Court's schedule |
| Trial | To be scheduled according to Court's schedule | To be scheduled according to Court's schedule |

## XVIII. TRIAL

Plaintiffs have requested a trial by jury on all causes of action. It is too early to estimate the length of trial or set trial-related deadlines, until the resolution of Plaintiffs' anticipated motion for class certification, and the Parties' anticipated summary judgment motions have been decided.

| | |
|---|---|
| 1 | Apple disputes that any individual or putative class claims will survive for trial. |

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On August 7, 2019, Plaintiffs filed their Certification of Interested Parties pursuant to L.R. 3-15. ECF No. 4. Defendant filed its Certification of Interested Parties pursuant to L.R. 3-15 on August 30, 2019. ECF No. 28. The Parties confirm those statements remain accurate.

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER

The parties have no other matters to raise with the Court at this juncture.

## **ATTESTATION**

I, Mark Todzo, am the CM/ECF user whose ID and password are being used to file this Joint Case Management Conference Statement. Pursuant to Local Civil Rule 5-1(i)(3), I hereby attest that Isabelle Ord, on whose behalf this filing is jointly submitted, has concurred in this filing.

*/s/ Mark Todzo*

Dated: October 29, 2021

Respectfully submitted:

By:

*/s/ Mark N. Todzo*
Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com

By:

/s/ *Isabelle Ord*
ISABELLE L. ORD (Bar No. 198224)
isabelle.ord@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

RAJ N. SHAH (*pro hac vice*)
raj.shah@dlapiper.com
ERIC M. ROBERTS (*pro hac vice*)
eric.roberts@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: 312.368.4000
Fax: 312.236.7516

| | | |
|---|---|---|
| 1 | afarah@lowey.com | *Attorneys for Defendant APPLE INC.* |

2  Joseph P. Guglielmo (*pro hac vice*)
   Erin Green Comite (*pro hac vice*)
3  **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
4  The Helmsley Building
   230 Park Avenue, 17th Floor
5  New York, NY 10169-1820
   Telephone: (212) 223-6444
6  Facsimile: (212) 223-6334
   jguglielmo@scott-scott.com
7  ecomite@scott-scott.com

8  John T. Jasnoch (Bar No. 281605)
   Hal D. Cunningham (Bar. No. 243048)
9  **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
10 600 W. Broadway
   Suite 3300
11 San Diego, CA 92101
   Telephone: (619) 233-4565
12 Facsimile: (619) 233-0508
   jjasnoch@scott-scott.com
13 hcunningham@scott-scott.com

14 E. Kirk Wood (*pro hac vice* forthcoming)
   **WOOD LAW FIRM**
15 P. O. Box 382434
   Birmingham, AL 35238
16 Telephone: (205) 612-0243
   kirk@woodlawfirmllc.com
17
   *Attorneys for Plaintiffs*

| | |
|---|---|
| 1 | CASE MANAGEMENT ORDER |
| 2 | The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is |
| 3 | approved as the Case Management Order for this case and all parties shall comply with its |
| 4 | provisions. |
| 5 | |
| 6 | |
| 7 | IT IS SO ORDERED. |
| 8 | Dated: |
| 9 | HON. JEFFREY S. WHITE |
| 10 | UNITED STATES DISTRICT JUDGE |