<div style="text-align:right; writing-mode: vertical;">United States District Court<br>Northern District of California</div>

1
2
3
4
UNITED STATES DISTRICT COURT
5
NORTHERN DISTRICT OF CALIFORNIA
6
7   FUMIKO LOPEZ, et al.,                    Case No.  19-cv-04577-JSW
8          Plaintiffs,
9       v.                                   **ORDER DENYING MOTION FOR
                                             LEAVE TO FILE THIRD AMENDED
10  APPLE, INC.,                             COMPLAINT AND GRANTING
                                             REQUESTS TO SEAL**
11         Defendant.                        Re: Dkt. Nos. 251, 258, 262

12

13          Now before the Court is Plaintiffs' motion to modify the scheduling order and for leave to

14  file a third amended class action complaint.  Having considered the parties' papers and authority,

15  the Court DENIES Plaintiffs' motion.

16          On November 2, 2021, this Court entered a scheduling order setting forth the deadline of

17  January 24, 2022, for Plaintiffs to amend their pleadings in the case.  On April 3, 2024, Plaintiffs

18  moved for an adjustment to the scheduling order and for leave to file a third amended complaint.

19  By this proposed amendment, Plaintiffs seek to add an additional plaintiff who owns a HomePod,

20  which is one of the devices they contend is at issue in this case.  Pursuant to Federal Rule of Civil

21  Procedure 16, to determine whether there is "good cause" to grant an extension of the deadline to

22  file an amended complaint by nearly two years, the Court must consider "whether: (1) the movant

23  was diligent in assisting the court in creating a working Rule 16 order; (2) the movant's

24  noncompliance with a Rule 16 deadline occurred notwithstanding his diligent efforts and due to

25  matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16

26  scheduling conference; and (3) the movant was diligent in seeking amendment of the Rule 16

27  order, once it became apparent that he could not comply with the order."  *Johnson v. Mammoth*

28  *Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992).

Plaintiffs claim they were diligent and moved to amend "as a direct result of facts Plaintiffs have learned in discovery, which were not known – or knowable – to Plaintiffs prior to the expiration of their deadline to amend their pleadings." (Motion at 6.) This is patently false. As early as February 10, 2021, this Court explicitly found that none of the named plaintiffs owned a HomePod. (Dkt. No. 65, Order dated February 10, 2021, at 5 & n.2.) In addition, Plaintiffs are in a position to know precisely the type of devices they own. There is no support for the notion that Plaintiffs only had notice of this issue upon discovery by Defendant Apple. Accordingly, the Court finds that Plaintiffs have failed to meet their burden to demonstrate they were diligent in seeking an amendment of their complaint.

In addition, although it is unnecessary to review the motion under Federal Rule of Civil Procedure 15(a), the Court finds that Plaintiffs have failed to meet this burden as well. There is undue delay in the request to amend, there is some prejudice to Apple in requiring the company to pursue additional discovery regarding the purported new plaintiff, and, after three prior amendments to the complaint, the Court finds there was a repeated failure to cure alleged deficiencies in the complaint by prior amendment. *See California Sportfishing Prot. All. v. Shiloh Group, LLC*, 268 F. Supp. 3d 1029, 1037 (N.D. Cal. 2017). Accordingly, the request for leave to amend is improper Under Rule 15 as well.

Based on the foregoing, Plaintiffs' motion for leave to modify the scheduling order and for leave to file a third amended class action complaint is DENIED. In addition, the requests to file under seal are GRANTED. (Dkt. Nos. 258, 262.)

**IT IS SO ORDERED.**

Dated: May 1, 2024

_____
JEFFREY S. WHITE
United States District Judge