| | |
|---|---|
| ARTURO J. GONZÁLEZ (CA SBN 121490)<br>AGonzalez@mofo.com<br>ALEXIS A. AMEZCUA (CA SBN 247507)<br>AAmezcua@mofo.com<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522<br><br>PURVI G. PATEL (CA SBN 270702)<br>PPatel@mofo.com<br>**MORRISON & FOERSTER LLP**<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017-3543<br>Telephone: 213.892.5296<br>Facsimile: 213.892.5454<br><br>KATIE VIGGIANI (*pro hac vice*)<br>kviggiani@mofo.com<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, NY 10019<br>Tel.: 212.468.8000<br><br>Attorneys for Defendant<br>APPLE INC. | ISABELLE L. ORD (Bar No. 198224)<br>isabelle.ord@dlapiper.com<br>**DLA PIPER LLP (US)**<br>555 Mission Street, Suite 2400<br>San Francisco, CA 94105-2933<br>Tel: 415.836.2500<br>Fax: 415.836.2501<br><br>RAJ N. SHAH (*pro hac vice*)<br>raj.shah@dlapiper.com<br>ERIC M. ROBERTS (*pro hac vice*)<br>eric.roberts@dlapiper.com<br>**DLA PIPER LLP (US)**<br>444 West Lake Street, Suite 900<br>Chicago, IL 60606-0089<br>Tel: 312.368.4000<br>Fax: 312.236.7516 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FUMIKO LOPEZ, FUMIKO LOPEZ, as guardian of A.L., a minor, LISHOMWA HENRY, JOSEPH HARMS, JOHN TROY PAPPAS, and DAVID YACUBIAN, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 4:19-CV-04577-JSW-SK<br><br>**DEFENDANT APPLE INC.'S DISCOVERY STATUS CONFERENCE STATEMENT**<br><br>Date:  July 15, 2024<br>Time:  10:00 AM<br>Courtroom:  C, 15th Floor<br>Magistrate Judge: Hon. Sallie Kim |

For the past month, Apple has continued to provide Plaintiffs with additional discovery. For the Court's convenience, we summarize here the information that Apple has recently provided. As the Court will see, Apple has provided more information than what the parties had agreed upon.

## I. SAMPLED AUDIO REQUEST DATASET

On June 4, 2024, Apple provided Plaintiffs with 180 hours of Siri requests in accordance with the Court-ordered sampling protocol (the "Sampled Audio Request Dataset"). To create this dataset, Apple randomly pulled previously ungraded requests from this quarter (Q2 2024) and the eight most recent quarters, for a total of nine quarters, based on Plaintiffs' specified filters. This dataset consists of the audio, transcript, and any available portion of the subset of data that would be used in the daily grading process for just over 145,000 Siri requests.

The Sampled Audio Request Dataset includes, for each request, the audio recording, the text transcript, and any available portion of the subset of data for that request that would be used in the daily grading process. The data was provided to Plaintiffs on a secure hard drive that is in Plaintiffs' counsel's possession. As a statistical matter, it is expected that some number of the sampled requests in the Sampled Audio Request Dataset may be false triggers. Plaintiffs have asked questions about certain file types contained in the hard drive Apple produced, and Apple is engaging in a good faith effort to investigate Plaintiffs' questions.

On June 27, 2024, Plaintiffs' counsel visited DLA Piper's Palo Alto office, where they were provided a computer with access to the current annotation platform used by Apple employees to grade Siri requests in accordance with the Court-ordered sampling protocol. With the annotation platform, Apple provided access to the Sampled Audio Request Dataset. Two of Plaintiffs' attorneys were permitted up to ten hours with the annotation platform. Plaintiffs' counsel stated to Apple's counsel that they reviewed nearly two thousand English and Spanish audio files.

Plaintiffs' counsel had access to three grading workflows, including those graders use to:

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████. Each workflow provides the grader the ability to ███████

█████████████████████████████████████████.

1  During the June 27 review, and after that review, Plaintiffs' counsel raised questions about their use of the annotation platform. They claimed that there was certain functionality within the platform that they were unable to interact with during their review. Apple investigated the questions Plaintiffs raised and, where possible, has offered to provide additional data that would enable Plaintiffs' counsel to interact with all currently available requested functionalities. Plaintiffs' counsel will be able to review additional sampled requests through Apple's annotation platform from a pool of 30,000 Siri requests. These 30,000 Siri requests will be in addition to, and different from, the just over 145,000 Siri requests (totaling more than 180 hours) Apple produced to Plaintiffs as part of the Sampled Audio Request Dataset.

## II. GRADING PLATFORM DATASET

On June 28, 2024, Apple shipped to Plaintiffs a secure hard drive containing the available graded data from its former annotation platform on the two days Plaintiffs selected per year from 2015 through November 2022 (the "Grading Platform Dataset"). The sampling protocol required Apple to produce only en_US requests, which correspond to the users' selection of "English (United States)" for the Siri & Search language setting. Apple had estimated that there may be up to ▇▇▇ en_US requests graded per day and that Plaintiffs would receive up to a combined ▇▇▇ en_US requests per year.

