UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUMIKO LOPEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 19-cv-04577-JSW (SK)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Regarding Docket Nos. 288, 292, 293, 298, 301 |

Now before the Court is the motion for reconsideration filed by Apple, Inc. The Court finds the motion suitable for disposition without oral argument and VACATES the hearing scheduled for July 29, 2024. *See* N.D. Civ. L.R. 7-1(b). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby DENIES Apple's motion for the reasons set forth below.

A party may move for leave to file a motion for reconsideration if that party shows "reasonable diligence in bringing the motion and one of the following: (1) […] a material difference in fact or law exists from that which was presented to the Court […]; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments." Civil Local Rule 7-9(b); *see also Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") A party moving for reconsideration may not reargue any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is

an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

  Apple fails to demonstrate any grounds for reconsideration of the Court's Order granting Plaintiffs' motion for sanctions. The Court found that Apple had a duty to preserve relevant evidence and that Apple, by deleting data pursuant to its retention policy that went into effect *after* Plaintiffs filed this lawsuit, violated that duty. (Dkt. No. 291.) Apple has repeatedly argued that retaining all Siri related data would have been overbroad and too expensive. However, Plaintiffs' claims against Apple have always centered around Siri's false accepts or false triggers. In the Order granting Plaintiffs' motion for sanctions, the Court noted that, at the very least, Apple could have segregated and retained the Siri recordings that were identified as false through its false trigger mitigation ("FTM") and automated speech recognition ("ASR") systems. (*Id.*) Apple argues that it should have had an opportunity to brief the Court regarding its FTM and ASR systems and contends that the Siri recordings mitigated by the FTM and ASR systems largely comprised of silence or gibberish and thus were not relevant. However, the Court's reference to Apple's FTM and ASR systems was merely a suggestion that Apple could have tried to retain a smaller subset of its Siri recordings. The Court does not need further briefing on the FTM and ASR systems because that briefing would not change the result. The reality is that Apple altered its retention policy. After Plaintiffs filed this lawsuit, Apple implemented its new retention policy without issuing a litigation hold to preserve relevant data. While Apple complains that retaining all Siri data is expensive and overbroad, it should have sought the Court's assistance in engaging in self-help and deleting substantial amounts of relevant data.

  Apple also argues that the Court should wait until its production of the sampling data to be completed before determining whether Plaintiffs were prejudiced by Apple's spoliation, but this argument also has no merit. The Court concluded that Plaintiffs were prejudiced. (*Id.*) Due to the substance and volume of what Apple already deleted, Plaintiffs' prejudice cannot be cured by Apple's production under the sampling proposal. For example, because Apple destroyed the data, Plaintiffs cannot prove that they were personally subject to false recordings.

  Finally, the Court disagrees that the sanctions issued are tantamount to a ruling of adverse

2

inference. The Court issued sanctions to cure Apple's spoliation of evidence. In light of the spoliation, Apple is merely precluded from introducing evidence about the data it destroyed or to relying on the absence of the data it destroyed. This sanction does not limit Apple's ability to use other evidence or arguments to counter Plaintiffs' claims and supporting evidence. For example, Apple points to Plaintiff Lopez's allegations that she received targeted advertisements for brands that she had discussed on her Apple device, and Apple argues that Apple is precluded from arguing that it does not share user data for targeting advertising. (Dkt. No. 292 at p. 10.) The Court's Order does not preclude Apple from making such arguments. However, because Apple deleted so many Siri recordings and related data, Plaintiffs are now precluded from examining the data to determine whether Plaintiff Lopez was, in fact, subject to false recordings. Plaintiffs should not be prejudiced by Apple's spoliation. If the impact of the Court's sanction is large, it is only because the impact of Apple's spoliation is large.

Apple fails to cite to newly discovered evidence or demonstrate that the Court's Order was manifestly unjust. Therefore, the Court DENIES Apple's motion for reconsideration.

With respect to the related motions to seal, the Court ORDERS as follows:

The Court GRANTS the motion to seal filed at Docket Number 288 as to the highlighted portions of the proposed motion for reconsideration (Dkt. No. 288-3); the highlighted portions of Declaration of Spencer Lin and Exhibit 1 to his Declaration (Dkt. No. 288-4); the highlighted portions of Declaration of Sachin Kajarekar (Dkt. No. 288-5); and the highlighted portions of Declaration of Eric Roberts (Dkt. No. 288-6). The Court DENIES this motion to seal as to the remainder.

The Court GRANTS the motion to seal filed at Docket Number 293 as to the highlighted portions of the proposed motion for reconsideration (Dkt. No. 293-2); the highlighted portions of Declaration of Spencer Lin and Exhibit 1 to his Declaration (Dkt. No. 293-3); the highlighted portions of Declaration of Sachin Kajarekar (Dkt. No. 293-4); and the highlighted portions of Declaration of Eric Roberts (Dkt. No. 293-5). The Court DENIES this motion to seal as to the remainder.

The Court GRANTS the motion to seal filed at Docket Number 298 with respect to: (1)

1    Plaintiffs' opposition as to the actual Interaction IDs in footnote 5 on page 4, the monetary
2    amounts in footnote 6 on page 5, the phrase highlighted by Apple in Docket Number 299-2 on line
3    3 on page 14 after "on the basis of"; (2) the actual Interaction IDs in paragraph 6 of the
4    Declaration of Andera Farah; (3) the phrase highlighted by Apple in Docket Number 299-6 on line
5    13 before the periods at the beginning and end of the line and the same phrase on line 15 of page
6    119 of the Deposition of Alex Acero; (4) the words before "is sent" on line 1 and the number of
7    meters on lines 4, 7, 24 and 25 on page 74 of the Deposition of Andrew Clarke; (5) the portion
8    highlighted by Apple in Docket Number 299-14 of the email string attached as Exhibit 11 to the
9    Declaration of Andrea Farah; (6) the portion highlighted by Apple in Docket Number 299-16 of
10   the email string attached as Exhibit 12 to the Farah Declaration on the first page before the
11   sentence beginning with "Siri Data" and after the words "graded audio from the" and Apple's
12   highlighted portion of the second page after "If so, then we could"; and (7) the number after the
13   percentage and the rest of the line after "use cumulative" on the first page of Exhibit 13 to the
14   Farah Declaration and the remainder of the highlighted portion highlighted by Apple in Docket
15   Number 299-18 on the second page after "any data collected items via" through to the end of the
16   email string.  This motion to seal is DENIED as to the remainder.
17          The Court GRANTS the motion to seal filed at Docket Number 301 as to: (1) Apple's
18   Reply with respect to the highlighted portions of lines 17, 20, and 21 on page 1, the highlighted
19   number on line 17 on page 2, the highlighted numbers on lines 3 through 6 on page 5, and the
20   highlighted numbers on page 6 through 8 (Dkt. No. 301-2); (2) the Declaration of Eric Roberts as
21   to the highlighted portions of paragraphs 6, 8, 10, 11, and 12 and the numbers in the table except
22   for the years in Appendix 1 (Dkt. No. 301-3); (3) Exhibit 1 to the Roberts Declaration in its
23   entirety (Dkt. No. 301-4); (4) the highlighted portions of Exhibit 2 to the Roberts Declaration
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

(Dkt. No. 301-5); (5) the highlighted portions of the Declaration Nicholas Malecek (Dkt. No. 301-6); and (6) the highlighted portions of the Declaration of Isabel Schuenemann (Dkt. No. 301-7). The Court DENIES this motion to seal as to the remainder.

**IT IS SO ORDERED**.

Dated: July 26, 2024



SALLIE KIM
United States Magistrate Judge