# EXHIBIT 1

**(To the Joint Declaration ISO Motion for Preliminary Approval)**

EXECUTION VERSION

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and effective as of December 31, 2024 (the "Settlement Date"), by and between (a) Apple Inc., a California corporation with offices at 1 Apple Park Way, Cupertino, California 95014, ("Apple"); and (b) Plaintiffs Fumiko Lopez, Fumiko Lopez as guardian of A.L., a minor, John Troy Pappas, and David Yacubian ("Plaintiffs" or "Named Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class as defined below, (collectively, the "Parties") in accordance with the terms and conditions set forth below.

## DEFINITIONS

As used herein, the following terms have the meanings set forth below:

1.      "Apple Counsel" means Apple's counsel of record in this Lawsuit.

2.      "Attorneys' Fees and Expenses Payment" means the amount of attorneys' fees and reimbursement of costs and expenses awarded to Plaintiffs' Counsel by the Court from the Gross Settlement Amount.

3.      "Claimant" means a Settlement Class Member who has made a claim to a share of the Net Settlement Amount.

4.      "Claim Form" means the form for Settlement Class Members to make a claim to a share of the Net Settlement Amount, and is forthcoming from the Parties.

5.      "Claim Period" means the period of time ending 135 days after entry of the Preliminary Approval Order.

6.      "Class Counsel" means Christian Levis of Lowey Dannenberg, P.C. and Erin Green Comite of Scott + Scott Attorneys at Law LLP.

7.      "Class Representatives" or "Plaintiffs" or "Named Plaintiffs" means Fumiko Lopez, Fumiko Lopez as guardian of A.L., a minor, John Troy Pappas, and David Yacubian.

8.      "Class Payment" means the amount to be paid to a Claimant who is eligible to receive a share of the Net Settlement Amount under this Settlement Agreement.

9.      "Effective Date" means the first day after which all of the following events and conditions of this Settlement Agreement have occurred or have been met: (a) the Court has entered a Final Approval Order approving the Settlement, and (b) the Court has entered judgment that has become final ("Final") in that the time for appeal or writ of certiorari has expired or, if an appeal or writ of certiorari is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Final Judgment shall not become Final. In the event of an appeal or other effort to obtain review, the Parties may agree jointly in writing to deem the Effective Date

**EXECUTION VERSION**

to have occurred; however, there is no obligation to agree to advance the Effective Date. Any order or proceeding relating to the application for an Attorneys' Fees and Expenses Payment and Service Awards, the pendency of any such application, or any appeal from any such order, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of any judgment approving the Settlement.

10.    "Final Approval Hearing" means the hearing at or after which the Court will determine whether to finally approve the Settlement. The Final Approval Hearing must occur at least 45 days after the Objection and Exclusion Deadline, or on such date as set by the Court.

11.    "Final Approval Order" means the final order to be submitted to the Court in connection with the Final Approval Hearing.

12.    "Final Judgment" means the judgment finally approving the Settlement and dismissing with prejudice the claims of the Settlement Class Members.

13.    "Full Class Notice" means the Notice that will be posted on the Settlement Website and mailed to any member of the Settlement Class who requests a hard copy, substantially in the form attached hereto as Exhibit A.

14.    "Gross Settlement Amount" means $95,000,000.00, which constitutes the total amount of non-reversionary funds that will comprise the Class Payment; the costs of Notice and the costs of administering the Settlement, as set forth in Section F below; any Attorneys' Fees and Expenses Payment to Plaintiffs' Counsel awarded by the Court, and any Service Award to the Class Representatives awarded by the Court, as set forth in Section G below; and any distribution to the *cy pres* recipients as set forth in Section B.13 below.

15.    "Lawsuit" shall mean the litigation first filed on August 7, 2019, styled *Lopez et al. v. Apple Inc.*, Case No. 4:19-cv-04577 (N.D. Cal.).

16.    "Net Settlement Amount" means the Gross Settlement Amount, reduced by the sum of the following amounts: (1) the costs of Notice and the costs of administering the Settlement (including the payment of any taxes if applicable), as set forth in Section F below; and (2) any Attorneys' Fees and Expenses Payment to Plaintiffs' Counsel awarded by the Court, and any Service Award to the Class Representatives awarded by the Court, as set forth in Section G below.

17.    "Non-Monetary Terms" mean the terms described in Section B.14.

18.    "Notice" means the email and/or postcard notices (substantially in the form attached hereto as Exhibits B and C) distributed to members of the Settlement Class in connection with the Settlement; the Full Class Notice (substantially in the form attached hereto as Exhibit A) available on the Settlement Website and in hard copy upon request; and Publication Notice pursuant to a notice plan to be developed by the Parties and Settlement Administrator and approved by the Court, and discussed in Section F.4 below.

19.    "Notice Date" means the date set forth in the Preliminary Approval Order for commencing the transmission of Notice. The Notice Date must occur no later than 45 days after

**EXECUTION VERSION**

Apple transmits the Settlement Class Member list to the Settlement Administrator, or on such date as set by the Court.

20.    "Objection and Exclusion Deadline" means the date by which a Settlement Class Member must submit an Objection to this Settlement Agreement to the Court or an exclusion request to the Settlement Administrator.  The Objection and Exclusion Deadline shall be no less than 60 days after the Notice Date.

21.    "Plan of Allocation" means the plan for allocating the Net Settlement Amount as described in Section B of this Settlement Agreement.

22.    "Plaintiffs' Counsel" means Mark N. Todzo of Lexington Law Group; Christian Levis of Lowey Dannenberg, P.C.; Joseph P. Guglielmo and Erin Green Comite of Scott + Scott Attorneys at Law LLP; and E. Kirk Wood of Wood Law Firm.

23.    "Preliminary Approval Order" means the order preliminarily approving the Settlement and providing for Notice to the Settlement Class, the proposed form of which is attached hereto as Exhibit D.

24.    "Publication Notice" means a Notice plan to be developed by the Parties and Settlement Administrator and approved by the Court.

25.    "Settlement" or "Settlement Agreement" means this agreement and the settlement and release described herein.

26.    "Settlement Administrator" means Angeion Group, an independent settlement administrator, subject to approval of the Court.

27.    "Service Award" means the award sought by each Class Representative—and subsequently approved by the Court—in consideration for their service during the course of the Lawsuit.

28.    "Settlement Class" means all individual current or former owners or purchasers of a Siri Device, who reside in the United States and its territories, whose confidential or private communications were obtained by Apple and/or were shared with third parties as a result of an unintended Siri activation between September 17, 2014 to the Settlement Date.  The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate families.  The "Class Period" shall be September 17, 2014 to the Settlement Date.

29.    "Settlement Class Member" means every member of the Settlement Class who does not validly and timely request exclusion from the Settlement Class.

30.    "Settlement Date" means the date that this Settlement Agreement becomes fully executed.

**EXECUTION VERSION**

31.    "Siri Device" shall mean a Siri-enabled iPhone, iPad, Apple Watch, MacBook, iMac, HomePod, iPod touch, or Apple TV.

**RECITALS**

This Settlement Agreement is made for the following purposes and with reference to the following facts:

WHEREAS, a putative class action complaint was filed against Apple on August 7, 2019, in *Lopez et al. v. Apple Inc.*, Case No. 4:19-cv-04577 (N.D. Cal.), asserting claims for violations of the California Invasion of Privacy Act, California Unfair Competition Law, California Consumers Legal Remedies Act, and the Declaratory Judgment Act. A First Amended Complaint was filed on November 7, 2019, adding two named Plaintiffs, dropping the California Consumer Legal Remedies Act claim, and adding claims for violations of the Wiretap Act, Stored Communications Act, common law privacy claims, and a breach of contract claim, which Apple moved to dismiss.  The Court granted Apple's Motion to Dismiss the First Amended Complaint on February 10, 2021 (ECF No. 65).  A Second Amended Complaint was filed on March 17, 2021, dropping claims under the Stored Communications Act and one claim under the California Invasion of Privacy Act, which Apple moved to dismiss.  The Court granted-in-part Apple's Motion to Dismiss the Second Amended Complaint on September 2, 2021 (ECF No. 77);

WHEREAS, Plaintiffs sought to represent a nationwide class of "[a]ll individual purchasers of a Siri Device, who reside in the United States and its territories, and members of their households, whose conversations were obtained by Apple and/or were shared with third parties without their consent from at least as early as October 12, 2011 to the present (the 'Class Period')" (ECF No. 70 ¶ 83);

WHEREAS, the Parties have investigated the facts and analyzed the relevant legal issues regarding the claims and defenses asserted in this Lawsuit, including through significant motion practice and extensive discovery;

WHEREAS, no litigation class has been certified in the Lawsuit;

WHEREAS, the Parties conducted a mediation with Fouad Kurdi in October 2024 and continued to negotiate with the mediator's assistance during the months thereafter;

WHEREAS, Plaintiffs are represented by Mark N. Todzo of Lexington Law Group; Christian Levis of Lowey Dannenberg, P.C.; Joseph P. Guglielmo and Erin Green Comite of Scott + Scott Attorneys at Law LLP; and E. Kirk Wood of Wood Law Firm;

WHEREAS, Apple has at all times denied and continues to deny any and all alleged wrongdoing and liability, specifically denies each of Plaintiffs' contentions and claims, and continues to deny that Plaintiffs' claims and allegations would be suitable for class action status. This Agreement shall not be construed in any fashion as an admission of liability or wrongdoing by Apple;

**EXECUTION VERSION**

WHEREAS, to avoid further costs of litigation, and without admitting liability, Apple and Plaintiffs, individually and as representatives of the Settlement Class as defined above, (collectively, the "Parties") now wish to settle the Lawsuit in its entirety as to the Plaintiffs, Settlement Class Members, and Apple with respect to all claims arising out of or relating to the claims made in this Lawsuit. The Parties intend this Settlement Agreement to bind Plaintiffs (both as the Class Representatives and individually), Apple, Plaintiffs' Counsel, and Settlement Class Members.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

**TERMS**

**A.    Confidentiality**

1.    The Parties, Plaintiffs' Counsel, and Apple Counsel agree that until publication of this Settlement Agreement by submission to the Court, the terms of this Settlement Agreement and all associated documents and communications, including the negotiations leading to the execution of the Settlement Agreement and all submissions and arguments related to the mediation proceedings, shall not be disclosed by the Parties, Plaintiffs' Counsel, and Apple Counsel other than as necessary to finalize and obtain approval of the Settlement and Notice. Upon publication of the Settlement Agreement by submission to the Court, the nondisclosure obligations set forth in this paragraph will no longer apply to the four corners of the as-filed Settlement Agreement itself, but such obligations will continue to apply to all other materials and information covered by this paragraph, including but not limited to any negotiations leading to the execution of this Settlement Agreement or related to the mediation. Nothing in this Paragraph shall prohibit Apple from making general disclosures as necessary to comply with securities laws and other obligations, including to other parties or professionals involved in this Lawsuit, as well as in its public filings.

