UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FUMIKO LOPEZ, FUMIKO LOPEZ, as Guardian of A.L., a Minor, JOHN TROY PAPPAS, and DAVID YACUBIAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

APPLE INC.,

Defendant.

Docket No.: 4:19-cv-04577- JSW (SK)

[~~PROPOSED~~] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; PRELIMINARILY CERTIFYING SETTLEMENT CLASS; AND APPROVING FORM AND CONTENT OF CLASS NOTICE

This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion").

**WHEREAS**, Fumiko Lopez, Fumiko Lopez as Guardian of A.L., a Minor, John Troy Pappas, and David Yacubian (collectively, "Plaintiffs"), and Defendant, Apple Inc. ("Defendant" or "Apple," and with Plaintiffs, the "Parties") entered into a Settlement Agreement and Release ("Settlement Agreement") on December 31, 2024 (ECF No. 336-2), which sets forth the terms and conditions for a proposed resolution of this litigation and for its dismissal with prejudice upon the terms and conditions set forth therein, subject to Court approval;

**WHEREAS**, Plaintiffs have filed a Motion for Preliminary Approval of Class Action Settlement (ECF No. 336);

**WHEREAS,** the Settlement before the Court is the product of extensive negotiations, including by mediation before Fouad Kurdi, Esq.;

**WHEREAS,** Apple denies any and all liability but does not oppose the Motion;

**WHEREAS**, this Court has reviewed the Settlement Agreement entered into by the Parties, all exhibits thereto, the record in this case, and Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations;

**WHEREAS**, this Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Plaintiffs and Plaintiffs' Counsel are adequate representatives of the Settlement Class;

**GOOD CAUSE APPEARING, PLAINTIFFS' MOTION IS GRANTED. IT IS HEREBY ORDERED AS FOLLOWS:**

1.   All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

**Preliminary Approval of Settlement and
Certification of Settlement Class for Purposes of Settlement Only**

2.      The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that Notice thereof should be given to members of the Settlement Class.

3.      Under Federal Rule of Civil Procedure 23(a) and (b)(3), the Settlement Class is preliminarily certified for the purpose of Settlement only as follows:

> All individual current or former owners or purchasers of a Siri Device, who reside in the United States and its territories, whose confidential or private communications were obtained by Apple and/or were shared with third parties as a result of an unintended Siri activation between September 17, 2014 and December 31, 2024.

The Settlement Agreement defines "Siri Device" as a Siri-enabled iPhone, iPad, Apple Watch, MacBook, iMac, HomePod, iPod touch, or Apple TV.

Excluded from the Class are Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate families.

4.      If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, this Order (including but not limited to the conditional certification of the Settlement Class) shall be vacated, null and void, and of no force or effect, and Plaintiffs and Apple shall be entitled to make any argument for or against certification for litigation purposes.

5.      Plaintiffs are appointed as class representatives of the Settlement Class. Christian Levis of Lowey Dannenberg, P.C. and Erin Green Comite of Scott+Scott Attorneys at Law LLP, together with their law firms, are hereby appointed as Class Counsel to represent the proposed Settlement Class.

**Appointment of Settlement Administrator and Notice to the Settlement Class**

6. The Court appoints Angeion Group ("Angeion") to serve as the Settlement Administrator. Angeion shall supervise and administer the Notice plan, establish and operate the Settlement Website, administer the claims processes, distribute Class Payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement. The Settlement Administrator shall act in compliance with the Stipulated Protective Order, ECF No. 95, including but not limited to making all necessary efforts and precautions to ensure the security and privacy of Settlement Class member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Settlement Class member information; not using the information provided by Defendant or Class Counsel in connection with the Settlement or the notice plan herein for any purposes other than providing notice or conducting settlement administration in this Action; and not sharing Settlement Class member information with any third parties without advance consent from the Parties.

7. All reasonable costs of Notice and costs of administering the Settlement shall be paid from the Gross Settlement Amount as contemplated by the Settlement Agreement. No later than thirty (30) days after entry of this Order, Apple shall transfer an amount sufficient to cover the Settlement Administrator's estimated cost for notice and administration to the Settlement Administrator.

8. The Court approves the Email Notice, Postcard Notice, and Full Class Notice, attached as Exhibits A-C of the Settlement Agreement, and the Claim Form filed as ECF No. 340-1, and finds that their dissemination in the manner set forth in the Settlement Agreement and in the Declaration of Steven Weisbrot substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit, the effect of the proposed Settlement (including the releases contained therein), the anticipated motion for Attorneys' Fees and Expenses Payment, and Service Awards, and their rights to participate in, request exclusion from, or object to any aspect of the

proposed Settlement. Non-material modifications to the notices may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.

