FILED
MAY 16 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Howard W. Brown, Jr.**
11875 Dunbar Court
Palm Beach Gardens, FL 33412
(305) 788-9647
howardwbrownjr@gmail.com

May 12, 2025

Clerk of the Court
United States District Court for the Northern District of California
1301 Clay Street, Courtroom 5 – 2nd Floor
Oakland, CA 94612

Lopez Voice Assistant Settlement Administrator
P.O. Box 6609
614 Cranbury Rd
East Brunswick, NJ 08816

RE:   **Objection to Class Action Settlement**
      **Case: Lopez v. Apple Inc., Case No. 5:19-cv-04577-LHK**
      **Court: U.S. District Court, Northern District of California**
      **Claimant ID: LVA100279963998**
      **Confirmation Code: u66v739rwEeT**

Dear Judge White:

I, Howard Brown, hereby submit this written objection to the proposed class action settlement in the case Lopez v. Apple Inc., Case No. 5:19-cv-04577-LHK. I am a member of the Settlement Class and I currently own or have owned multiple Siri-enabled devices, including:
- Apple HomePod
- Two Apple MacBook Pros
- Two iPads
- Two iPhones

As a Settlement Class Member and a United States resident who owned multiple Siri-enabled devices during the relevant time period, I object to the proposed terms of the settlement for the following reasons:

1. Inadequate Compensation:
   The proposed payment of up to $20 per Siri device grossly undervalues the potential

privacy harms experienced by class members. The payout does not fairly compensate for the unauthorized collection or potential misuse of sensitive private communications.

2. Disproportionate Attorney Fees:
   Plaintiffs' Counsel has not yet disclosed the full amount being requested for attorneys' fees and service awards, yet the net settlement amount available to class members is already limited. Without more transparency, it is impossible to assess whether the proposed fees are fair or excessive.

3. Lack of Transparency in Siri Data Use:
   The settlement does not provide Apple users with a right to confirm whether or how their data was accessed or shared. A fair remedy should include a method for class members to verify the extent of data exposure or unintended activation logs.

4. Failure to Provide Non-Monetary Relief:
   The agreement fails to include meaningful non-monetary remedies, such as commitments from Apple to improve Siri's privacy safeguards, disclosure procedures, or user controls to prevent future unauthorized activations.

I respectfully request that the Court reconsider approval of the settlement in its current form, or require modifications that provide more equitable compensation, better privacy assurances, and stronger protections for consumers moving forward.

I do not intend to appear at the Final Approval Hearing but request that this objection be considered in full by the Court.

Respectfully submitted,

*[signature]*

Howard W. Brown, Jr.