Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914-997-0500
Facsimile: 914-997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: 212-223-6444
Facsimile: 212-223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
Facsimile: 415-759-4112
mtodzo@lexlawgroup.com
pcarey@lexlawgroup.com

E. Kirk Wood (*pro hac vice*)
**WOOD LAW FIRM**
P. O. Box 382434
Birmingham, AL 35238
Telephone: 205-612-0243
kirk@woodlawfirmllc.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

FUMIKO LOPEZ, FUMIKO LOPEZ, as Guardian of A.L., a Minor, JOHN TROY PAPPAS, and DAVID YACUBIAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

APPLE INC.,

Defendant.

Docket No.: 4:19-cv-04577-JSW (SK)

**DECLARATION OF DARYL F. SCOTT OF SCOTT+SCOTT ATTORNEYS AT LAW LLP IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS**

Judge: Hon. Jeffrey S. White
Courtroom: 5, 2nd Floor
Date: August 1, 2025
Time: 9:00 a.m.

I, Daryl F. Scott, declare under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1. I am a partner at Scott+Scott Attorneys at Law LLP ("Scott+Scott"), which is counsel of record for Plaintiffs Fumiko Rodriguez (formerly known as Fumiko Lopez) (individually and as guardian of Plaintiff A.L.) ("Plaintiff Rodriguez"), John Troy Pappas ("Plaintiff Pappas"), and David Yacubian (collectively, "Plaintiffs"). I submit this declaration in support of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application for Service Awards ("Fee and Expense Application") filed concurrently herewith. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. At all times relevant hereto, Scott+Scott attorneys have served as counsel for Named Plaintiffs and the proposed Settlement Class for purposes of the Settlement in the above-captioned action (the "Lawsuit"). In addition, Scott+Scott partner Erin Green Comite along with Christian Levis of Lowey Dannenberg, P.C., have been appointed Class Counsel for the Settlement Class in this Lawsuit. ECF No. 341, ¶5. Unless otherwise defined, capitalized terms herein have the same meaning as in the Settlement Agreement between Named Plaintiffs and Apple. *See* ECF No. 336-2.

3. The statements herein are true to the best of my personal knowledge, information, and belief based upon the books and records of Scott+Scott and information received from my firm's attorneys and staff.

4. The schedules attached as **Exhibit A** and **Exhibit B** summarize the hours and lodestar of Scott+Scott from inception of this Lawsuit to May 21, 2025, including a breakdown of the hours by category of work. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm. Lodestar calculations for the time incurred are based on the firm's current hourly rates and were prepared based upon daily time records maintained by attorneys and professional support staff at the firm. Lodestar figures do not include charges for expense items. Scott+Scott time records have been reviewed to confirm both the accuracy of the entries as well as the necessity for and reasonableness

of the time expended in this litigation. As a result of this review, certain reductions were made to time and lodestar either in the exercise of billing judgment or to conform with my firm's practice. Time spent by attorneys and staff who worked fewer than 20 hours on the case has been omitted from the lodestar calculation. Furthermore, the billing rate for first-level document review has been conservatively capped at $425.

5. The time set forth in this Declaration does not include the hours Scott+Scott will spend preparing this Fee and Expense Application, briefing final approval of the Settlement after May 21, 2025, communicating with Settlement Class members after May 21, 2025, preparing for and attending the Final Approval Hearing on August 1, 2025, and administering the Settlement, assuming it is approved by the Court.

6. The hourly rates for the attorneys and other professional support staff at my firm are the same as the usual and customary hourly rates used for their services in other contingent class action litigation. Scott+Scott has grown into one of the most respected U.S.-based law firms specializing in the investigation and prosecution of complex securities, antitrust, and consumer-focused class actions in both the United States and Europe. Today, Scott+Scott is comprised of 12 office locations worldwide, with its largest offices in New York and San Diego, California, which allows the firm to keep current on federal and California state law developments concerning attorneys' fees. Accordingly, Scott+Scott is familiar with the prevailing California market rates for leading attorneys in complex class action litigation addressing important issues.

