1  Camilla Chan (SBN 241674)
   cchan@fkks.com
2  FRANKFURT KURNIT KLEIN + SELZ PC
   2029 Century Park East, Suite 2500N
3  Los Angeles, California 90067
   Telephone:     (310) 579-9600
4  Facsimile:     (310) 579-9650

5

6  Kelvin Goode (*pro hac vice forthcoming*)
   ClaimsHero
7  Chief Legal Officer
   kelvin@claimshero.io
8
   Attorneys for DEFNE GUN
9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| FUMIKO LOPEZ, FUMIKO LOPEZ, as Guardian of A.L., a Minor, JOHN TROY PAPPAS, and DAVID YACUBIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>APPLE INC.,<br><br>   Defendant. | Case No. 4:19-cv-04577- JSW (SK)<br><br>**ADMINISTRATIVE MOTION TO COMPEL ANGEION GROUP TO ACCEPT CLAIMS FORMS SUBMITTED BY COUNSEL FOR ABSENT CLASS MEMBERS** |

Pursuant to Civil Local Rule 7-11, Defne Gun, by and through undersigned counsel, respectfully submits this motion for administrative relief seeking an order compelling the Settlement Administrator (Angeion Group) to accept claims forms submitted by counsel for absent class members. This request pertains to a miscellaneous administrative matter not otherwise governed by federal statute, Federal Rule, local rule, or standing order of the assigned judge. In accordance with Civil Local Rule 7-11(a), this motion is accompanied by a proposed order and declaration explaining why a stipulation could not be obtained.

## ARGUMENT

Defne Gun is a class member in the above-referenced action. Ms. Gun wants to be represented by counsel when submitting her claim to settlement proceeds in this case. Inexplicably, the proposed settlement administrator in this case has told her she cannot.

Ms. Gun is represented by ClaimsHero LLC ("ClaimsHero"). ClaimsHero is a law firm that monitors its clients' rights across numerous class actions to ensure that they are aware of their eligibility for class action settlements and that they properly submit claims to obtain the settlement funds owed to them. ClaimsHero represents over 125,000 clients—a substantial number of whom are potential Settlement Class Members in the above-referenced action.

On May 13, 2025, ClaimsHero sought to coordinate the submission of its clients' claims. *See* Kelvin Goode Decl., Ex. 1. Unfortunately, while the Full Class Notice expressly permits Settlement Class Members to be represented by counsel,[1] and the Settlement Administrator (Angeion Group) recognized ClaimsHero's "position as independent Counsel representing potential Class Members," Angeion nonetheless unilaterally pronounced that it would "not permit participation by third party filers." Goode Decl., Ex. 1. Accordingly, Ms. Gun seeks an order directing Angeion not to interfere with her rights and the rights of anyone else who wishes to submit a Claims Form through the counsel of their choice. The Court should issue such an order for the following reasons:

---

[1] *See* https://www.lopezvoiceassistantsettlement.com/faqs, FAQ No. 16. ("If you want your own lawyer, you may hire one, but you will be responsible for payment for that lawyer's services.")

1
ADMINISTRATIVE MOTION TO COMPEL ANGEION GROUP TO ACCEPT CLAIMS FORMS
SUBMITTED BY COUNSEL FOR ABSENT CLASS MEMBERS

*First*, courts regularly permit third parties to file claims on behalf of class members, even where, unlike here, those third parties are **not** law firms. *See, e.g.*, *In re Visa Check/Mastermoney Antitrust Litig.*, 2006 WL 1025588, at *4 (E.D.N.Y. Mar. 31, 2006) ("If a merchant chooses to sell its claim or pay someone else to process its claim, that is fine with the Court. It is also fine for firms like Spectrum to solicit merchants to use their claim processing or claim purchasing services."). Of course, ClaimsHero is **not** a claim filing company; it is a **law firm** that represents thousands of clients in active litigations, employs lawyers familiar with the intricacies of Fed. R. Civ. Pro. 23, and therefore—unlike most third party filers, its clients have the requisite level of representation to protect their interests in this class action.[2]

*Second*, allowing ClaimsHero to submit claims on behalf of its clients is in the best interests of absent class members because it will make Settlement distribution far more effective. *See Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 605 (E.D. Cal. 2015) ("the Court's role in certifying a class for settlement is largely to protect the absent class members"). Indeed, the Court may only approve the Settlement "after considering whether . . . the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims[.]" Fed. R. Civ. P. 23(e)(2)(C)(ii). Precluding ClaimsHero—or any attorney hired by a Class Member for that matter—from submitting claims on behalf of its clients could prevent hundreds of thousands of legitimate claims.

It is an unfortunate reality that class action settlement "funds are frequently left unclaimed." *Advisory Committee's Note to 2018 Amendment* of Fed. R. Civ. P. 23. In 2019, the FTC found that the median claims rate of *direct* notice recipients was only 9% (and 4% as a weighted average).[3] ClaimsHero exists to solve that problem. And it is a timely mission—while

---

[2] Indeed, ClaimsHero has successfully worked with Angeion Group to submit claims on behalf of more than 1,500 clients in a separate matter. *See Henry, et al. v. Brown University, et al*. (Case No. 1:22-cv-00125).

[3] FEDERAL TRADE COMMISSION, *Consumers and Class Actions: A Retrospective and Analysis of Settlement Campaigns*, FTC Staff Report (Sept. 2019) at 11, *available at* https://www.ftc.gov/system/files/documents/reports/consumers-class-actions-retrospective-analysis-settlement-campaigns/class_action_fairness_report_0.pdf.

participation by class members continues to be low, the importance of private litigation has increased because "[t]echnological advancements made over the last three decades have obliterated much of the informational advantage regulatory agencies once had over private individuals . . . turning private law into the instrument of choice for entrepreneurial private actors and, unexpectedly, a bellwether for regulatory agencies."

