UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FUMIKO LOPEZ, FUMIKO LOPEZ, as guardian of A.L., a minor, LISHOMWA HENRY, JOSEPH HARMS, JOHN TROY PAPPAS, and DAVID YACUBIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 4:19-cv-04577-JSW-SK<br><br>**DECLARATION OF DEREK BURROWS OF ANGEION GROUP, LLC RE: SETTLEMENT ADMINISTRATION PROTOCOL AND INTERVENTION BY THIRD-PARTY FILERS** |

I, Derek Burrows, declare and state as follows:

1. I am the Chief Operating Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). I am over 21 years of age, am not a party to this action, and submit this declaration based on personal knowledge and information obtained in my role at Angeion.

2. As Chief Operating Officer, I am responsible for directing Angeion's operations, including the strategic planning and execution of Angeion's notice and claims administration services.

3. Angeion is not related to or affiliated with the Plaintiffs, Plaintiffs' Counsel, Apple, or Apple's Counsel (the "Parties").

4. Angeion was retained by the Parties and appointed by the Court to serve as the Settlement Administrator pursuant to the Order Granting Preliminary Approval. Dkt. No. 341. ("Order").

5. The purpose of this Declaration is to provide the Court with information about the claims process implemented in this Settlement, including details about its design to accommodate Claim Form submissions directly from Settlement Class Members, and how intervention by third-party non-Settlement Class Members to submit claims will impact the administration of the Settlement.

**Implementation of the Claims Process for Settlement Class Members**

6. The Order directed Angeion to "supervise and administer the Notice plan, establish and operate the Settlement Website, administer the claims processes, distribute Class Payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement." *Id*. at 3. Angeion is retained to implement the terms of the Settlement Agreement. Angeion's responsibilities and how they are to be executed are enumerated explicitly within the Settlement Agreement and associated Court orders.

7. Accordingly, Angeion designed a claims process based on the criteria set forth in the Settlement Agreement, which states in part:

> 8. The Settlement Administrator will review all claims to determine their validity and eligibility under this Section. **The Settlement Administrator will reject any claim that does not materially comply with the instructions on the Claim Form; is not submitted by a Settlement Class Member; or is duplicative or fraudulent.** Dkt. No. 336-2 at 7 (emphasis added).

8. Specific to the criteria set forth in the Settlement Agreement and the Court-approved Claim Form, the claims process was designed and implemented to accommodate Claim Form submissions made only by Settlement Class Members.

9. Angeion has designed its claims submission workflows and infrastructure to handle claims administration at scale. The automated workflows and standardized processes are used to ensure uniform treatment of class member submissions as efficiently and accurately as possible. The benefits of this approach allow timely administration to meet court ordered deadlines and for cost control at all stages of the administration. This is particularly relevant in the instant matter, which involves a potential class for purposes of notice numbering well over 100 million people and has already received millions of claim submissions.

10. This process allows Angeion to confirm whether claimants are members of the Settlement Class[1], have submitted complete claim materials, and are eligible to receive a Class Payment as well as to communicate efficiently and effectively with Settlement Class Members as is often required during the administration process. Accordingly, modifications to these well-established claims processes would be required to permit third parties to submit claims on behalf of Settlement Class Members, which would cause additional time and expense to be incurred and charged to the Gross Settlement Fund.

---

[1] The Settlement Class is defined as "all individual current or former owners or purchasers of a Siri Device, who reside in the United States and its territories, whose confidential or private communications were obtained by Apple and/or were shared with third parties as a result of an unintended Siri activation between September 17, 2014 and December 31, 2024." Dkt. No. 336-2 at 3.

**Negative Effect on Fraud Prevention Safeguards and Administration Processes**

11. Allowing third-party, non-Settlement Class Members to submit claims would undermine Angeion's ability to identify and prevent fraudulent claim submissions. This serves a pivotal role in safeguarding the integrity of the Gross Settlement Fund, ensuring that only eligible Settlement Class Members are distributed Class Payments.

12. Angeion has pioneered real-time fraud detection and prevention technology that prevents submission of fraudulent claims at the time of filing. This technology reduces the costs of administration associated with later stage evaluation and deficiency efforts, as well as providing a truer view of claims volumes as the administration progresses.