However, in preparing the Grading Platform Dataset that was produced to Plaintiffs, Apple included both more requests in more languages than just en_US, as well as more requests than were contemplated by the Court-ordered protocol. Apple has now voluntarily included in the Grading Platform Dataset all locales for the dates selected by Plaintiffs. Plaintiffs thus received the en_US requests in addition to requests from other languages and locales.

Additionally, due to low request counts on the random dates Plaintiffs selected for sampling in 2015, 2016, and 2017, Apple—without any request by Plaintiffs—voluntarily provided Plaintiffs additional samples. This included all of the graded en_US requests for which Apple retained data for the years 2015 and 2016, and more than ▇▇▇ additional rows of grades for 2017. On July 8, 2024, Apple shipped a supplemental production to Plaintiffs of approximately ▇▇▇ Siri

1  grade counts for the years 2016 and 2017.  On July 10, Apple shipped a supplemental production
2  to Plaintiffs of all of the en_US grade counts for 2015, amounting to ▓▓▓▓ grade counts.

3        Exhibit 1 to this statement is a chart reflecting the volume of data Apple produced for each
4  year in the Grading Platform Dataset.  In total, Plaintiffs received over ▓▓▓▓ rows of data in
5  the Grading Platform Dataset.  Each row of data represents one grade and, because a single request
6  can be graded more than once, multiple rows in the data may pertain to the same request.  Thus,
7  Exhibit 1 includes a best estimate for both the total rows of data and the number of en_US grades
8  for each year.

9        Exhibit 2 to this statement is a spreadsheet with excerpts of information from the Grading
10 Platform Dataset produced to Plaintiffs.  The first row of the spreadsheet shows the titles of each
11 of the ▓ columns of data that have been produced, to the extent a value for that column was retained
12 with a request.  Each subsequent row of data reflects a single grading task for a single request.  As
13 reflected in Exhibit 2, the Grading Platform Dataset produced to Plaintiffs included requests for
14 which the grader inputted a value ▓▓▓▓▓▓▓▓▓▓.

### III.   INTERROGATORY NO. 23 AND DATA-RELATED DEPOSITION

16       On June 28, 2024, in response to the Court's February 5, 2024 order (ECF No. 202), Apple
17 served its Second Supplemental Response to Interrogatory No. 23.  The response included a 12-
18 page, single-spaced narrative describing the nature of the data a Siri request may contain and its
19 purpose.  Apple accompanied the narrative response with a production of ▓ documents that
20 contained ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  The parties are presently meeting and conferring about Apple's
22 response to Interrogatory No. 23, which Plaintiffs claim is insufficient.  While the ▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Plaintiffs take the position that they entitled to *all* data Apple collects
25 from any Siri user, regardless of whether the data is collected in connection with a Siri request,
26 which would be as wide-ranging as data collected when a user uses, for example, Apple Maps or
27 other apps entirely unrelated to Plaintiffs' claims.

As set forth in the April 26, 2024 stipulation (ECF Nos. 265, 266), the scope of the Siri-data related 30(b)(6) deposition was agreed upon by the parties as memorialized in their August 25 and October 23, 2024 correspondence. The sole remaining topic pursuant to that agreement is "the data that is generated as a result of a Siri request and stored in an Apple database, including how it is stored and identification of relevant computer systems, databases, and data fields for the Relevant Time Period," and Apple has identified a corporate witness who is available to appear on July 29, 2024 for a deposition. Plaintiffs have not confirmed their availability for this proposed date and, instead, have insisted on expanding the scope of the deposition. The parties are continuing to confer about the scope of the topic to be covered.

## IV.     RULE 30(b)(6) DEPOSITION RE FINANCE TOPIC NO. 11

On July 10, 2024, counsel for Plaintiffs indicated they will send Apple a letter regarding the testimony of Apple's deponent who appeared on June 20, 2024, for a deposition in response to finance-related topics in Plaintiffs' Rule 30(b)(6) deposition notice. Plaintiffs have provided no indication of what the issue may be, nor should there be any issue as Apple's well-prepared witness provided complete and accurate testimony in response to Plaintiffs' questioning.

## V.     CASE SCHEDULE

Currently, Plaintiffs' deadline to serve expert reports in support of class certification is July 19, 2024, and their motion for class certification is due on August 9, 2024. *See* ECF Nos. 265, 266. Apple has advised Plaintiffs that Apple is willing to stipulate to a reasonable continuance of these dates to a date after all discovery is completed. The parties are conferring about specific dates.

Dated: July 12, 2024                              By: /s/ *Arturo J. Gonzalez*

                                                                          **MORRISON & FOERSTER LLP**
                                                                          ARTURO J. GONZALEZ

                                                                          Attorneys for Defendant
                                                                          APPLE INC.