2.    Other than to a court in any case filing or as part of Notice, including Publication Notice, the Parties, Plaintiffs' Counsel, and Apple Counsel agree not to initiate publicity regarding the Settlement or submit information about the Settlement to any publication (apart from that required for Notice) or compendium of settlements. Notwithstanding the foregoing, Plaintiffs' Counsel may list the Lawsuit and the terms of the Settlement on their law firm websites and publicity materials as a representative case along with a neutral and factual description of the subject matter of the Lawsuit. Any comments made by Plaintiffs' Counsel concerning the Settlement or the Lawsuit, including in response to inquiries from the press or the Court for purposes of obtaining approval of the Settlement, shall be in neutral terms to communicate that the Lawsuit has been resolved between the Parties and shall not contain inflammatory language about the Parties or their perceived conduct in the Lawsuit.

3.    The Parties will continue to comply with the Stipulated Protective Order in this Lawsuit, including with respect to the requirements of Paragraph 18 thereof, which govern the return or destruction of any material produced, submitted, or filed under seal under the Stipulated Protective Order.

EXECUTION VERSION

**B.      Consideration for Settlement and Class Payments**

1.      Subject to the terms of this Settlement Agreement, Apple's total financial commitment under this Settlement Agreement is the Gross Settlement Amount of $95,000,000.00. Apple shall have no other financial obligations under this Settlement Agreement.

2.      Within 30 days after an order granting Preliminary Approval of this Settlement, Apple shall transfer an amount sufficient to cover the Settlement Administrator's estimated cost for Notice and administration to the Settlement Administrator.  Within 5 days of the Effective Date, Apple shall transfer the balance of the $95,000,000 to the Settlement Administrator for distribution of the Settlement fund and any Attorneys' Fees and Expenses Payment, Service Award, or further administrative costs, provided there are no appeals that delay the Effective Date from occurring.  If an appeal is filed to challenge final approval, Apple shall transfer the balance of the $95,000,000 to the Settlement Administrator within 30 days of the Effective Date.  The Settlement Administrator will thereafter manage distribution of the Settlement fund.  Any taxes owed by the Settlement fund will be paid by the Settlement Administrator out of the Settlement fund.  If final approval is not granted for any reason, the balance of the Settlement fund account, less monies expended toward Settlement administration, shall be returned to Apple within 10 business days.

3.      The Gross Settlement Amount shall be applied as follows:

a.      To pay the costs of Notice and the costs of administering the Settlement and any taxes owed by the Settlement fund, as set forth in Section F below;

b.      To pay any approved Attorneys' Fees and Expenses Payment to Plaintiffs' Counsel and any Service Award to the Class Representatives, as set forth in Section G below;

c.      To distribute the Net Settlement Amount to Settlement Class Members as set forth in Sections B.4–B.7 below.

4.      Plan of Allocation. The Net Settlement Amount will be distributed according to the following Plan of Allocation, subject to Court approval.  The Net Settlement Amount shall be allocated to Claimants who submit valid Claim Forms during the Claim Period establishing that they purchased, owned, or used a Siri Device, and that they experienced an unintended Siri activation during a confidential or private communication.

5.      Where reasonably practicable, Claim Forms for Settlement Class Members will be pre-populated with Settlement Class Member contact information.  The Claim Form will call for each Claimant to confirm or update their current contact information.

6.      The Claim Form will require that the Claimant confirm the following under oath:

a.      The Claimant purchased or owned a Siri Device in the United States or its territories, and enabled Siri on that device;

b.      The Claimant experienced at least one unintended Siri activation; and

**EXECUTION VERSION**

      c.    At least one unintended Siri activation experienced by the Claimant occurred during a conversation intended to be confidential or private.

7.    Settlement Class Members may submit claims for up to five Siri Devices on which they claim to have experienced an unintended Siri activation during a conversation intended to be confidential or private. Settlement Class Members who submit valid claims shall receive a pro rata portion of the Net Settlement Amount for a Class Payment up to a cap of $20 per Siri Device. The amount available to Settlement Class Members will increase or decrease pro rata depending on the total number of valid claims submitted, and Siri Devices claimed. Depending on the total number of valid claims, this Plan of Allocation is subject to modification by agreement of the Parties without further notice to members of the Settlement Class, provided any such modification is approved by the Court. Settlement Class Members will be given the option of providing information to the Settlement Administrator to receive payment by physical check, electronic check or Automated Clearing House ("ACH," a/k/a direct deposit).

8.    The Settlement Administrator will review all claims to determine their validity and eligibility under this Section. The Settlement Administrator will reject any claim that does not materially comply with the instructions on the Claim Form; is not submitted by a Settlement Class Member; or is duplicative or fraudulent. To the extent any Claim Form contains curable deficiencies, the Settlement Administrator shall inform the Claimant of the deficiency via email, or if no email address is available, by USPS mail, and provide 30 days to cure the deficiency. The Settlement Administrator's determinations on the validity and eligibility of Claims shall be final and non-appealable by Settlement Class Members.

9.    Upon completion of the Claim Period and after the completion of the Settlement Administrator's determination of validity and eligibility of Claims, the Settlement Administrator will provide Apple Counsel and Class Counsel a spreadsheet detailing the claims that were submitted, the Settlement Administrator's determination of validity and eligibility for each claim, and the reasoning for any rejected claims. Personally identifiable information will not be included in this spreadsheet. Apple Counsel and Class Counsel shall have 21 days after receiving this information to contest the Settlement Administrator's determination with respect to any of the submitted claims. Apple Counsel and Class Counsel shall meet and confer in good faith within ten (10) days of any contestation to reach resolution of any such disputed claim(s), and approval for a claim shall not be withheld without good cause. If Class Counsel and Apple Counsel cannot agree on a resolution of any such disputed claim(s), the disputed claim(s) shall be presented to the Court for summary and non-appealable resolution.

10.    For those Settlement Class Members who submitted a valid claim during the Claim Period, a transfer reflecting their payment shall be transmitted to Settlement Class Members within 60 calendar days after the Effective Date or as soon as practicable thereafter. Settlement Class Members who fail to submit a claim during the Claim Period will nonetheless be bound by the Settlement Agreement, including the releases set forth in Section H, unless they elect to exclude themselves through the procedure set forth in Section E.

11.    To the extent economically feasible, the Settlement Administrator shall follow up and communicate with Settlement Class Members who have not cashed their checks or whose ACH transfer failed within 60 days of the payment being provided.

**EXECUTION VERSION**

12.     Following distribution of the Gross Settlement Amount as set forth above, if ACH transfers to Settlement Class Members fail after 120 days or checks attributable to Settlement Class Members remain uncashed after 120 days after the Class Payment is distributed pursuant to Sections B.4–B.7 above, the funds attributable to those individuals shall be deemed forfeited and used to pay any unanticipated additional costs of Settlement administration as set forth in Section F.6 below.  Under no circumstances will Settlement funds revert to Apple.

13.     If after paying all Class Payments, Notice and administration expenses, and any Attorneys' Fees and Expenses Payment and Service Awards that may be approved by the Court, there are funds remaining in the Gross Settlement Amount, then Class Counsel and Apple Counsel shall meet and confer to discuss a proposal to present to the Court regarding a *cy pres* distribution. Under no circumstances will Settlement funds revert to Apple.

14.     <u>Non-Monetary Terms</u>.  Without admitting any liability or that it is required to do so by law, Apple agrees to the Non-Monetary Terms set forth in this paragraph.  Nothing described in this paragraph will inhibit, prevent, or limit Apple from making changes to its Privacy Policy or other disclosures, or changes to other terminology, from time to time, as it deems appropriate in the conduct of its business, provided that such changes are consistent with the terms described in this paragraph or necessary to comply with the law.

> a.     By six months after the Effective Date, Apple will confirm permanent deletion of individual Siri audio recordings collected by Apple prior to October 2019.

> b.     By six months after the Effective Date, Apple will publish a webpage further explaining (1) the process by which users may opt in to the "Improve Siri" option on Siri Devices, and (2) the information Apple stores from users who choose to opt in to Improve Siri.

**C.     <u>Obtaining Court Approval of the Agreement</u>**

1.     <u>Settlement Class</u>.  Solely for the purposes of Settlement and the proceedings contemplated herein, the Parties stipulate and agree that Plaintiffs will seek certification of the Settlement Class and appointment of Class Counsel, which Apple will not oppose.  The certification of the Settlement Class shall be binding only with respect to the Settlement set forth in the Settlement Agreement.

2.     Class Counsel will draft the motion requesting issuance of the Preliminary Approval Order and supporting papers and will provide those drafts to Apple Counsel of record in the Lawsuit at least three (3) days before filing.  The motion and any supporting papers shall be written in a neutral manner.  Apple will not oppose the motion.  Apple may, however, provide feedback concerning the drafts, and Class Counsel will meet and confer with Apple Counsel in good faith regarding Apple's feedback.

3.     Upon filing of the motion requesting issuance of the Preliminary Approval Order, Apple will provide timely notice of such motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA").  Apple will be solely responsible for the cost of the CAFA notice.

**EXECUTION VERSION**

4.      In accordance with the schedule set in the Preliminary Approval Order, Class Counsel will draft the motion requesting final approval of the Settlement, the Proposed Final Approval Order, and the Proposed Final Judgment, and will provide those drafts and drafts of any other supporting papers to Apple Counsel at least ten (10) days prior to filing.  The motion shall be written in a neutral manner. Apple may provide feedback concerning the motion, and Class Counsel will meet and confer with Apple Counsel in good faith regarding Apple's feedback.

5.      In the event that the Settlement Agreement is not approved, or in the event its approval is conditioned on any modifications (including modifications to the proposed form and method of notice) that are not acceptable to Apple, then (a) this Settlement Agreement shall be null and void and of no force and effect, (b) any payments of the Gross Settlement Amount and any and all interest earned thereon less monies expended toward Settlement administration, shall be returned to Apple within 10 business days from the date the Settlement Agreement becomes null and void, and (c) any release shall be of no force or effect.  In such event, the Lawsuit will revert to the status that existed before the Settlement Agreement's execution date, the Parties shall each be returned to their respective procedural postures so that the Parties may take such litigation steps that they otherwise would have been able to take absent the pendency of this Settlement, and neither the Settlement Agreement nor any facts concerning its negotiation, discussion, terms, or documentation shall be admissible in evidence for any purpose in this Lawsuit or in any other litigation.

## D.      <u>Objections</u>

1.      Any Settlement Class Member who has not submitted a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to the requested attorneys' fees and expenses or service awards, must comply with the following requirements.

2.      <u>Procedural Requirements</u>. Any objections from Settlement Class Members regarding the proposed Settlement Agreement, proposed Plan of Allocation, Attorneys' Fees and Expense Payment, or Service Awards must be submitted in writing to the Court.  If a Settlement Class Member does not submit a timely written objection, the Settlement Class Member will not be able to participate in the Final Approval Hearing.

3.      <u>Deadline</u>. Objections must be submitted by the Objection and Exclusion Deadline.

a.      If submitted through ECF, objections must be submitted on or before the Objection and Exclusion Deadline by 11:59 p.m. Pacific Time.

b.      If submitted by U.S. mail, objections must be postmarked by the Objection and Exclusion Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement will be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. In the event a postmark is illegible or unavailable, the date of mailing will be deemed to be three days prior to the date that the Court posts the objection on the electronic case docket.