9. By no later than thirty (30) days after entry of this Order, Apple shall, for the purpose of facilitating the proposed Notice plan, provide to the Settlement Administrator the names and contact information for all members of the Settlement Class for whom it has records.

10. By no later than forty-five (45) days from the date specified in paragraph 9 above (the "Notice Date"), the Settlement Administrator shall commence the transmission/publication of the Email Notice and Publication Notice. The Settlement Administrator shall also publish the Settlement Website pursuant to the terms of the Settlement Agreement and the Weisbrot Declaration. The Settlement Website shall contain case-related documents including, but not limited to, the operative complaint and answer to that complaint, the Settlement Agreement, the Preliminary Approval Order, Full Class Notice, Plaintiffs' forthcoming motions for final approval of the Settlement and for Attorneys' Fees and Expenses Payment, and Service Awards, a set of frequently asked questions and answers, information on how to submit an objection or request exclusion from the Settlement, and contact information for the Settlement Administrator and Class Counsel.

11. By no later than thirty-five (35) days before the Final Approval Hearing, the Settlement Administrator shall submit to the Court its declaration concerning the implementation of the Notice plan and report of any requests for exclusion.

### Claim Submission

12. Settlement Class Members who wish to make a claim must do so by submitting a Claim Form online or by mail on or before the end of the Claim Period by one hundred thirty-five (135) days after entry of this Order ("Claims Filing Deadline"), in accordance with the instructions contained in the Full Class Notice. The Settlement Administrator shall determine the eligibility of claims submitted and allocate the Net Settlement Amount in accordance with the Settlement Agreement. The Settlement Administrator's determinations on the validity and eligibility of Claims shall be final and non-appealable by Settlement Class Members.

13. Settlement Class Members may submit claims for up to five Siri Devices on which they claim to have experienced an unintended Siri activation during a conversation intended to be confidential or private. Settlement Class Members who submit valid claims shall receive a *pro rata* portion of the Net Settlement Amount for a Class Payment up to a cap of $20 per Siri Device. The amount available to Settlement Class Members will increase or decrease pro rata depending on the total number of valid claims submitted, and Siri Devices claimed. Depending on the total number of valid claims, this Plan of Allocation is subject to modification by agreement of the Parties without further notice to members of the members of the Settlement Class Members, provided any such modification is approved by the Court.

## **Objections**

14. Any Settlement Class Member who has not submitted a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, proposed plan of allocation, Attorneys' Fees and Expense Payment, or Service Awards must submit a timely written objection to the Court that:

   a. Includes the full name, address, telephone number, and email address of the objector and any counsel representing the objector;

   b. Clearly identifies the case name and number: *Lopez et al. v. Apple Inc.*, Case No. 4:19-cv-04577 (N.D. Cal.);

   c. Includes information sufficient to verify that the objector is a Settlement Class Member (which may include a Claimant Identification Code and/or Confirmation Code provided by the Settlement Administrator;

   d. Includes a detailed statement of the grounds and evidence upon which the Objection is based;

   e. States whether the Objection applies only to the objector, to a specific subset of the class, or to the entire class;

   f. Includes a list of all cases in which the Objector or his or her counsel has filed an objection within the past five years; and

   g. Is personally signed and dated by the objector.

15. Objections must be submitted at least sixty (60) days after the Notice Date

("Objection and Exclusion Deadline"). If submitted through ECF, objections must be submitted no later than 11:59 p.m. Pacific Time on the Objection and Exclusion Deadline. If submitted by U.S. Mail, objections must be postmarked by the Objection and Exclusion Deadline and mailed or delivered to the Clerk of Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102. The date of the postmark on the envelope containing the written statement objecting to the Settlement will be the exclusive means used to determine whether an Objection and/or intention to appear has been timely submitted. In the event a postmark is illegible or unavailable, the date of mailing will be deemed to be three days prior to the date that the Court posts the objection on the electronic case docket.

16. Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel. Any objector wishing to appear and be heard at the Final Approval Hearing must include a Notice of Intention to Appear in the body of the objector's objection. If an objector makes an objection through an attorney, the objector shall be solely responsible for the objector's attorneys' fees and expenses. Counsel for any objector seeking to appear at the Final Approval Hearing must enter a Notice of Appearance no later than 14 days before the hearing.

17. Settlement Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, or through appeal, collateral attack, or otherwise. If a Settlement Class Member does not submit a timely written objection, the Settlement Class Member will not be able to participate in the Final Approval Hearing.