7. Scott+Scott periodically establishes hourly rates for the firm's billing personnel based on several factors, including prevailing market rates for attorneys and law firms in California that have comparable skill, experience, and qualifications. Scott+Scott's hourly rates applied here are fully commensurate with the hourly rates of prominent firms, and as such, are reasonable for each professional who performed work in this litigation.

8. Scott+Scott's billing rates have been approved by California federal courts as well as in other federal courts across the country in contingent-fee class action litigation. *See, e.g.*, *Barrett v. Apple Inc.*, No. 5:20-CV-04812, 2025 WL 1002786, at *3 (N.D. Cal. Apr. 3, 2025)

(approving Scott+Scott attorney hourly rates between $500 and $1,545); *In Re: Robinhood Outage Litig*., No. 3:20-cv-01626-JD (N.D. Cal. July 28, 2023), ECF No. 203 (approving attorneys' fees, including Scott+Scott partner rates between $995 and $1,295, associate / of counsel rates between $695 and $750, and paralegal rate of $395, and specifically finding that plaintiffs' counsel "applied their customary professional rates" and that "the rates billed are consistent with rates that have been awarded in this District"); *In re Vaxart, Inc. Sec. Litig*., No. 20 Civ. 05949-VC (N.D. Cal. Jan. 25, 2023), ECF No. 274 (approving fee award with Scott+Scott's rates ranging from $795 to $1,395 for partners or senior counsel, $595 to $750 for associates, and roughly $395 for paralegals); *Steamship Trade Ass'n of Balt. – Int'l Longshoremen's Ass'n Pension Fund v. Olo Inc*., No. 1:22-cv-08228 (S.D.N.Y. June 11, 2024), ECF Nos. 123-2, 125-5 (approving fee award with Scott+Scott's rates ranging from $1,150 to $1,975 for partners or senior counsel, $525 to $675 for associates, and roughly $435 for paralegals); *In re Foreign Exch. Benchmark Rates Antitrust Litig*., No. 13 Civ. 7789, 2018 WL 5839691, at *5 (S.D.N.Y. Nov. 8, 2018) (approving partner rates, including for Scott+Scott, of $630 to $1,375, and associate rates of $325 to $625), *aff'd sub nom. Kornell v. Haverhill Ret. Sys.*, 790 F. App'x 296 (2d Cir. 2019). The firm's rates are set based on periodic analysis of rates used by firms performing comparable work both on the plaintiff and defense side. For personnel no longer employed by Scott+Scott, the lodestar calculation is based on the billing rates for such personnel in his or her final year of employment with the firm.

9. The services Scott+Scott performed on behalf of the putative Class include, but are not limited to, the following:

- <u>Factual Investigation</u>: investigated whistleblower claims announced in *The Guardian* and the initial and amended complaint allegations, including multiple interviews with Plaintiff Rodriguez and Plaintiff Pappas regarding their respective experiences with Siri.
- <u>Pleadings & Briefing</u>: drafted and revised initial and amended pleadings and researched the viability of various statutory and common law privacy claims; drafted

and/or revised two oppositions to motions to dismiss, numerous joint discovery dispute letters, supplemental discovery-related briefing requested by the Court, a motion to amend, motion for sanctions and reply in support thereof, opposition to Apple's motion for leave to file a motion for a protective order, opposition to Apple's motion for protective order, motions to seal, and several stipulations to modify the case management schedule; and performed extensive research related to the foregoing briefs, letters, and stipulations.