Despite acknowledging that third party filing ("TPF") on behalf of class members "can drive claims rates," Angeion also publicly advertises that "[t]here are strategies that can be used to . . . discourage TPFs."[4] Yet even Angeion admits that only in "rare cases" would a court "outright restrict TPFs in the text of the settlement agreement or approval Order."[5]

*Third*, the Angeion Group has represented to ClaimsHero that this is one of those "rare" cases—stating that submissions by ClaimsHero on behalf of its clients are barred by a cramped reading of the Settlement Agreement. *See* Ex. 1. But the Settlement Agreement nowhere precludes counsel from submitting claims on behalf of Class Members. Section B.8 of the Settlement Agreement only states that claims must be "submitted by a Settlement Class Member." ECF No. 336-2 at 7. A claim by an attorney is still "by" the client because an "attorney is authorized by virtue of his employment to bind the client in procedural matters arising during the course of the action[.]" *Fredianelli v. Jenkins*, 931 F. Supp. 2d 1001, 1008 (N.D. Cal. 2013) (internal citation omitted); *see also Daly v. Royal Ins. Co. of Am.*, 2002 WL 1768887, at *4 (D. Ariz. July 17, 2002) ("A lawyer is the agent of his client, and the rules of agency law generally apply to the attorney-client relationship."). And "[s]uch a construction would better protect absent class members" in any event by ensuring their representation throughout the claims process. *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 602 (E.D. Cal. 2015).[6]

---

[4] Kendall S. Zylstra, Senior Vice President of Class Actions and Mass Torts, *Pros and Cons of Third-Party Filers* (April 17, 2024), *available at* https://www.angeiongroup.com/news/pros-and-cons-of-third-party-filers

[5] *Id.*

[6] The Claim Form simply reflects the Settlement Administrator's mistaken interpretation of the Settlement Agreement, and the Court should likewise reject its limitation on the submission of

The Court's Order granting preliminary approval of the settlement in this case confirms ClaimsHero's reading of the Settlement Agreement. Specifically, that order states that "Settlement Class Members who wish to make a claim must do so by submitting a Claim Form . . . in accordance with the instructions contained in the Full Class Notice." Dkt. 341 at 5, ¶12. The Full Class Notice affirms Class Members' right to appear through their own attorney. *See* https://www.lopezvoiceassistantsettlement.com/faqs ("If you appear through your own attorney, you are responsible for hiring and paying that attorney"). Angeion's refusal to allow law firms to submit claims on behalf of their clients is puzzling given that, as claims administrator, they themselves published this Full Class Notice.

*Fourth*, any conclusion to the contrary would be tantamount to denying Class Members the right to hire counsel of their choice in favor of forcing them to proceed *pro se*, which implicates due process concerns. In *Powell v. Alabama*, the Supreme Court recognized that the right to be heard in legal proceedings "would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." 287 U.S. 45, 69 (1932). For the same reasons, "a defendant who has hired his own attorney has a different right, independent and distinct from the right to effective counsel, to be represented by the attorney *of his choice*. This right to select counsel of one's choice is the root meaning of the constitutional guarantee found in the Sixth Amendment." *United States v. Brown*, 785 F.3d 1337, 1343–44 (9th Cir. 2015) (emphasis in original) (internal citations omitted). And such a conclusion would implicate due process concerns in connection with Rule 23—which requires that absent class action plaintiffs "receive an opportunity to be heard and participate in the litigation, whether in person or through counsel." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *see also In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 449 (C.D. Cal. 2014) ("The role of a court" in reviewing a class action settlement "is to assure

---

Claim Forms through counsel. *See* Goode Decl., Ex. 2 (Claim Form) ("Claims must be submitted by a Settlement Class Member. Except for claims submitted by an authorized individual on behalf of a Settlement Class Member that is a minor, claims submitted by people or entities other than the Settlement Class Member will be rejected without opportunity to provide additional information or challenge the Settlement Administrator's determination.").

that the procedures followed meet the requirements of the [Federal Rule of Civil Procedure 23] and comport with due process").

Legal commentators have proposed the need for a technological solution to the problem of low claims rates —a "class action website and supporting administration . . . that would both operate a comprehensive research database on class actions and assume many of the notice and claims-processing functions . . . to substantially increase the rate of consumer participation in class action settlements."[7] ClaimsHero has built that solution. The Court should reject the Settlement Administrator's attempt to smother such a solution to lower claims rates in this action (and beyond) through an unnecessary constriction of Class Members' right to counsel in submitting their claims.

## CONCLUSION

For the foregoing reasons, ClaimsHero respectfully requests that the Court: (1) order the Settlement Administrator to accept Claim Forms submitted by attorneys on behalf of their clients, (2) require the Claims Administrator to adopt procedures to allow for bulk submission of claim forms;[8] and (3) grant such other relief as the Court deems just and proper.

DATED:  May 29, 2025              Respectfully submitted,

                                  FRANKFURT KURNIT KLEIN + SELZ PC


                                  By:    /s/ Camilla Chan
                                         Camilla Chan

                                         Kelvin Goode (*pro hac vice forthcoming*)
                                         ClaimsHero

                                         Attorneys for DEFNE GUN

---

[7] AMANDA M. ROSE, *Classaction.gov*, 88 U. CHI. L. REV. 487 (2021), *available at* https://chicagounbound.uchicago.edu/cgi/viewcontent.cgi?article=6234&context=uclrev.

[8] Bulk submission simply involves allowing the transfer of more than one Claim Form at a time and does not otherwise alter the form or content of the claim.