13. A critical aspect of Angeion's fraud prevention system involves the analysis of the individualized data provided and gathered during the standardized claim submission process. The effectiveness of our approach would be compromised by allowing a third party to submit claims on behalf of multiple Settlement Class Members, which inherently reduces the amount of available individualized data and reduces our ability to evaluate the submission.

14. If additional details are needed with respect to Angeion's fraud detection and prevention systems, then a supplemental filing can be provided to the Court under seal.

15. Third-party filer participation introduces a number of complications. These affect nearly every stage of the administration process. As noted, Angeion leverages automated workflows and standardized processes to ensure uniform and efficient handling. This approach is supported by requiring class members to submit near identical information in a uniform format and structure to limit variances in the claim submissions, thereby reducing data analysis efforts and, generally, time required to process and review submissions.

16. When third-party filers are permitted to insert themselves into the process, Angeion is frequently required to provide special accommodation to support their participation, including, but not limited to, the time required to coordinate with the Parties and the third-party filer to work through the logistics of the given matter. These result in deviations in every aspect of the administration after the noticing stage. Submissions from third-party filers must be coordinated –

content, form, and the delivery mechanism, in order to standardize third-party submissions with those made by Settlement Class Members. There is also significant additional time and effort needed in the form of manual data entry and analysis, fraud and claims/document review, and coordinating communications through a third-party that would otherwise be handled directly with class members, including deficiency efforts that might require time sensitive resolution. This would require us to rely on the third-party to accurately relay information to the Settlement Class Member, without any assurance that they will do so. In fact, we cannot confirm if the Settlement Class Members are even aware that their claims are being filed on their behalf by the third-party filer. Further, claims submitted by non-Settlement Class Members pose an increased challenge to identify potentially duplicative claims if the same Settlement Class Members also submit claims on their own behalf.

17. Many of the issues noted are occurring or will occur in the separate matter cited by ClaimsHero – *Henry, et al. v. Brown University, et al.* (Case No.: 1:22-cv-00125). This matter involves a much smaller class and class counsel has allowed the third-party to submit the referenced claims. While ClaimsHero was ultimately permitted to submit claims, it was required to do so through the claims portal for each class member individually, not in bulk as requested here. However, this did not eliminate the need to alter our workflows, or the additional effort required to process these claims, which is currently ongoing.

**Inability to Ensure that Class Payments are Delivered to Settlement Class Members**

18. Angeion's ability to ensure that Class Payments are successfully delivered to eligible Settlement Class Members under the Settlement would be bypassed by allowing third-party non-Settlement Class Members to submit claims and receive the Class Payment on behalf of Settlement Class Members. Typically, third-party filers provide their contact information for communications and receipt of payment.

19. When Class Payments are issued directly to Settlement Class Members, Angeion is able to track when the Class Payment has been processed. For check payments, we have transaction records and can obtain images of the signed check if needed. For electronic payments,

4

we can obtain confirmation of processing as selected by the Settlement Class Member via the applicable delivery service. This process is negated if Class Payments are issued to third parties, *i.e.*, Angeion can only determine if that third-party filer received the funds and will have no further insight into what funds, if any, are delivered the eligible Settlement Class Member.

20. This creates a significant risk that an eligible Settlement Class Member will contact Angeion seeking their Class Payment after the funds have been distributed and are no longer available. Understandably, Angeion is hesitant to engage in a process that creates this possibility, including any potential exposure or liability to Angeion itself.

## **Conclusion**

21. Angeion's responsibilities are dictated by the terms of the Settlement Agreement and associated Court orders. Those governing materials state that Settlement Class Members are required to submit claims directly except in limited enumerated circumstances. Allowing third-party filers would require additional work and incur increased costs associated with coordinating such submission and adjustment to our standard process.  Further, the efficiency and efficacy of certain systems and processes will likely be reduced, including Angeion's ability to (i) ensure that only eligible Settlement Class Members are approved for payment, (ii) identify and prevent fraud, and (iii) assess whether Class Payments are properly processed and delivered to Settlement Class Members, as elected.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of June, 2025, at Ithaca, New York.

_____
DEREK BURROWS