4.      <u>Mandatory Content</u>. All objections must be in writing and must:

**EXECUTION VERSION**

      a.      Include the full name, address, telephone number, and email address of the objector and any counsel representing the objector;

      b.      Clearly identify the case name and number: *Lopez et al. v. Apple Inc*., Case No. 4:19-cv-04577 (N.D. Cal.);

      c.      Include information sufficient to verify that the objector is a Settlement Class Member;

      d.      Include a detailed statement of the grounds and evidence upon which the objection is based;

      e.      State whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

      f.      Include a list of all cases in which the objector or his or her counsel has filed an objection within the past five years; and

      g.      Be personally signed and dated by the objector.

      5.      Settlement Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, or through appeal, collateral attack, or otherwise.

      6.      Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel. Any objector wishing to appear and be heard at the Final Approval Hearing must include a Notice of Intention to Appear in the body of the objector's objection. If an objector makes an objection through an attorney, the objector shall be solely responsible for the objector's attorneys' fees and expenses. Counsel for any objector seeking to appear at the Final Approval Hearing must enter a Notice of Appearance no later than 14 days before that hearing.

      7.      At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement or encourage an appeal from the Court's Final Approval Order.

      8.      A Settlement Class Member who objects to the Settlement may also submit payment information, which shall be processed in the same manner as all other payment information.

      9.      The Class Representatives, Class Counsel, and/or Apple may file responses to any timely written objections no later than seven (7) days prior to the Final Approval Hearing.

**E.      Exclusions**.

      1.      <u>Requests for Exclusion</u>. The Email Notice, as well as the Full Class Notice, will advise all members of the Settlement Class of their right to exclude themselves from the

**EXECUTION VERSION**

Settlement. This Settlement Agreement will not bind members of the Settlement Class who exclude themselves from the Settlement. No member of the Settlement Class (or any other person) may request exclusion from the Settlement Class for anyone but himself, herself, or themself.

2.    <u>Requesting Process</u>. To request to be excluded from the Settlement, members of the Settlement Class must timely submit a written request for exclusion. The request for exclusion may be sent by U.S. mail to the Settlement Administrator, which will be responsible for receiving and processing requests for exclusion. The request for exclusion must include the Settlement Class Member's name, address, and telephone number, be personally signed and dated by the Settlement Class Member, and contain a clear request that the individual would like to "opt out" or be excluded, by use of those or other words clearly indicating a desire not to participate in the Settlement.

3.    <u>Deadline</u>. To be excluded from the Settlement, the request for exclusion must be postmarked by the Objection and Exclusion Deadline.

4.    <u>Effect of Exclusion</u>. Any person who is a member of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Agreement; shall not be eligible to apply for or receive any benefit under the terms of the Agreement; and shall not be entitled to submit an objection to the Settlement. If a Settlement Class Member submits both a Claim Form and a timely exclusion request, the exclusion shall take precedence and be considered valid and binding unless it is withdrawn.

5.    <u>Exclusion List</u>. No later than 14 days after the Objection and Exclusion Deadline, the Settlement Administrator will provide Class Counsel and Apple Counsel with the number of persons who have timely and validly excluded themselves from the Settlement. If the number of Settlement Class members who elect to exclude themselves from the Settlement Class exceeds the threshold agreed to by the Parties and confidentially submitted to the Court in camera, Apple, in its sole discretion, may elect to reject this Settlement, in which case the entire Agreement shall be null and void. Alternatively, Apple may elect to waive this condition and proceed with the Settlement. Any such waiver by Apple must be unambiguous and in writing.

**F.    Notice and Settlement Administration**

1.    Notice and Settlement administration will be performed by Angeion Group, subject to approval by the Court. The Settlement Administrator will be paid from the Gross Settlement Amount.

2.    The Settlement Administrator shall perform the duties, tasks, and responsibilities associated with providing Notice and administering the Settlement, including the following: (a) preparing and disseminating Notice to the Settlement Class substantially in the forms attached hereto as Exhibits A-C; (b) working with the Parties to develop a plan for Publication Notice; (c) maintaining the Settlement website; (d) communicating with Settlement Class Members for the purpose of administering and processing their claims, including keeping track of requests for exclusion and objections to the Settlement, including maintaining the original envelope in which they were mailed (or an electronic copy thereof); (e) delivering to Apple Counsel and Class Counsel copies of any requests for exclusion, objections, or, upon request of Apple Counsel or

**EXECUTION VERSION**

Class Counsel, other written or electronic communications from the Settlement Class; (f) determining the validity of claims and making distributions to Settlement Class Members; (g) performing any tax reporting duties required by this Agreement and federal, state, or local law; (h) maintaining adequate records of all its activities, including the dates of transmission of Notice, Full Class Notice, and Email Notice, returned mail, and other communications and attempted written or electronic communications with the Settlement Class; (i) advising on whether supplemental notice is necessary; (j) confirming in writing its completion of the administration of the Settlement; and (k) such other tasks as Apple Counsel and Class Counsel mutually agree.

3.    Apple will provide by secure means to the Settlement Administrator (but not to Class Counsel) the names, last known mailing addresses, and email addresses for all members of the Settlement Class for whom it has records no later than thirty (30) days after entry of the Preliminary Approval Order.  The Settlement Administrator will administer the Notice described herein and in accordance with the Preliminary Approval Order. The Settlement Administrator will keep identities and contact information of members of the Settlement Class strictly confidential, using them only for purposes of administrating this Settlement. In consultation with the Parties, the Settlement Administrator may utilize methods to correct any incorrect email addresses of Settlement Class members for purposes of effectuating Notice.

4.    Notice will be provided via email to members of the Settlement Class for whom Apple has an email address and for whom the Settlement Administrator is able to identify email addresses.  The Settlement Administrator shall publish in a digital media campaign, and may potentially publish in print publications, a Publication Notice substantially in the form of Email Notice and Full Class Notice as described below.  The Publication Notice shall inform Settlement Class Members of the fact of the Settlement and that Settlement information is available on the Settlement Website. Following dissemination of Email Notice and Publication Notice, the Parties will confer with the Settlement Administrator to determine whether additional email, direct postcard, or publication notice to some or all of the Settlement Class is warranted and cost-effective.

5.    The Parties agree upon and will seek Court approval of the following forms and methods of notice to members of the Settlement Class:

a.    **Settlement Website**. The Settlement Administrator will establish and maintain a Settlement Website with a mutually acceptable domain name. The Settlement Website will be optimized for viewing on both mobile devices and personal computers.  The Settlement Website will include, without limitation, the Full Class Notice in downloadable PDF format, this Agreement, the operative Second Amended Complaint and Apple's Answer thereto, the Preliminary Approval Order as entered and publicly filed motion papers and declarations in support thereof, Plaintiffs' motion for attorneys' fees and expenses, Plaintiffs' motion for final approval of class action settlement, a set of frequently asked questions and answers, and information on how to object or request exclusion, as well as contact information for Class Counsel and the Settlement Administrator.  The Settlement website will include a readily accessible means for members of the Settlement Class to electronically submit a Claim Form and their

**EXECUTION VERSION**

payment information. The Settlement Website will explain how Class Payment will be distributed. The Settlement Website shall remain accessible until thirty (30) calendar days after the Settlement Administrator has completed its obligations under this Settlement Agreement.

b.  **Toll-Free Number**. The Settlement Administrator will establish a toll-free telephone number (the "Toll-Free Number") where members of the Settlement Class can receive instructions for accessing Settlement information and case documents.

c.  **Email Notice**. The Settlement Administrator will email each member of the Settlement Class for whom an email address can be identified a copy(ies) of the Email Notice substantially in the form attached hereto as Exhibit B.

d.  **Postcard Notice**. Following dissemination of Email Notice and Publication Notice, the parties will confer with the Settlement Administrator to determine whether additional email, direct postcard or publication notice to some or all of the Settlement Class is warranted and cost-effective. To the extent a postcard notice is sent, the Settlement Administrator may mail to each such member of the Settlement Class the postcard notice substantially in the form attached hereto as Exhibit C. Before mailing the postcard notice, the Settlement Administrator shall update the addresses provided by Apple with the National Change of Address database. All postcard notices returned by the U.S. Postal Service with a forwarding address will be re-mailed to that address.

e.  **Full Class Notice**. The Settlement Administrator shall post the Full Class Notice on the Settlement Website and mail or email the Full Class Notice to any Settlement Class member who requests a copy.

f.  **Publication Notice**. The Parties and Settlement Administrator shall develop a publication notice plan to be submitted to the Court for approval as described in Section F.4. Apple shall approve the content, design, layout, placement, medium, timing, duration, targeting parameters, and target audience for all publications, posts, and advertisements under this Section, and approval shall not be withheld without good cause. The Publication Notice shall inform Settlement Class Members of the fact of the Settlement and that Settlement information is available on the Settlement Website.

6.  Based on information provided by the Parties to date, the Settlement Administrator has agreed to perform all settlement notice and administration duties required by the Settlement Agreement at a cost of approximately $5,975,000. This amount shall cover all costs and expenses related to the Settlement administration functions to be performed by the Settlement Administrator, including providing Notice and the Settlement Website, and performing the other administration processes described in this Agreement, based on the assumptions provided to the Settlement Administrator. In the event that unanticipated costs and expenses arise in connection with the notice and/or administration process, such that they exceed the estimated amount of $5,975,000,

13

**EXECUTION VERSION**

the Settlement Administrator shall promptly raise the matter with Apple Counsel and Class Counsel as soon as practicable after becoming aware of the unanticipated costs and expenses. If both Apple Counsel and Class Counsel, acting in good faith, agree that unanticipated costs and expenses justify an increase to the amount payable to the Settlement Administrator in excess of the agreed-upon estimate, then the amount in excess of the estimated amount shall be paid for exclusively from the Gross Settlement Amount. Under no circumstances will Apple be responsible for any costs of Settlement administration in excess of its contribution to the Gross Settlement Amount.

7.      The Full Class Notice and Settlement Website shall provide information on the procedure by which members of the Settlement Class may request exclusion or submit an objection to the Settlement. Other forms of Notice will direct Settlement Class Members to review the Full Class Notice and Settlement Website for these procedures.

**G.      Attorneys' Fees, Expenses, and Service Awards**

1.      Class Counsel will apply to the Court for Service Awards for the Named Plaintiffs not to exceed $10,000 per person. The Service Awards are not a measure of damages, but instead are solely an award for the Named Plaintiffs' services, time, and effort on behalf of the members of the Settlement Class. Apple reserves the right to object to or oppose Class Counsel's requests for Service Awards. Service Awards approved by the Court shall be paid from the Gross Settlement Amount. Class Counsel shall provide Form W-9s for the Named Plaintiffs receiving a Service Award, and for Class Counsel, within 5 days after the Effective Date. The Settlement Administrator shall distribute the Service Awards to accounts specified by Class Counsel no later than 10 days after the later of the Effective Date or the receipt of the Named Plaintiffs' Form W-9s. provided there are no appeals that delay the Effective Date from occurring, or, if an appeal is filed to challenge final approval, within 35 days after the Effective Date. This Settlement is not conditioned upon the Court awarding the amounts sought by the Named Plaintiffs as a Service Award. If the amounts awarded by the Court are less than what was sought by the Named Plaintiffs, the remaining provisions of this Settlement Agreement shall be binding and effective.