18. The Class Representatives, Class Counsel, and/or Apple may file responses to any timely written Objections no later than seven (7) days prior to the Final Approval Hearing.

### Requests for Exclusion

19. Any putative member of the Settlement Class who seeks to be excluded from the Settlement Class must submit a written request for exclusion to the Settlement Administrator by

U.S. Mail, postmarked no later than the Objection and Exclusion Deadline as described in the Full Class Notice and the Settlement Website.

20. Settlement Class Members who wish to request exclusion from the Settlement Class must include the Settlement Class Member's name, address, telephone number, and information sufficient to verify that the individual is a member of the Settlement Class (which may include a Claimant Identification Code and/or Confirmation Code); include case name and number: *Lopez et al. v. Apple Inc.*, Case No. 4:19-cv-04577 (N.D. Cal.); personally sign and date the Request; and make a clear request that the individual would like to "opt out" or be excluded, by use of those or other words clearly indicating a desire not to participate in the Settlement.

21. Any member of the Settlement Class who does not submit a valid and timely request for exclusion shall be bound by the final judgment dismissing the Lawsuit on the merits with prejudice.

22. Any person who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Agreement; shall not be eligible to apply for or receive any benefit under the terms of the Agreement; and shall not be entitled to submit an objection to the Settlement. If a Settlement Class Member submits both a Claim Form and a timely exclusion request, the exclusion shall take precedence and be considered valid and binding unless it is withdrawn.

**Final Approval Hearing**

23. The Final Approval Hearing shall be held by the Court on  August 1 , 2025 [a date convenient for the Court no sooner than forty-five (45) days after the Objection and Exclusion Deadline], beginning at  9 :00  a.m., to determine whether the requirements for final certification of the Settlement Class have been met; whether the proposed settlement of the Lawsuit on the terms set forth in the Settlement should be approved as fair, reasonable, and adequate, and in the best interest of the Settlement Class Members; whether Class Counsel's motion for Attorneys' Fees and Expenses Payment and Service Awards should be approved; and whether final judgment approving the Settlement and dismissing the Lawsuit on the merits with

prejudice should be entered. The Final Approval Hearing may, without further notice to the Settlement Class Members, be continued or adjourned by order of the Court.

24. At least 35 days before the Final Approval Hearing, Class Counsel shall file papers in support of the motion for final approval of the Settlement.

25. At least 35 days before the Objection and Exclusion Deadline, Class Counsel shall file all papers in support of their forthcoming motion for attorneys' fees, reimbursement of litigation expenses, and Service Awards.

26. At least seven (7) days before the Final Approval Hearing, Class Representatives, Class Counsel, and/or Apple may file a response to any timely written objections received, and the Parties shall file any additional papers in support of the Motion for the Final Approval Order and Final Judgment.

27. Plaintiffs' Counsel and Apple Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement, which are not materially inconsistent with either this Order or the Settlement Agreement.

**Termination of the Settlement and Use of this Order**

28. If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement. The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Lawsuit, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or

would have been recovered from Defendant in this Lawsuit if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

29. The schedule of events referenced above should occur as follows:

| Event | Timing | Date |
| --- | --- | --- |
| Apple to provide Settlement Class Member List ("Data Transfer Date") | No later than thirty (30) days after entry of this Preliminary Approval Order | |
| Notice to the Class commences ("Notice Date") | No later than forty-five (45) days after Data Transfer Date | |
| Deadline to File Class Counsel's Motion for Attorneys' Fees and Expenses and Plaintiff's Request for Service Awards | No later than thirty-five (35) days before Objection and Exclusion Deadline. | |
| Deadline to file Motion for Final Approval of the Settlement | No later than thirty-five (35) days before Final Approval Hearing. | |
| Claims Filing Deadline | One hundred thirty-five (135) days after entry of the Preliminary Approval Order. | |
| Objection and Exclusion Deadline | At least sixty (60) days after the Notice Date, and same date as Claim Filing Deadline | |

| Event | Timing | Date |
|---|---|---|
| Deadline to File Opt-Out List and Settlement Administrator Declaration concerning Notice and Opt-Outs | No later than thirty-five (35) days before Final Approval Hearing | |
| Deadline to File Oppositions to Objections/Reply Memorandum in Support of Motions | No later than seven (7) days prior to the Final Approval Hearing. | |
| Final Approval Hearing | At least forty-five (45) days after the Objection and Exclusion Deadline. | |

IT IS SO ORDERED.

Dated: __February 10__ 2025

/s/ *Jeffrey S. White*
_____
JEFFREY S. WHITE
Hon. United States District Judge