- Defendant Discovery & Depositions: drafted and revised electronically stored information ("ESI") protocol, protective order, two sets of document requests, two sets of interrogatories, and Rule 30(b)(6) and Rule 30(b)(1) deposition notices; negotiated search terms relating to Apple's production of documents; spent hundreds of hours meeting and conferring with Apple and writing letters to Apple regarding discovery disputes; reviewed document production and prepared issue memoranda; reviewed documents for purposes of identifying deposition exhibits; and prepared for and/or attended at least 10 depositions of Apple witnesses.
- Plaintiff Discovery & Depositions: reviewed, analyzed, and drafted responses to the document requests and interrogatories that Apple served on Plaintiffs; held discussions with Plaintiffs Rodriguez and Pappas regarding their respective responses and amended responses to the document requests and interrogatories; met with Plaintiffs Rodriguez and Pappas, respectively, to conduct forensic ESI document collection; reviewed and produced Plaintiffs' documents responsive to Apple's document requests; met with Plaintiffs Rodriguez and Pappas to prepare for their respective depositions; and attended and defended Plaintiffs Rodriguez and Pappas at their respective depositions.
- Third Party Discovery: drafted subpoenas and held meet and confers with subpoena recipients to negotiate the scope of the production of documents in response to the subpoenas.
- Class Certification & Experts: conducted legal research regarding the viability of

certification of Wiretap Act, privacy, and breach of contract claims; reviewed documents to identify evidence in support of class certification; drafted motion for class certification; and conferred with experts and revised expert reports.

- Mediation & Settlement: drafted and revised confidential and *ex parte* mediation statements that deeply analyzed the strengths and weaknesses of the case and calculated class-wide damages for each claim; participated in mediation session and numerous follow-up calls with the mediator and Apple to negotiate the terms of the Settlement; reviewed, analyzed, and edited the Settlement Agreement and its exhibits; conferred with Plaintiffs Rodriguez and Pappas, respectively, regarding the Settlement Agreement's provisions; and edited the motion for preliminary approval.

10. Over the course of the litigation, Scott+Scott assigned a team of attorneys to work on the Lawsuit, diligently ensuring that assignments were handled by attorneys with the appropriate level of experience and minimizing duplication of efforts. The following are the primary attorneys assigned to work on the Lawsuit, with their year of graduation from law school and the general subject matter of the tasks each performed in this case:

- Partners:
  - Joseph Guglielmo (1995): supervising partner who provided oversight of day-to-day partners and associates and assisted in strategy sessions, complex discovery issues, apex depositions, and settlement negotiations.
  - Erin Green Comite (2002): day-to-day partner on the case, starting in September 2022 to the present, who spearheaded the identification and analysis of Apple's numerous discovery deficiencies and irregularities; led meet and confers with Apple regarding discovery disputes; prepared for and took two depositions; drafted and edited discovery dispute letters, joint discovery briefs, oppositions to Apple's motion for protective order, sanctions motion, motion for class certification, and expert reports; argued discovery issues; drafted confidential and *ex parte* mediation statements; and attended mediation and

participated in negotiating settlement.

- John Jasnoch (2011): day-to-day partner on the case from case inception to August 2022, who supervised associate research and drafting of sections of Plaintiffs' oppositions to Apple's motions to dismiss and presented oral argument at the motion to dismiss hearings on these issues; supervised associate research and amendment of the pleadings; interviewed Plaintiff Pappas regarding his experience with Siri for purposes of adding allegations to the complaint; coordinated discovery efforts related to Plaintiffs Rodriguez and Pappas; communicated and met with Plaintiffs Rodriguez and Pappas to prepare them for their respective depositions; and defended the respective depositions of Plaintiffs Rodriguez and Pappas.
- Hal Cunningham (2005): researched and drafted motion to dismiss opposition briefs; amended pleadings; and organized and assisted in numerous discovery-based projects, including responding to discovery requests directed to Plaintiffs, collecting and producing documents from Plaintiffs, and managing the initial set up of the document review and various document review assignments.