2.      The Parties have reached no agreement on the amount of attorneys' fees and expenses that Plaintiffs' Counsel will seek from the Gross Settlement Amount. Plaintiffs' Counsel will apply to the Court for reasonable fees and expenses from the Gross Settlement Amount, Apple reserves the right to object to or oppose Class Counsel's requests for attorneys' fees and expenses. Plaintiffs' Counsel reserve their rights to oppose any objection by Apple. The Settlement Administrator shall pay Plaintiffs' Counsel any Court-approved Attorneys' Fees and Expense Payment no later than 10 days after the later of the Effective Date or the receipt of Plaintiffs' Counsel's Form W-9s, provided there are no appeals that delay the Effective Date from occurring, or, if an appeal is filed to challenge final approval, within 35 days after the Effective Date. Plaintiffs' Counsel's Motion for attorneys' fees and expenses shall be filed at least 35 days before the Objection and Exclusion Deadline and shall be posted on the Settlement Website within 3 days of it being filed.

3.      In no event shall Apple have any liability to any Plaintiffs' Counsel, or any other counsel who have represented Named Plaintiffs at any time in this Lawsuit, regarding the allocation of the fee and expense payment among Plaintiffs' Counsel.

**EXECUTION VERSION**

4.    Apple shall not be liable for any additional fees or expenses of Named Plaintiffs or any members of the Settlement Class in connection with the Lawsuit.  Plaintiffs' Counsel agree that they will not seek any additional fees or costs from Apple in connection with the Lawsuit or the Settlement of the Lawsuit beyond the approved Attorneys' Fees and Expense Payment.  Apple expressly agrees that it will not seek to recover its Court costs, attorneys' fees, or expenses once the Court enters a Final Approval Order and Final Judgment.

5.    This Settlement is not conditioned upon the Court awarding the amounts sought by Plaintiffs' Counsel as a fee and expense payment.  If the amounts awarded by the Court are less than what was sought by Plaintiffs' Counsel, the remaining provisions of this Settlement Agreement shall be binding and effective.

## H.    <u>Releases</u>

1.    Except as otherwise set forth herein or as to obligations created hereby, upon the Effective Date, Named Plaintiffs and Settlement Class Members, on their own behalf and on behalf of their present and former principals, agents, servants, partners, joint venturers, employees, contractors, predecessors, assigns, heirs, spouses, beneficiaries, executors, administrators, representatives, insurers, underwriters, accountants, and lawyers (collectively, the "Releasing Parties"), separately and collectively, will release and discharge Apple and each of its present and former principals, agents, servants, partners, joint venturers, directors, officers, managers, employees, contractors, predecessors, successors, assigns, administrators, representatives, parents, shareholders, subsidiaries, affiliates, insurers, underwriters, accountants, and lawyers (collectively, the "Apple Released Parties"), separately and collectively, from any and all damages, suits, claims, debts, demands, assessments, obligations, liabilities, attorneys' fees, costs, expenses, rights of action and causes of action, of any kind or character whatsoever, whether based on contract (express, implied, or otherwise), statute, or any other theory of recovery, and whether for compensatory or punitive damages, and whether asserted or unasserted, known or unknown, suspected or unsuspected, occurring before the Effective Date of the Settlement (the "Named Plaintiffs and Settlement Class Members' Released Matters") arising out of or related to the allegations in the Complaint or the facts underlying the Complaint, including claims that, without the user's consent, Apple recorded, disclosed to third parties, or failed to delete, conversations recorded as the result of a Siri activation.  This release will include claims relating to the Named Plaintiffs and Settlement Class Members' Released Matters of which the Releasing Parties are presently unaware or which the Releasing Parties do not presently suspect to exist which, if known to the Releasing Parties, would materially affect the Releasing Parties' release of the Apple Released Parties.

2.    Except as otherwise set forth herein or as to obligations created hereby, Apple will be deemed to have completely released and forever discharged Plaintiffs and Class Counsel from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Lawsuit, except for claims relating to the enforcement

**EXECUTION VERSION**

of the Settlement or this Agreement, and for the submission of false or fraudulent claims for Settlement benefits.

3.      The Parties mutually and expressly acknowledge and agree that this Agreement fully and finally releases and fully resolves the claims released in Sections H.1 and H.2 above, including any claims that may not be known. Accordingly, the Parties expressly waive all of their rights under Cal. Civil Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

4.      The Parties also expressly waive all rights under any other statutes, legal decisions, or common law principles of similar effect to Cal. Civil Code § 1542, whether under the law of California or any other jurisdiction.

5.      The Parties are aware that they may hereafter discover claims or facts in addition to or different from those they now know or believe to be true with respect to the matters underlying the Lawsuit. In furtherance of the Parties' intent, the release of the Named Plaintiffs and Settlement Class Members' Released Matters shall remain in full and complete effect notwithstanding discovery or existence of any additional or different claims or facts.

6.      The amount of the Class Payment pursuant to this Agreement will be deemed final and conclusive against all Settlement Class Members, who will be bound by all of the terms of this Agreement and the Settlement, including the terms of the judgment to be entered in the Lawsuit and the releases provided for herein.

7.      No person shall have any claim of any kind against the Parties, their counsel, or the Settlement Administrator with respect to the Settlement and the matters set forth herein, or based on determinations or distributions made substantially in accordance with this Agreement, the Final Approval Order, the Final Judgment, or further order(s) of the Court.

**I.**      <u>Apple's Denial of Liability; Agreement As Defense In Future Proceedings</u>

1.      This Agreement is made in compromise of any and all claims that Plaintiffs have or may have against Apple related in any way to the Lawsuit, including all claims, allegations, and products discussed therein. This Agreement shall not be construed in any fashion as an admission of liability or wrongdoing by Apple. Apple specifically denies having engaged in any wrongdoing whatsoever. Plaintiffs and their counsel further agree that this Agreement shall not be admissible in any court or other forum for any purpose other than the enforcement of its terms or if required for legal or accounting purposes.

2.      To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action

**EXECUTION VERSION**

or proceeding to establish any liability or admission by Apple, or to establish the truth of any of the claims or allegations alleged in the Lawsuit.

3.    Neither the Agreement nor anything that the Parties said or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of any Party's fault, liability, or wrongdoing of any kind, nor as an admission of any lack of merit of the causes of action asserted in the Lawsuit.

4.    To the extent permitted by law, the Agreement may be pleaded or invoked as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for the Named Plaintiffs and Settlement Class Members' Released Matters.

**J.    Miscellaneous**

1.    <u>Extensions of Time</u>. All time periods and dates described in this Agreement are subject to the Court's approval.  Unless otherwise ordered by the Court, the Parties through their counsel may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.  These time periods and dates may be changed by the Court or the Parties' counsel's written consent without notice to the Settlement Class.

2.    <u>Entire Agreement</u>. This Settlement Agreement contains the entire agreement between the Parties and constitutes the complete, final, and exclusive embodiment of their agreement with respect to the Lawsuit.  This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

3.    <u>Applicable Law and Jurisdiction</u>. The laws of the State of California, without regard to its conflict or choice of law provisions, shall govern this Agreement.  The Parties agree that any dispute relating to this Settlement Agreement shall be subject to the exclusive jurisdiction of the United States District Court for the Northern District of California.  Each Party submits itself to the exclusive jurisdiction and venue of that court.  If any such action is brought, the prevailing party shall be entitled to recover reasonable attorneys' fees.

4.    <u>Gender and Plurals</u>. As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

5.    <u>Survival of Warranties and Representations</u>. The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

6.    <u>Cooperation of Parties</u>. The Parties to this Agreement and their counsel agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete and obtain approval of the Settlement.

7.    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

**EXECUTION VERSION**

        8.    <u>Severability</u>. If any provision of this Settlement Agreement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement Agreement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement Agreement or, if that proves unavailing, either Party can terminate the Settlement Agreement without prejudice to any Party.

        9.    <u>Warranties and Representations</u>. Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.  This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.  The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing.  Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement.  Accordingly, in any construction or interpretation to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties or their counsel.  The Settlement Agreement has been, and must be construed to have been, drafted by all Parties and their counsel, so that any rule that construes ambiguities against the drafter will have no force or effect.

        10.    <u>Communications</u>. All communications required under this Agreement shall be in writing and shall be sent overnight and regular mail to the addressees listed below:

If to Apple:

    Apple Inc.
    1 Apple Park Way, MS:60-1NYJ
    Cupertino, California 95014
    Attn: Chief Litigation Counsel

With copy to:

    Arturo J. González
    AGonzalez@mofo.com
    Alexis A. Amezcua
    AAmezcua@mofo.com
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105-2482
    Tel.: 415.268.7000
    Fax: 415.268.7522

If to Plaintiffs:

    Christian Levis
    LOWEY DANNENBERG, P.C.
    44 South Broadway, Suite 1100

**EXECUTION VERSION**

> White Plains, NY 10601
> Telephone: (914) 997-0500
> Facsimile: (914) 997-0035
> clevis@lowey.com
>
> Joseph P. Guglielmo
> Erin Green Comite
> SCOTT+SCOTT ATTORNEYS AT LAW LLP
> The Helmsley Building
> 230 Park Avenue, 24th Floor
> New York, NY 10169-1820
> Telephone: (212) 223-6444
> Facsimile: (212) 223-6334
> jguglielmo@scott-scott.com
> ecomite@scott-scott.com

11.    <u>Modification and Amendment.</u> This Agreement may be amended or modified only by a written instrument signed by the Parties' counsel and approved by the Court.

12.    Any and all disputes arising out of or related to the Settlement or this Settlement Agreement must be brought by the Parties and/or each member of the Settlement Class exclusively in this Court. The Parties and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or related to the Settlement or this Agreement.

**EXECUTION VERSION**

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below.


_____
Fumiko Lopez
Plaintiff


_____
Fumiko Lopez as guardian of A.L., a minor
Plaintiff


_____
John Troy Pappas
Plaintiff


_____
David Yacubian
Plaintiff


_____
Mark N. Todzo
LEXINGTON LAW GROUP
For the Plaintiffs


_____
Christian Levis
LOWEY DANNENBERG, P.C.
For the Plaintiffs


_____
Erin Green Comite
SCOTT+SCOTT ATTORNEYS AT LAW LLP
For the Plaintiffs

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below.

_____
Fumiko Lopez
Plaintiff

_____
Fumiko Lopez as guardian of A.L., a minor
Plaintiff

_____
John Troy Pappas
Plaintiff

_____
David Yacubian
Plaintiff

_____
*Mark Todzo*
Mark Todzo [Dec 31, 2024 17:54 PST]
Mark N. Todzo
LEXINGTON LAW GROUP
For the Plaintiffs

_____
Christian Levis
LOWEY DANNENBERG, P.C.
For the Plaintiffs

DocuSigned by:
*Erin Comite*
E71A8DB73E35469...
_____
Erin Green Comite
SCOTT+SCOTT ATTORNEYS AT LAW LLP

sf-6260521.1

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below.

Signed by:

*Fumiko Rodriguez*

2C9EF236F9824F3...

_____

Fumiko Lopez
Plaintiff

Signed by:

*Fumiko Rodriguez*

2C9EF236F9824F3...

_____

Fumiko Lopez as guardian of A.L., a minor
Plaintiff

_____

John Troy Pappas
Plaintiff

_____

David Yacubian
Plaintiff

_____

Mark N. Todzo
LEXINGTON LAW GROUP
For the Plaintiffs

_____

Christian Levis
LOWEY DANNENBERG, P.C.
For the Plaintiffs

_____

Erin Green Comite
SCOTT+SCOTT ATTORNEYS AT LAW LLP

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below.