- Associates & Of Counsel:
  - Sean Russell (2015): primary associate who assisted in managing document review; prepared partners for depositions by drafting deposition outlines and making final identification of deposition exhibits; prepared for and took key fact witness depositions; assisted in discovery-related meet and confers with Apple; drafted discovery dispute letters; drafted and edited joint discovery briefs and other substantive briefs and researched related issues; and researched and identified Apple's spoliation issues and assisted with motion for sanctions.
  - Joe Cleemann (2009): drafted motion to amend complaint; met and conferred with several third party subpoena recipients to negotiate the scope of production of documents in response to subpoenas; conducted in-depth privilege log

analysis and drafted dispute letters to successfully obtain removal of scores of documents from Apple's privilege log; drafted and edited discovery dispute-related briefs; performed class certification damages-related legal research; and assisted in working with damages expert.

- Anja Rusi (2016): performed class certification-related legal research; researched and assisted in working with the experts; and assisted with Settlement Class Member communications.
- David Goldberger (2002): performed second-level, intensive document review analysis and factual research to assist with deposition preparations and identification of evidence in support of Plaintiffs' motion for class certification.

- Staff Attorneys: Victoria Burke, Elizabeth Campos, Melanie Porter, Nnenna Sankey, Alyssa Schneider, Mingzhao Xu, and Brandon Zapf are highly qualified, experienced attorneys who performed first-level and second-level document review, identified deposition exhibits and evidence for Plaintiffs' motion for class certification, and drafted issue memoranda in support of class certification.

11. The total time for which my firm is requesting an award of legal fees is **9,655.90** hours. The total loadstar value of these professional services is **$7,539,391.50**.

12. Attached as **Exhibit C** is a schedule of Scott+Scott's expenses reasonably incurred in connection with this litigation for which reimbursement is requested. My firm incurred these unreimbursed expenses to cover the costs of filing, service of process, *pro hac vice* fees, couriers, legal research in electronic databases such as PACER, Westlaw, and LexisNexis, photocopies and document productions, telephone and facsimile charges, and work-related transportation, lodging, and meal expenses for travel to and from depositions and a mediation held in California. Expense items are billed separately, and such charges are not duplicated in the firm's current billing rates. Further, expense items do not contain any general overhead costs, and do not contain a surcharge over the amount paid to the corresponding vendor(s).

13. As detailed and categorized in the schedule attached as **Exhibit C**, Scott+Scott incurred a total of **$30,746.68** in expenses from inception of the Lawsuit through May 21, 2025. The schedule is based upon expense records recorded in Scott+Scott's books and records. These books and records are prepared from expense vouchers, check records, receipts, and other source materials. This amount does not include Scott+Scott's contributions to the litigation fund, shown in **Exhibit D**.

14. To facilitate the sharing of expenses, Class Counsel contributed to a litigation fund administered by my firm. **Exhibit D** sets forth common expenses paid or incurred by the litigation fund, which was fully funded by Class Counsel, from inception of the Lawsuit through May 21, 2025, totaling **$645,953.25**. These unreimbursed expenses include the costs of service of process, deposition and court transcripts, bank fees, expert fees, electronic discovery, forensic document collection, document review and hosting, and mediation.

15. These litigation expenses were reasonably and necessarily incurred in the prosecution of the Lawsuit, and therefore, this application for reimbursement of litigation expenses should be approved.

***

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed on May 27, 2025, in Richmond, Virginia.