_____
Fumiko Lopez
Plaintiff

_____
Fumiko Lopez as guardian of A.L., a minor
Plaintiff

_____
John Troy Pappas
Plaintiff

_____
David Yacubian
Plaintiff

_____
Mark N. Todzo
LEXINGTON LAW GROUP
For the Plaintiffs

_____
Christian Levis
LOWEY DANNENBERG, P.C.
For the Plaintiffs

_____
Erin Green Comite
SCOTT+SCOTT ATTORNEYS AT LAW LLP

20

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below.

_____
Fumiko Lopez
Plaintiff


_____
Fumiko Lopez as guardian of A.L., a minor
Plaintiff


_____
John Troy Pappas
Plaintiff


_____
David Yacubian
Plaintiff


_____
Mark N. Todzo
LEXINGTON LAW GROUP
For the Plaintiffs


_____
Christian Levis
LOWEY DANNENBERG, P.C.
For the Plaintiffs


_____
Erin Green Comite
SCOTT+SCOTT ATTORNEYS AT LAW LLP
For the Plaintiffs

20

For the Plaintiffs



_____
E. Kirk Wood
WOOD LAW FIRM
For the Plaintiffs

_____
Alexis A. Amezcua
MORRISON & FOERSTER LLP
For the Defendant Apple Inc.

_____
Jennifer Brown
Director, Commercial Litigation
Apple Inc.

sf-6260521.1

_____
E. Kirk Wood
WOOD LAW FIRM
For the Plaintiffs


_____
Alexis A. Amezcua
MORRISON & FOERSTER LLP
For the Defendant Apple Inc.


_____
Jennifer Brown
Director, Commercial Litigation
Apple Inc.

21

_____
E. Kirk Wood
WOOD LAW FIRM
For the Plaintiffs


_____
Alexis A. Amezcua
MORRISON & FOERSTER LLP
For the Defendant Apple Inc.


_____
Jennifer Brown
Director, Commercial Litigation
Apple Inc.

# EXHIBIT A

**(To the Settlement Agreement)**

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*A court authorized this Notice.  This is not a solicitation from a lawyer.*

---

## If you owned or purchased a Siri-enabled device and experienced an unintended Siri activation during a confidential or private communication between September 17, 2014 and December 31, 2024, you should read this Notice as it may impact your legal rights

- A settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit brought on behalf of current or former owners or purchasers of a Siri-enabled iPhone, iPad, Apple Watch, MacBook, iMac, HomePod, iPod touch, or Apple TV ("Siri Device/Devices") whose confidential or private communications were allegedly obtained by Apple and/or shared with third parties as a result of an unintended Siri activation.  Apple denies all of the allegations made in the lawsuit and denies that Apple did anything improper or unlawful.

- The Settlement provides for a $95 million fund for payments to Settlement Class Members who are individual current or former owners or purchasers of a Siri Device, who reside in the United States or its territories, and whose confidential communications were obtained by Apple and/or were shared with third parties as a result of an unintended Siri activation.  The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns.  Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate families.  The Class Period is September 17, 2014 to December 31, 2024.

- If you believe you are a Settlement Class Member, you must submit a valid Claim Form to get a payment from the Settlement.  Settlement Class Members may submit claims for up to five Siri Devices on which they claim to have experienced an unintended Siri activation during a conversation intended to be confidential or private.  Settlement Class Members who submit valid claims shall receive a pro rata portion of the Net Settlement Amount for a Class Payment of up to a cap of $20 per Siri Device. The amount available to Settlement Class Members will increase or decrease pro rata depending on the total number of valid claims submitted, and Siri Devices claimed.  Depending on the total number of valid claims, this Plan of Allocation is subject to modification by agreement of the Parties without further notice to Settlement Class Members, provided any such modification is approved by the Court. The final amount will not be known until all claims are evaluated.  Please see the information in this Notice concerning payments.

- Visit **www.Lopezvoiceassistantsettlement.com** to make a claim.  If you received an email or postcard with a Claim Identification Code and a Confirmation Code notifying you about the Settlement, use these codes when making a claim.   If you did not receive an email or postcard about the Settlement and don't have these codes but believe you are a member of the Settlement

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

Class, you may still make a claim by going to **www.Lopezvoiceassistantsettlement.com** to make a claim and following the instruction on how to submit a Claim Form.

- You can also opt out of or object to the Settlement.

- Your rights are affected whether you act or don't act.  Please read this Notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | |
|---|---|---|
| **Option** | **Explanation** | **Deadline** |
| Stay in the Settlement Class, File a Claim Form, and Receive a Payment | If you receive an email or postcard notifying you that you may be a member of the Settlement Class, or you believe that you are a member of the Settlement Class, you must submit a valid Claim Form to receive a Class Payment.<br><br>The Claim Form requires that you confirm or update your current contact information and confirm the following under oath: from September 17, 2014 to December 31, 2024 (i)  you purchased or owned a Siri Device in the United States or its territories and enabled Siri on that device, (ii) you experienced an unintended Siri activation, and (iii) the unintended Siri activation occurred during a conversation intended to be confidential or private.  You may submit a Claim Form for up to five Siri Devices.<br><br>This is the only way to get a payment.<br><br>By receiving a payment, Settlement Class Members will give up rights and be bound by the Settlement. | [DATE] |
| Exclude Yourself | Get no payment.<br><br>This is the only option that allows you to keep your right to bring any other claim against Apple arising out of or related to the claims in this case. | [DATE] |

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

| Comment On or Object to the Settlement and/or Attend a Hearing | You can write to the Court about why you like or do not like the Settlement.<br><br>You cannot ask the Court to order a larger settlement. | [DATE] |
|---|---|---|
| Do Nothing | Give up rights and be bound by the Settlement. | |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................ **5**
  1.  Why did I get this Notice? ................................................................................ 5
  2.  What is this lawsuit about? ............................................................................... 5
  3.  What is a class action? ..................................................................................... 5
  4.  Why is there a Settlement? .............................................................................. 5
**WHO IS IN THE SETTLEMENT?** ............................................................................... **6**
  5.  Who is in the Settlement? ................................................................................ 6
  6.  What should I do if I am still not sure whether I am included? ....................... 6
**THE SETTLEMENT BENEFITS** ................................................................................. **6**
  7.  What does the Settlement provide? .................................................................. 6
  8.  Who can get money from the Settlement, and how much? .............................. 6
  9.  What am I giving up if I stay in the Class? ...................................................... 7
**HOW TO GET A PAYMENT** ........................................................................................ **7**
  10.  How can I get a payment? ................................................................................ 7
  11.  When will I get my payment? .......................................................................... 7
  12.  How can I verify or update my mailing address? ............................................ 7
**THE LAWYERS REPRESENTING THE CLASS** ...................................................... **8**
  13.  Do I have a lawyer in the case? ....................................................................... 8
  14.  Should I get my own lawyer? .......................................................................... 8
  15.  How will the lawyers be paid? ......................................................................... 8
**EXCLUDING YOURSELF FROM THE SETTLEMENT** ......................................... **8**
  16.  How do I get out of the Settlement? ................................................................ 8
  17.  If I don't opt out, can I sue Apple for the same thing later? ........................... 9
  18.  What happens if I opt out? ............................................................................... 9
**OBJECTING TO THE SETTLEMENT** ....................................................................... **9**
  19.  How do I tell the Court if I do not like the Settlement? .................................. 9
  20.  What is the difference between objection and excluding? ............................. 10
**THE COURT'S FINAL APPROVAL HEARING** ...................................................... **10**

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

21.   When and where will the Court decide whether to approve the Settlement? ............... 10

22.   Do I have to come to the Final Approval Hearing? ........................................ 11

23.   May I speak at the hearing? ...................................................................... 11

**IF I DO NOTHING** .........................................................................................**11**

24.   What happens if I do nothing at all? .......................................................... 11

**GETTING MORE INFORMATION** .............................................................**11**

25.   Are more details about the Settlement available? ........................................ 11

26.   How do I get more information? ................................................................ 12

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

## BASIC INFORMATION

**1.     Why did I get this Notice?**

A court authorized this Notice because owners and purchasers of Siri Devices have the right to know about a legal settlement.  If you qualify as a Settlement Class Member, you can get a payment.

**To find out if you qualify, see Questions 5-6 below.**

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Judge Jeffrey S. White, of the United States District Court for the Northern District of California is in charge of this case and will decide whether to approve the Settlement.  The case is entitled *Lopez et al. v. Apple Inc.*, Case No. 4:19-cv-04577 (N.D. Cal.).  PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

If you have questions about the Settlement, you can visit the website **www.Lopezvoiceassistantsettlement.com**, call toll-free 1-[XXX-XXX-XXXX], or write to the Settlement Administrator at the address below for more information.

[Placeholder for Settlement Administrator address]

**2.     What is this lawsuit about?**

Plaintiffs alleged that confidential or private communications by current or former owners or purchasers of Siri Devices were obtained by Apple and/or shared with third parties as a result of an unintended Siri activation, and brought claims including alleged violation of consumer protection laws and privacy laws.  Apple denies all of the allegations made in the lawsuit and denies that Apple did anything improper or unlawful.  Apple asserts numerous defenses to the claims in this case.  The proposed settlement to resolve this case is not an admission of guilt or wrongdoing of any kind by Apple.

**3.     What is a class action?**

In a class action, one or more individuals and/or entities called "class representatives" sue on behalf of themselves and other individuals and/or entities who have similar claims.  This group of individuals and/or entities is called the "class," and the individuals and/or entities in the class are called "class members."  One court resolves the issues for all class members, except for people who exclude themselves from the class.

**4.     Why is there a Settlement?**

The Court did not decide in favor of the Plaintiffs or Apple.  Instead, both sides agreed to a Settlement.  That way, they avoid the costs and risks of a trial, and the allegedly affected Settlement

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

Class Members can get benefits or compensation.  The class representatives and their attorneys think the Settlement is best for the Class.

## WHO IS IN THE SETTLEMENT?

**5.      Who is in the Settlement?**

The Settlement Class includes all individual current or former owners or purchasers of a Siri Device, who reside in the United States or its territories, whose confidential or private communications were obtained by Apple and/or were shared with third parties as a result of an unintended Siri activation.  The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers and employees; Apple's legal representatives, successors, and assigns; and judicial officers assigned to this case and their staff and immediate families.  The Class Period is September 17, 2014 to December 31, 2024.

**6.      What should I do if I am still not sure whether I am included?**

If you are still not sure whether you are included in the Settlement Class, you can visit the website **www.Lopezvoiceassistantsettlement.com**, call toll-free 1-[XXX-XXX-XXXX], or write to the Settlement Administrator at the address below for more information.

[Placeholder for Settlement Administrator address]

## THE SETTLEMENT BENEFITS

**7.      What does the Settlement provide?**

Apple will pay $95 million into a settlement fund.  After deduction of the costs of notice and settlement administration, taxes, any award of attorneys' fees, litigation costs, and any Service Awards for the Class Representatives, the Net Settlement Amount will be distributed to Settlement Class Members in accordance with a plan of allocation that accounts for the number of valid claims submitted by the Settlement Class Members.  The plan of allocation is described in detail in the Settlement Agreement available at **www.Lopezvoiceassistantsettlement.com**.