DFScott

Daryl F. Scott

**EXHIBIT A**

**LODESTAR SUMMARY – INCEPTION THROUGH MAY 21, 2025**
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

| PROFESSIONAL | YEAR | STATUS | HOURLY RATE | TOTAL HOURS | TOTAL LODESTAR AT HOURLY RATES |
|---|---|---|---|---|---|
| Joseph Guglielmo | 1995 | P | $1,420 | 429.90 | $ 610,458.00 |
| Erin Comite | 2002 | P | $1,175 | 2,093.30 | $ 2,459,627.50 |
| John Jasnoch | 2011 | P | $1,150 | 257.30 | $ 295,895.00 |
| Hal Cunningham | 2005 | P | $895 | 482.00 | $ 431,390.00 |
| Sean Russell | 2015 | A | $665 | 903.00 | $ 600,495.00 |
| Joseph Cleemann | 2009 | A | $820 | 418.20 | $ 342,924.00 |
| Anja Rusi | 2016 | A | $665 | 248.50 | $ 165,252.50 |
| David Goldberger | 2002 | OC | $950 | 603.90 | $ 573,705.00 |
| Victoria Burke[1] | 2011 | SA | $425 | 1,283.90 | $ 545,657.50 |
| Victoria Burke | 2011 | SA | $700 | 664.50 | $ 465,150.00 |
| Alyssa Schneider | 2008 | SA | $425 | 1,369.30 | $ 581,952.50 |
| Nnenna Sankey | 2012 | SA | $425 | 261.60 | $ 111,180.00 |
| Mingzhao Xu | 2009 | SA | $425 | 144.30 | $ 61,327.50 |
| Melanie Porter | 2006 | SA | $700 | 170.80 | $ 119,560.00 |
| Elizabeth Campos | 2001 | SA | $700 | 69.80 | $ 48,860.00 |
| Brandon Zapf | 2007 | SA | $700 | 57.40 | $ 40,180.00 |
| Ellen DeWan | | PL | $435 | 20.00 | $ 8,700.00 |
| Ellen Jordan | | PL | $435 | 22.70 | $ 9,874.50 |
| Kimberly Jager | | PL | $435 | 107.70 | $ 46,849.50 |
| Mario Tlatenchi | | O | $435 | 25.80 | $ 11,223.00 |
| Michelle Petrick | | O | $415 | 22.00 | $ 9,130.00 |
| **TOTAL** | | | | **9,655.9** | **$ 7,539,391.50** |

Partner (P)
Of Counsel (OC)
Associate (A)
Staff Attorney (SA)
Paralegal (PL)
Other (O)

[1] Ms. Burke's hourly rate is capped at $425 for time she spent performing first-level document review; she is billed at her regular hourly rate of $700 for other substantive work she performed in the case

***Lopez v. Apple, Inc.*** **, No. 4:19-cv-04577- JSW (SK) (N.D. Cal.)**
**Exhibit B -- Categorized Time Summary**

**Firm Name: Scott+Scott Attorneys at Law LLP**
**Reporting Period Inception thru May 21, 2025**

**Categories:** 1. Investigation / Factual Research; 2. Document Review (First Line); 3. Depositions (including prep); 4. Other Discovery; 5. Pleadings and Briefs, excluding Class Certification (including legal research); 6. Class Certification; 7. Court Appearance and Prep; 8. Litigation Strategy and Analysis; 9. Expert; 10. Trial and Trial Prep; 11. Mediation, Settlement & Settlement Administration