We will not know the final amounts until the Settlement Administrator determines the total number of eligible Settlement Class Members who submitted valid claims.

**8.      Who can get money from the Settlement, and how much?**

Settlement Class Members must submit a valid Claim Form to receive payment from the Settlement.  Settlement Class Members who submit valid claims shall receive a pro rata portion of the Net Settlement Amount for a Class Payment of up to a cap of $20 per Siri Device. The amount available to Settlement Class Members will increase or decrease pro rata depending on the total number of valid claims submitted, and Siri Devices claimed.  Depending on the total number of valid claims, this Plan of Allocation is subject to modification by agreement of the Parties without further notice to Settlement Class Members, provided any such modification is approved by the Court. The final amount will not be known until all claims are evaluated.  The plan of allocation

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

is described in detail in the Settlement Agreement available at **www.Lopezvoiceassistantsettlement.com**.

**9.    What am I giving up if I stay in the Class?**

Unless you exclude yourself with an opt-out request (*see* Question 16), you cannot sue, continue to sue, or be part of any other lawsuit against Apple arising out of or related to the claims in this case. The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain a Settlement Class Member. The Settlement Agreement can be viewed at **www.Lopezvoiceassistantsettlement.com**.

**HOW TO GET A PAYMENT**

**10.    How can I get a payment?**

In order to receive a payment, you must complete and submit a valid Claim Form by [**date**]. You can submit claims for up to five Siri Devices. The Claim Form requires that you confirm or update your current contact information and confirm the following under oath: from September 17, 2014 to December 31, 2024 (i) you purchased or owned Siri Device in the United States or its territories and enabled Siri on that device, (ii) you experienced an unintended Siri activation, and (iii) the unintended Siri activation you experienced occurred during a conversation intended to be confidential or private.

- You can access the Claim Form on www.Lopezvoiceassistantsettlement.com. If you received an email or postcard with a Claim ID number notifying you about the Settlement, use your Claimant Identification Code and Confirmation Code when making a claim. If you did not receive an email or postcard about the Settlement and don't have a Claim ID, but believe you are a member of the Settlement Class, you may still make a claim by going to **www.Lopezvoiceassistantsettlement.com** and following the instruction on how to submit a Claim Form. You may elect to receive payment by physical check, electronic check, or Automated Clearing House ("ACH," a/k/a direct deposit). If you do not complete and submit a valid Claim Form, you will not receive a payment.

**11.    When will I get my payment?**

The Court will hold a hearing on _____, 2025, at __:00 _.m. (the "Final Approval Hearing"), to decide whether to approve the Settlement. The Court may move the Final Approval Hearing to a different date or time without providing further Notice to the Class. The date and time of the Final Approval Hearing can be confirmed at **www.Lopezvoiceassistantsettlement.com**. If the Settlement is approved, there may be appeals. The appeal process can take time. If there is no appeal, your settlement benefit will be processed promptly. Please be patient.

Updates regarding the Settlement and when payments will be made will be posted at **www.Lopezvoiceassistantsettlement.com**.

**12.    How can I verify or update my mailing address?**

**QUESTIONS?  CALL -_____ OR VISIT**
**WWW.LOPEZVOICEASSISTANTSETTLEMENT.COM**
7

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

See Question 10, above.

## THE LAWYERS REPRESENTING THE CLASS

**13.    Do I have a lawyer in the case?**

Yes.  The Court appointed Christian Levis of Lowey Dannenberg, P.C. and Erin Green Comite Scott + Scott Attorneys at Law LLP to represent you and the other Class Members.  These firms are called Class Counsel.  You will not be charged for their services.

**14.    Should I get my own lawyer?**

You do not need to hire your own lawyer, as Class Counsel is working on your behalf.  If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services.  For example, you can ask your own lawyer to appear in Court if you want someone other than Class Counsel to speak for you.  You may also appear for yourself without a lawyer.

**15.    How will the lawyers be paid?**

Plaintiffs' Counsel will ask the Court for an award of attorneys' fees of up to 30% of the Settlement Fund, litigation expenses of up to $1,100,000, and Service Awards to the Class Representatives of up to $10,000 each.  The Court will determine these amounts.  All of these amounts, as well as the costs associated with notice and administering the Settlement, will be paid from the Settlement Fund.

A copy of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and for Class Representative Service Awards will be available at **www.Lopezvoiceassistantsettlement.com** by [**date**].

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement and you want to keep your right, if any, to sue Apple on your own about the legal issues in this case, then you must take steps to get out of the Settlement.  This is called excluding yourself from – or "opting out" of – the Settlement Class.

**16.    How do I get out of the Settlement?**

You may opt out of the Settlement by mailing your Request for Exclusion to the Claims Administrator at

[Placeholder for Administrator address]

Your Request for Exclusion must:

- Include your full name, address, and telephone number;
- Include case name and number: *Lopez et al. v. Apple Inc.*, Case No. 4:19-cv-04577 (N.D. Cal.);

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

- Include information sufficient to verify that you are a member of the Settlement Class (which may include any codes provided by the Settlement Administrator or any email address associated with your Siri Devices);
- Be personally signed and dated by you; and
- Contain a clear request that you would like to "opt out" or be excluded, by use of those or other words clearly indicating a desire not to participate in the Settlement.

Opt-out requests must be postmarked no later than [**date**].

**17.    If I don't opt out, can I sue Apple for the same thing later?**

No.  Unless you opt out, you give up the right to bring any other claim against Apple arising out of or related to the claims in this case.  You must exclude yourself from the Class if you want to try to pursue your own lawsuit.

**18.    What happens if I opt out?**

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class under the Settlement; you will not receive any payment as part of the Settlement; you will not be bound by any further orders or judgments in this case; and you will keep the right, if any, to sue on any claims against Apple arising out of or related to the claims in this case at your own expense.  If a Settlement Class Member submits both a Claim Form and a timely request for exclusion, the exclusion shall take precedence and be considered valid and binding unless it is withdrawn.

**OBJECTING TO THE SETTLEMENT**

**19.    How do I tell the Court if I do not like the Settlement?**

If you are a member of the Settlement Class and do not opt out of the Settlement, you can ask the Court to deny approval of the Settlement by filing an objection.  You can also object to the requested award of attorneys' fees and expenses to Plaintiffs' Counsel or Service Awards to the Class Representatives.  The Court will consider your views.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue.  If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing.  If you file a timely written objection, you may (but are not required to) appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.

To object, you must file a document with the Court saying that you object to the proposed Settlement in *Lopez et al. v. Apple Inc.*, Case No. 4:19-cv-04577 (N.D. Cal.). Be sure to include:

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

- Your full name, mailing address, telephone number, email address, and signature.  If you are represented by counsel, you must include your counsel's name, mailing address, email address, and telephone number.
- The case name and number: *Lopez et al. v. Apple Inc.*, Case No. 4:19-cv-04577 (N.D. Cal.).
- Information sufficient to verify that you are a member of the Settlement Class (which may include any codes provided by the Settlement Administrator or any email address associated with your Siri Devices).
- A detailed statement of your objection, including all the grounds for the objection together with any evidence that you think supports it.
- A statement whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class.
- A list of all cases in which you or your counsel have filed an objection within the past five years.
- A statement whether you or your counsel intends to speak at the Final Approval Hearing.

You can file the objection electronically at https://ecf.cand.uscourts.gov/, file the objection in person at any location of the United States District Court for the Northern District of California, or mail the objection by First Class U.S. Mail, so that it is submitted electronically or postmarked no later than **[date]**, to the following address:

Clerk of Court
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
Box 36060
San Francisco, CA 94102
Case No. 4:19-cv-04577-JSW

If you do not mail or electronically file the objection, you must have it delivered in person to the above address no later than **[date]**.

**20.    What is the difference between objection and excluding?**

Objecting is telling the Court that you do not like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself from the Settlement.  Excluding yourself from the Settlement is opting out and telling the Court that you do not want to be part of the Settlement.  If you opt out of the Settlement, you cannot object to it because it no longer affects you.  You cannot both opt out <u>and</u> object to the Settlement.

**THE COURT'S FINAL APPROVAL HEARING**

**21.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on _____, 2025, at ___.m. at the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Courtroom 5 – 2nd Floor,  Oakland, CA 94612.

QUESTIONS?  CALL -_____ OR VISIT
WWW.LOPEZVOICEASSISTANTSETTLEMENT.COM

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them.  The Court will listen to Settlement Class Members who have asked to speak at the hearing.

The Court may also decide how much Class Counsel should receive in attorneys' fees and expense reimbursements and the Class Representatives should receive in Service Awards.  After the hearing, the Court will decide whether to approve the Settlement.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice.  The date of the Final Approval Hearing may change without further notice to Class Members.  Be sure to check the website, **www.Lopezvoiceassistantsettlement.com**, for news of any such changes.  You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

**22.      Do I have to come to the Final Approval Hearing?**

No.  Class Counsel will answer any questions the Court may have.  You may attend at your own expense if you wish.  If you send an objection, you do not have to come to the hearing to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but that is not necessary.

**23.      May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must include a statement in your written objection (*see* Question 19) that you intend to appear at the hearing.  Be sure to include your name, address, and signature as well.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF I DO NOTHING

**24.      What happens if I do nothing at all?**

If you are a Class Member and you do nothing, you will not be eligible to receive a Class Payment.  However, you will still be bound by the Settlement.  That is, you will not receive a payment, but you will give up the rights explained in Question 9, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Apple related to the Lawsuit or for claims that in any way are related to the subject matter of the claims in this Lawsuit.

## GETTING MORE INFORMATION

**25.      Are more details about the Settlement available?**

Yes.  This Notice summarizes the proposed Settlement – more details are in the Settlement Agreement and other case documents.  You can get a copy of these and other documents at **www.Lopezvoiceassistantsettlement.com** or by accessing the docket in this case through the Court's    Public    Access    to    Court    Electronic    Records    (PACER)    system    at

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

### 26.    How do I get more information?

The website, **www.Lopezvoiceassistantsettlement.com**, has answers to questions about the Settlement, and other information to help you determine whether you are eligible for a payment.

You can either call or write to the Claims Administrator at:

[Placeholder for Administrator address]

Class Counsel can be reached using the following contact information:

---

| | |
|---|---|
| Christian Levis | Erin Green Comite |
| LOWEY DANNENBERG, P.C. | SCOTT+SCOTT ATTORNEYS AT LAW LLP |
| 44 South Broadway, Suite 1100 | The Helmsley Building |
| White Plains, NY 10601 | 230 Park Avenue, 24th Floor |
| Telephone: (914) 733-7205 | New York, NY 10169-1820 |
| Facsimile: (914) 997-0035 | Telephone: (212) 223-6444 |
| LopezVoiceAssistantSettlement@lowey.com | Facsimile: (212) 223-6334 |
| | lopezsettlement@scott-scott.com |

---

# EXHIBIT B

**(To the Settlement Agreement)**

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

---

| | |
|---|---|
| **To:** | **[Class Member Email Address]** |
| **From:** | **info@xxxx.com** |
| **Subject:** | **Lopez Voice Assistant Class Action Settlement** |

---

## If you owned or purchased a Siri-enabled device and experienced an unintended Siri activation during a confidential or private communication between September 17, 2014 and December 31, 2024, you should read this Notice as it may impact your legal rights

«First Name» «Last Name»
Claimant Identification Code: «Notice ID»
Confirmation Code: «Confirmation Code»

A settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit brought on behalf of current or former owners or purchasers of a Siri-enabled iPhone, iPad, Apple Watch, MacBook, iMac, HomePod, iPod touch, or Apple TV ("Siri Device/Devices") whose confidential or private communications were allegedly obtained by Apple and/or shared with third parties as a result of an unintended Siri activation. Apple denies all of the allegations made in the lawsuit and denies that Apple did anything improper or unlawful. The proposed Settlement is not an admission of guilt or wrongdoing of any kind by Apple. The United States District Court for the Northern District of California approved this notice.