| Name | Status | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | Current Hourly Rate | Total Hours This Period | Lodestar This Period |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joseph Guglielmo | P | 4.50 | 6.70 | 95.80 | 137.40 | 2.50 | 1.30 | | 10.20 | 5.30 | | 166.20 | $1,420 | 429.90 | $610,458.00 |
| Erin Comite | P | 2.80 | | 364.30 | 720.30 | 503.30 | 98.30 | 17.80 | 14.60 | 140.00 | | 231.90 | $1,175.00 | 2093.30 | $2,459,627.50 |
| John Jasnoch | P | 7.40 | | 65.80 | 37.30 | 132.00 | | 4.40 | 10.40 | | | | $1,150 | 257.30 | $295,895.00 |
| Hal Cunningham | P | | | 17.90 | 367.80 | 96.30 | | | | | | | $895 | 482.00 | $431,390.00 |
| Sean Russell | A | | | 476.40 | 287.70 | 89.10 | 17.80 | 0.90 | 1.40 | 29.70 | | | $665 | 903.00 | $600,495.00 |
| Joseph Cleemann | A | | | 9.00 | 181.10 | 149.90 | 34.80 | | | 43.40 | | | $820 | 418.20 | $342,924.00 |
| Anja Rusi | A | | | 10.50 | 34.60 | 6.50 | 118.70 | | | 47.20 | | 31.00 | $665 | 248.50 | $165,252.50 |
| David Goldberger | OC | | | 417.70 | 186.20 | | | | | | | | $950 | 603.90 | $573,705.00 |
| Victoria Burke | SA | | 1283.90 | | | | | | | | | | $425 | 1283.90 | $545,657.50 |
| Victoria Burke | SA | | | 664.50 | | | | | | | | | $700 | 664.50 | $465,150.00 |
| Alyssa Schneider | SA | | 1369.30 | | | | | | | | | | $425 | 1369.30 | $581,952.50 |
| Nnenna Sankey | SA | | 261.60 | | | | | | | | | | $425 | 261.60 | $111,180.00 |
| Mingzhao Xu | SA | | 144.30 | | | | | | | | | | $425 | 144.30 | $61,327.50 |
| Melanie Porter | SA | | | | 170.80 | | | | | | | | $700 | 170.80 | $119,560.00 |
| Elizabeth Campos | SA | | | 69.80 | | | | | | | | | $700 | 69.80 | $48,860.00 |
| Brandon Zapf | SA | | | 57.40 | | | | | | | | | $700 | 57.40 | $40,180.00 |
| Ellen DeWan | PL | | | | | 20.00 | | | | | | | $435 | 20.00 | $8,700.00 |
| Ellen Jordan | PL | | | | | 22.70 | | | | | | | $435 | 22.70 | $9,874.50 |
| Kimberly Jager | PL | | | | | 107.70 | | | | | | | $435 | 107.70 | $46,849.50 |
| Mario Tlatenchi | O | | 25.80 | | | | | | | | | | $435 | 25.80 | $11,223.00 |
| Michelle Petrick | O | 22.00 | | | | | | | | | | | $415 | 22.00 | $9,130.00 |
| **TOTALS** | | **36.70** | **3091.60** | **2249.10** | **2123.20** | **1130.00** | **270.90** | **23.10** | **36.60** | **265.60** | **0.00** | **429.10** | | **9,655.90** | **$7,539,391.50** |

Partner (P)
Of Counsel (OC)
Associate (A)
Staff Attorney (SA)
Paralegal (PL)
Other (O)

# EXHIBIT C

## EXPENSE SUMMARY – INCEPTION THROUGH MAY 21, 2025
## SCOTT+SCOTT ATTORNEYS AT LAW LLP

| EXPENSE CATEGORIES | AMOUNT |
|---|---:|
| Travel - Airfare, Lodging, Meals, Taxi | $10,959.18 |
| Computer Research, Databases & Docket | $11,274.28 |
| Document Production, Review, IT & Maintenance | $2,800.96 |
| In-House Copying | $2,395.00 |
| Postage, Mailing, FedEx, UPS & Messengers | $157.19 |
| Service, Filing & Other Fees | $2,737.60 |
| Telephone, Facsimile & Case-Specific Supplies | $422.47 |
| **TOTAL** | **$30,746.68** |

# EXHIBIT D

## EXPENSE SUMMARY – INCEPTION THROUGH MAY 21, 2025
## LITIGATION FUND

| EXPENSES | AMOUNT |
|---|---|
| Bank Fees | $724.15 |
| Expert / Damages | $499,301.00 |
| Expert / Damages Retainer Refund | $(25,000.00) |
| Expert / Privacy 1 | $36,000.00 |
| Expert / Privacy 2 | $32,000.00 |
| Mediation | $8,193.92 |
| Client Media Storage / Epiq | $3,805.35 |
| Document Review Hosting / LitIQ | $63,354.32 |
| Service of Process | $1,755.20 |
| Court Transcripts | $2,385.10 |
| Deposition Transcripts / Veritext | $23,434.21 |
| **TOTAL** | **$645,953.25** |

| FIRM CONTRIBUTIONS | AMOUNT |
|---|---|
| Scott+Scott Contributions | $ 375,000.00 |
| Lowey Contributions | $ 375,000.00 |
| **TOTAL** | **$ 750,000.00** |