- **Why am I receiving this notice?**

Apple's records indicate that you may be a member of the Settlement Class and may be entitled to receive a payment. You are a member of the Settlement Class if you are a current or former owner or purchaser of a Siri Device, you reside in the United States or its territories, and your confidential or private communications were obtained by Apple and/or were shared with third parties as a result of an unintended Siri activation between September 17, 2014 to December 31, 2024. Under the terms of the Settlement, you are eligible to submit a Claim Form to receive a payment if the Court approves the Settlement and it becomes final.

- **What does the Settlement provide?**

Apple has agreed to pay $95 million into a settlement fund. After deducting Court-approved attorneys' fees and expenses, Service Awards, and the costs of notice and settlement administration (including any taxes), payments will be made from the Net Settlement Amount to Settlement Class Members who submit a valid and timely Claim Form. For more information about how distributions will be made to Settlement Class Members, please visit **www.Lopezvoiceassistantsettlement.com**.

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

- **What are the expected payments?**

Settlement Class Members may submit claims for up to five Siri Devices on which they claim to have experienced an unintended Siri activation during a conversation intended to be confidential or private.  Settlement Class Members who submit valid claims shall receive a pro rata portion of the Net Settlement Amount for a Class Payment up to a cap of $20 per Siri Device. The amount available to Settlement Class Members will increase or decrease pro rata depending on the total number of valid claims submitted, and Siri Devices claimed.   The final amount will not be known until all claims are evaluated.  The plan of allocation is described in detail in the Settlement Agreement available at **www.Lopezvoiceassistantsettlement.com**.  Depending on the total number of valid claims, this Plan of Allocation is subject to modification by agreement of the Parties without further notice to members of the Settlement Class, provided any such modification is approved by the Court.

- **How do I file a claim?**

**In order to receive a payment, you must complete and submit a valid Claim Form by [date]**. You may submit claims for up to five Siri Devices. Claims may be submitted online at **www.Lopezvoiceassistantsettlement.com** or mailed to the address on the form.  If you submit a Claim Form by mail, it must be post-marked by [date].  The Claim Form requires that you confirm or update your current contact information and confirm the following under oath: from September 17, 2014 to December 31, 2024, (i) you purchased or owned a Siri Device in the United States or its territories and enabled Siri on that device, (ii) you experienced an unintended Siri activation, and (iii) the unintended Siri activation you experienced occurred during a conversation intended to be confidential or private.

You can access the Claim Form on **www.Lopezvoiceassistantsettlement.com**. If you received an email or postcard with a Claimant Identification Code and Confirmation Code notifying you about the Settlement, use these codes when making a claim.  If you did not receive an email or postcard about the Settlement and don't have a Claimant Identification Code and Confirmation Code, but believe you are a member of the Settlement Class, you may still make a claim by going to **www.Lopezvoiceassistantsettlement.com** and following the instruction on how to submit a Claim Form. You may elect to receive payment by physical check, electronic check, or Automated Clearing House ("ACH," a/k/a direct deposit).  If you do not complete and submit a valid Claim Form, you will not receive a payment.

**For more information and to review the full notice, please visit www.Lopezvoiceassistantsettlement.com**

- **What are my other options?**

You can do nothing, exclude yourself or object.  If you do nothing, your rights will be affected and you won't get a payment.  If you don't want to be legally bound by the Settlement Agreement, you must exclude yourself from it by [date].  Unless you exclude yourself, you will not be able to sue or continue to sue Apple for any claim arising out of or related to the claims in this case.  If you stay in the Settlement (i.e., do not exclude yourself), you may object to it or ask for permission for

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

you or your own lawyer to appear and speak at the Final Approval Hearing – at your own cost – but you do not have to do so.

A copy of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and for Service Awards will be available at **www.Lopezvoiceassistantsettlement.com** by [**date**]. You can object to the requested award of attorneys' fees and expenses to Plaintiffs' Counsel or Service Awards to the Class Representatives.

Objections to the settlement, attorneys' fees, and/or Service Awards and requests to appear are due by [**date**]. The Final Approval Hearing will be held on [**date**], at [**time**], at the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Courtroom 5 – 2nd Floor, Oakland, CA 94612.

More information about your options is in the detailed notice available at **www.Lopezvoiceassistantsettlement.com**, or you may contact the Settlement Administrator with any questions:

- **[Settlement Administrator contact information]**

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT

**BY ORDER OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.**

To unsubscribe from this list, please click on the following link: Unsubscribe

# EXHIBIT C

**(To the Settlement Agreement)**

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

# IMPORTANT NOTICE ABOUT A CLASS ACTION LAWSUIT

**If you owned or purchased a Siri-enabled device and experienced an unintended Siri activation during a confidential or private communication between September 17, 2014 and December 31, 2024, you should read this Notice as it may impact your legal rights**

**<<Barcode>>**

**Notice ID: A2E-<<NoticeID>>-**

**<<MailRec>>**

**<<First1>> <<Last 1>>**

**<<CO>>**

**<<Addr1>> <<Addr2>>**

**<<City>>, <<St>> <<Zip>>**

**<<Country>>**

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

A settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit alleging that current or former owners or purchasers of a Siri-enabled iPhone, iPad, Apple Watch, MacBook, iMac, HomePod, iPod touch, or Apple TV ("Siri Device/Devices") whose confidential or private communications were allegedly obtained by Apple and/or shared with third parties as a result of an unintended Siri activation. Apple denies all allegations made in the lawsuit and denies that Apple did anything improper or unlawful.

**Who's included?** The Settlement Class includes all individual current or former owners or purchasers of a Siri Device who reside in the United States or its territories, and whose confidential or private communications were obtained by Apple and/or were shared with third parties as a result of an unintended Siri activation. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns; and all judicial officers assigned to this case and their staff and immediate families. The Class Period is September 17, 2014 to December 31, 2024.

**What does the Settlement provide?** Apple has agreed to pay $95 million into a settlement fund. After deducting Court-approved attorneys' fees and expenses, Service Awards, and the costs of notice and settlement administration (including any taxes), payments will be made from the Net Settlement Amount to Settlement Class Members who submit a valid and timely Claim Form.

According to Apple's records, **you are a Settlement Class Member** and are eligible to receive a payment if the Court approves the Settlement and it becomes final. Settlement Class Members who submit valid claims shall receive a pro rata portion of the Net Settlement Amount for a Class Payment of up to a cap of $20 per Siri Device. The amount available to Settlement Class Members will increase or decrease pro rata depending on the total number of valid claims submitted, and Siri Devices claimed. Depending on the total number of valid claims, this Plan of Allocation is subject to modification by agreement of the Parties without further notice to Settlement Class Members, provided any such modification is approved by the Court. The final amount will not be known until all claims are evaluated.

**How do you get a payment?    You must complete and submit a valid Claim Form by [date]**. Go to **www.Lopezvoiceassistantsettlement.com** for the Claim Form and instructions. You may submit claims for up to five Siri Devices. Claims may be submitted online at **www.Lopezvoiceassistantsettlement.com** or mailed to the address on the form.

**What are your other options?** You can do nothing, exclude yourself, or object. If you do nothing, your rights will be affected and you won't receive a payment. You will give up your right to sue or continue to sue Apple for any claim arising out of or related to the claims in this case. If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **[date]**. You may also remain in the Settlement Class but object to the Settlement, and you may (but do not have to) attend the Court's Final Approval Hearing to speak about your objection. A copy of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and for Service Awards will be available at **www.Lopezvoiceassistantsettlement.com** by [date]. You can also object to the requested award of attorneys' fees and

*CONFIDENTIAL DRAFT SUBJECT TO FRE 408*

expenses to Class Counsel or Service Awards to the Class Representatives. Your objection to the settlement, attorneys' fees, and/or Service Awards must be filed or postmarked by **[date]**.

**For more information about the Settlement, your payment, how to exclude yourself or object, and attending the hearing, please visit the website or call the toll-free number below.**

**www.Lopezvoiceassistantsettlement.com – 1-XXX-XXX-XXXX**

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

# EXHIBIT D

**(To the Settlement Agreement)**

1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

4

5

6

7

8

9

10

FUMIKO LOPEZ, FUMIKO LOPEZ, as
Guardian of A.L., a Minor, JOHN TROY
PAPPAS, and DAVID YACUBIAN, Individually
and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

APPLE INC.,

Defendant.

Docket No.: 4:19-cv-04577- JSW (SK)

**[PROPOSED] ORDER GRANTING
MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT; PRELIMINARILY
CERTIFYING SETTLEMENT CLASS;
AND APPROVING FORM AND
CONTENT OF CLASS NOTICE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion").

**WHEREAS**, Fumiko Lopez, Fumiko Lopez as Guardian of A.L., a Minor, John Troy Pappas, and David Yacubian (collectively, "Plaintiffs"), and Defendant, Apple Inc. ("Defendant" or "Apple," and with Plaintiffs, the "Parties") entered into a Settlement Agreement and Release ("Settlement Agreement") on December 31, 2024 (ECF No.__), which sets forth the terms and conditions for a proposed resolution of this litigation and for its dismissal with prejudice upon the terms and conditions set forth therein, subject to Court approval;

**WHEREAS**, Plaintiffs have filed a Motion for Preliminary Approval of Class Action Settlement (ECF No. ___);

**WHEREAS,** the Settlement before the Court is the product of extensive negotiations, including by mediation before Fouad Kurdi, Esq.;

**WHEREAS,** Apple denies any and all liability but does not oppose the Motion;

**WHEREAS**, this Court has reviewed the Settlement Agreement entered into by the Parties, all exhibits thereto, the record in this case, and Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations;

**WHEREAS**, this Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Plaintiffs and Plaintiffs' Counsel are adequate representatives of the Settlement Class;

**GOOD CAUSE APPEARING, PLAINTIFFS' MOTION IS GRANTED. IT IS HEREBY ORDERED AS FOLLOWS:**

1.      All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

**<u>Preliminary Approval of Settlement and</u>**
**<u>Certification of Settlement Class for Purposes of Settlement Only</u>**

2.      The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that Notice thereof should be given to members of the Settlement Class.

3.      Under Federal Rule of Civil Procedure 23(a) and (b)(3), the Settlement Class is preliminarily certified for the purpose of Settlement only as follows:

> All individual current or former owners or purchasers of a Siri Device, who reside in the United States and its territories, whose confidential or private communications were obtained by Apple and/or were shared with third parties as a result of an unintended Siri activation between September 17, 2014 and December 31, 2024.

> The Settlement Agreement defines "Siri Device" as a Siri-enabled iPhone, iPad, Apple Watch, MacBook, iMac, HomePod, iPod touch, or Apple TV.

> Excluded from the Class are Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate families.

4.      If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, this Order (including but not limited to the conditional certification of the Settlement Class) shall be vacated, null and void, and of no force or effect, and Plaintiffs and Apple shall be entitled to make any argument for or against certification for litigation purposes.

5.      Plaintiffs are appointed as class representatives of the Settlement Class. Christian Levis of Lowey Dannenberg, P.C. and Erin Green Comite of Scott + Scott Attorneys at Law LLP, together with their law firms, are hereby appointed as Class Counsel to represent the proposed Settlement Class.

**Appointment of Settlement Administrator and Notice to the Settlement Class**

6.      The Court appoints Angeion Group ("Angeion") to serve as the Settlement Administrator. Angeion shall supervise and administer the Notice plan, establish and operate the Settlement Website, administer the claims processes, distribute Class Payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement. The Settlement Administrator shall act in compliance with the Stipulated Protective Order, ECF No. 95, including but not limited to making all necessary efforts and precautions to ensure the security and privacy of Settlement Class member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Settlement Class member information; not using the information provided by Defendant or Class Counsel in connection with the Settlement or the notice plan herein for any purposes other than providing notice or conducting settlement administration in this Action; and not sharing Settlement Class member information with any third parties without advance consent from the Parties.

7.      All reasonable costs of Notice and costs of administering the Settlement shall be paid from the Gross Settlement Amount as contemplated by the Settlement Agreement. No later than thirty (30) days after entry of this Order, Apple shall transfer an amount sufficient to cover the Settlement Administrator's estimated cost for notice and administration to the Settlement Administrator.

8.      The Court approves the Email Notice, Postcard Notice, and Full Class Notice, attached as Exhibits A-C of the Settlement Agreement, and the Claim Form filed as ECF No. _____, and finds that their dissemination in the manner set forth in the Settlement Agreement and in the Declaration of Steven Weisbrot substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit, the effect of the proposed Settlement (including the releases contained therein), the anticipated motion for Attorneys' Fees and Expenses Payment, and Service Awards, and their rights to participate in, request exclusion from, or object to any aspect of the

3

proposed Settlement. Non-material modifications to the notices may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.

9.      By no later than thirty (30) days after entry of this Order, Apple shall, for the purpose of facilitating the proposed Notice plan, provide to the Settlement Administrator the names and contact information for all members of the Settlement Class for whom it has records.

10.      By no later than forty-five (45) days from the date specified in paragraph 9 above (the "Notice Date"), the Settlement Administrator shall commence the transmission/publication of the Email Notice and Publication Notice. The Settlement Administrator shall also publish the Settlement Website pursuant to the terms of the Settlement Agreement and the Weisbrot Declaration. The Settlement Website shall contain case-related documents including, but not limited to, the operative complaint and answer to that complaint, the Settlement Agreement, the Preliminary Approval Order, Full Class Notice, Plaintiffs' forthcoming motions for final approval of the Settlement and for Attorneys' Fees and Expenses Payment, and Service Awards, a set of frequently asked questions and answers, information on how to submit an objection or request exclusion from the Settlement, and contact information for the Settlement Administrator and Class Counsel.

11.      By no later than thirty-five (35) days before the Final Approval Hearing, the Settlement Administrator shall submit to the Court its declaration concerning the implementation of the Notice plan and report of any requests for exclusion.

### Claim Submission

12.      Settlement Class Members who wish to make a claim must do so by submitting a Claim Form online or by mail on or before the end of the Claim Period by one hundred thirty-five (135) days after entry of this Order ("Claims Filing Deadline"), in accordance with the instructions contained in the Full Class Notice. The Settlement Administrator shall determine the eligibility of claims submitted and allocate the Net Settlement Amount in accordance with the Settlement Agreement. The Settlement Administrator's determinations on the validity and eligibility of Claims shall be final and non-appealable by Settlement Class Members.

13.     Settlement Class Members may submit claims for up to five Siri Devices on which they claim to have experienced an unintended Siri activation during a conversation intended to be confidential or private.  Settlement Class Members who submit valid claims shall receive a *pro rata* portion of the Net Settlement Amount for a Class Payment up to a cap of $20 per Siri Device. The amount available to Settlement Class Members will increase or decrease pro rata depending on the total number of valid claims submitted, and Siri Devices claimed.  Depending on the total number of valid claims, this Plan of Allocation is subject to modification by agreement of the Parties without further notice to members of the members of the Settlement Class Members, provided any such modification is approved by the Court.

## Objections

14.     Any Settlement Class Member who has not submitted a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, proposed plan of allocation, Attorneys' Fees and Expense Payment, or Service Awards must submit a timely written objection to the Court that:

a.     Includes the full name, address, telephone number, and email address of the objector and any counsel representing the objector;

b.     Clearly identifies the case name and number: *Lopez et al. v. Apple Inc.*, Case No. 4:19-cv-04577 (N.D. Cal.);

c.     Includes information sufficient to verify that the objector is a Settlement Class Member (which may include a Claimant Identification Code and/or Confirmation Code provided by the Settlement Administrator;

d.     Includes a detailed statement of the grounds and evidence upon which the Objection is based;

e.     States whether the Objection applies only to the objector, to a specific subset of the class, or to the entire class;

f.     Includes a list of all cases in which the Objector or his or her counsel has filed an objection within the past five years; and

g.     Is personally signed and dated by the objector.

15.     Objections must be submitted at least sixty (60) days after the Notice Date

("Objection and Exclusion Deadline"). If submitted through ECF, objections must be submitted no later than 11:59 p.m. Pacific Time on the Objection and Exclusion Deadline. If submitted by U.S. Mail, objections must be postmarked by the Objection and Exclusion Deadline and mailed or delivered to the Clerk of Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102. The date of the postmark on the envelope containing the written statement objecting to the Settlement will be the exclusive means used to determine whether an Objection and/or intention to appear has been timely submitted. In the event a postmark is illegible or unavailable, the date of mailing will be deemed to be three days prior to the date that the Court posts the objection on the electronic case docket.

16.      Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel.  Any objector wishing to appear and be heard at the Final Approval Hearing must include a Notice of Intention to Appear in the body of the objector's objection.  If an objector makes an objection through an attorney, the objector shall be solely responsible for the objector's attorneys' fees and expenses. Counsel for any objector seeking to appear at the Final Approval Hearing must enter a Notice of Appearance no later than 14 days before the hearing.

17.      Settlement Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, or through appeal, collateral attack, or otherwise. If a Settlement Class Member does not submit a timely written objection, the Settlement Class Member will not be able to participate in the Final Approval Hearing.

18.      The Class Representatives, Class Counsel, and/or Apple may file responses to any timely written Objections no later than seven (7) days prior to the Final Approval Hearing.

**Requests for Exclusion**

19.      Any putative member of the Settlement Class who seeks to be excluded from the Settlement Class must submit a written request for exclusion to the Settlement Administrator by

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

U.S. Mail, postmarked no later than the Objection and Exclusion Deadline as described in the Full Class Notice and the Settlement Website.

20.    Settlement Class Members who wish to request exclusion from the Settlement Class must include the Settlement Class Member's name, address, telephone number, and information sufficient to verify that the individual is a member of the Settlement Class (which may include a Claimant Identification Code and/or Confirmation Code); include case name and number: *Lopez et al. v. Apple Inc.*, Case No. 4:19-cv-04577 (N.D. Cal.); personally sign and date the Request; and make a clear request that the individual would like to "opt out" or be excluded, by use of those or other words clearly indicating a desire not to participate in the Settlement.

21.    Any member of the Settlement Class who does not submit a valid and timely request for exclusion shall be bound by the final judgment dismissing the Lawsuit on the merits with prejudice.

22.    Any person who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Agreement; shall not be eligible to apply for or receive any benefit under the terms of the Agreement; and shall not be entitled to submit an objection to the Settlement. If a Settlement Class Member submits both a Claim Form and a timely exclusion request, the exclusion shall take precedence and be considered valid and binding unless it is withdrawn.

### Final Approval Hearing

23.    The Final Approval Hearing shall be held by the Court on _____, 2025 [a date convenient for the Court no sooner than forty-five (45) days after the Objection and Exclusion Deadline], beginning at __:___ __.m., to determine whether the requirements for final certification of the Settlement Class have been met; whether the proposed settlement of the Lawsuit on the terms set forth in the Settlement should be approved as fair, reasonable, and adequate, and in the best interest of the Settlement Class Members; whether Class Counsel's motion for Attorneys' Fees and Expenses Payment and Service Awards should be approved; and whether final judgment approving the Settlement and dismissing the Lawsuit on the merits with

prejudice should be entered. The Final Approval Hearing may, without further notice to the Settlement Class Members, be continued or adjourned by order of the Court.

24.　At least 35 days before the Final Approval Hearing, Class Counsel shall file papers in support of the motion for final approval of the Settlement.

25.　At least 35 days before the Objection and Exclusion Deadline, Class Counsel shall file all papers in support of their forthcoming motion for attorneys' fees, reimbursement of litigation expenses, and Service Awards.

26.　At least seven (7) days before the Final Approval Hearing, Class Representatives, Class Counsel, and/or Apple may file a response to any timely written objections received, and the Parties shall file any additional papers in support of the Motion for the Final Approval Order and Final Judgment.

27.　Plaintiffs' Counsel and Apple Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement, which are not materially inconsistent with either this Order or the Settlement Agreement.

## Termination of the Settlement and Use of this Order

28.　If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement. The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Lawsuit, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or

8

would have been recovered from Defendant in this Lawsuit if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

29.    The schedule of events referenced above should occur as follows:

| Event | Timing | Date |
|---|---|---|
| Apple to provide Settlement Class Member List ("Data Transfer Date") | No later than thirty (30) days after entry of this Preliminary Approval Order | |
| Notice to the Class commences ("Notice Date") | No later than forty-five (45) days after Data Transfer Date | |
| Deadline to File Class Counsel's Motion for Attorneys' Fees and Expenses and Plaintiff's Request for Service Awards | No later than thirty-five (35) days before Objection and Exclusion Deadline. | |
| Deadline to file Motion for Final Approval of the Settlement | No later than thirty-five (35) days before Final Approval Hearing. | |
| Claims Filing Deadline | One hundred thirty-five (135) days after entry of the Preliminary Approval Order. | |
| Objection and Exclusion Deadline | At least sixty (60) days after the Notice Date, and same date as Claim Filing Deadline | |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 4:19-cv-04577-JSW

| Event | Timing | Date |
|---|---|---|
| Deadline to File Opt-Out List and Settlement Administrator Declaration concerning Notice and Opt-Outs | No later than thirty-five (35) days before Final Approval Hearing | |
| Deadline to File Oppositions to Objections/Reply Memorandum in Support of Motions | No later than seven (7) days prior to the Final Approval Hearing. | |
| Final Approval Hearing | At least forty-five (45) days after the Objection and Exclusion Deadline. | |

IT IS SO ORDERED.

Dated: _____ 2025

/s/_____
JEFFREY S. WHITE
Hon. United States District Judge