ARTURO J. GONZALEZ (Bar No. 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Tel.: 415.268.7000
Fax: 415.268.7522

PURVI G. PATEL (Bar No. 270702)
PPatel@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Tel.: 213.892.5200
Fax: 213.892.5454

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FUMIKO LOPEZ, FUMIKO LOPEZ, AS GUARDIAN OF A.L., A MINOR, LISHOMWA HENRY, JOSEPH HARMS, JOHN TROY PAPPAS, AND DAVID YACUBIAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 4:19-CV-04577-JSW-SK<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO ADMINISTRATIVE MOTION TO COMPEL ANGEION GROUP TO ACCEPT CLAIM FORMS SUBMITTED BY COUNSEL FOR ABSENT CLASS MEMBERS**<br><br>Judge: Hon. Jeffrey S. White<br><br>Magistrate Judge: Hon. Sallie Kim |

Movant Defne Gun seeks to compel Settlement Administrator Angeion Group, LLC to accept Claim Forms[1] submitted in bulk by her attorneys, third-party filer ClaimsHero, on behalf of Ms. Gun and an unspecified number[2] of other purported Settlement Class Members. That relief would impermissibly alter material terms of the parties' Settlement Agreement and rewrite the notice and claims procedures approved by this Court. Further, and critically, the result would be to significantly increase the risk of fraudulent claims and the cost of settlement administration, diluting recovery by Settlement Class Members with valid claims.

The parties developed a streamlined claims process to effectively provide relief to Settlement Class Members while maintaining safeguards essential to protect the integrity of the claim submission process and minimize fraud. The core of those safeguards is the requirement that each Settlement Class Member submit their own Claim Form and personally attest under the penalty of perjury that they meet all criteria to qualify for relief. Only the Settlement Class Members themselves have the personal knowledge to do so. Ms. Gun does not explain how, as a third-party, ClaimsHero can meet this requirement.

To be clear, Apple does not object to Ms. Gun obtaining assistance from counsel with her Claim Form, provided that she completes and submits it herself, as required. But Ms. Gun has not identified any unique circumstances that might justify an exception here. Even if she had, such requests are best addressed individually, so the parties and Angeion can ensure that any deviation from the Claim Form requirements is both necessary and not done for a fraudulent purpose. This type of inquiry cannot be done for *en masse* submissions.

For these reasons and those set forth below, Ms. Gun's requested relief should be denied.

## I.   ARGUMENT

As an initial matter, the relief Ms. Gun seeks is not the proper subject of an administrative motion. These motions are intended to address only "miscellaneous administrative matter[s]" like

---

[1] Unless otherwise defined, capitalized terms have the meanings ascribed to them in the Settlement Agreement. (ECF No. 336-2, Ex. 2 ("Settlement Agreement").)

[2] ClaimsHero asserts that it represents "over 125,000 clients—a substantial number of whom are potential Settlement Class Members." (ECF No. 355 at 2.) It does not identify the subset of individuals it contends are Settlement Class Members, explain how it identified or contacted them, or provide any other information to confirm that they are in fact Settlement Class Members.

seeking an order to "exceed otherwise applicable page limitations" or to "file documents under seal." Civil L.R. 7-11. Seeking to materially alter the terms of the parties' settlement and Court-approved notice and claims procedures is far beyond what L.R. 7-11 envisions. The administrative motion should be denied outright as procedurally improper.

> **A.    The Relief Ms. Gun Seeks Is Contrary to Material and Essential Requirements of the Claims Process Approved by the Court**

It is black letter law that "[t]he court's power to approve or reject settlements does not permit it to modify the terms of a negotiated settlement." *Jeff D. v. Andrus*, 899 F.2d 753, 758 (9th Cir. 1989) (citing *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986)). But that is exactly what Ms. Gun is asking the Court to do here. Due to the nature of the claims at issue, the parties recognized that only Settlement Class Members can confirm they meet all criteria to qualify as a Settlement Class Member. The Settlement Agreement, notice documents, and Claim Form thus require that to make a claim, Settlement Class Members must each confirm under oath that:

  i.   they purchased or owned a Siri Device in the United States or its territories, and enabled Siri on that device;
  ii.  they experienced at least one unintended Siri activation; and
  iii. at least one unintended Siri activation they experienced occurred during a conversation they intended to be confidential or private.

(*See* ECF No. 336-2, Ex. 1 (Settlement Agreement) at 6-7; *see also* ECF No. 340-1, Ex. 1 ("Claim Form") at 6; ECF No. 336-2, Ex. A ("Long Form Notice") at 7; ECF No. 336-2, Ex. B ("Email Notice") at 2.) Whether a Settlement Class Member enabled Siri and meets the two last criteria can *only* be known based on the recollection of the Settlement Class Members themselves. Accordingly, the Claim Form instructions require that Claim Forms "must be submitted by a Settlement Class Member" and that Claim Forms "submitted by people or entities other than the Settlement Class Member will be rejected[.]"[3]  (Claim Form at 1.)

In approving the notice documents and Claim Form, the Court directed in the Preliminary Approval Order that "Settlement Class Members who wish to make a claim ***must do so . . . in accordance with the instructions contained in the Full Class Notice.***" (ECF No. 341

---

[3] The only exception to this requirement is for Settlement Class Members who are minors, for whom "authorized individual[s]" can submit Claim Forms. (Claim Form at 1.)

(Preliminary Approval Order) at 4 (emphasis added).) The Court properly exercised its authority to set procedures for the claims process and to impose requirements to prevent unauthorized claims. *See, e.g., Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2020 WL 1972505, at *21 (N.D. Cal. Feb. 5, 2020) (overruling objection to age verification requirement because it is necessary to "ensure that only those" in settlement class "receive[] compensation").

Further, Ms. Gun's argument that precluding ClaimsHero from submitting a Claim Form on behalf of its clients "could prevent hundreds of thousands of legitimate claims" lacks any substantiation. Ms. Gun does not explain why she or any other Settlement Class Member represented by ClaimsHero can ***only*** submit their Claim Forms through ClaimsHero.[4] Ms. Gun instead argues that a "right to counsel" requires the Court to allow ClaimsHero to stand in for Settlement Class Members to complete and submit Claim Forms. While Settlement Class Members are free to seek the assistance of counsel with their Claim Forms, they must themselves confirm under oath they meet all criteria to qualify for recovery. (*See* Settlement Agreement at 6-7.) Ms. Gun does not explain how ClaimsHero can comply with this requirement on her behalf (it cannot), and fails to justify any deviation from the Claim Form requirements.[5]

### B. The Relief Sought by Ms. Gun Increases the Risk of Fraud and Settlement Class Member Confusion While Decreasing Recovery

In addition to ignoring the need for Settlement Class Members to personally participate in the claims submission process, Ms. Gun also ignores the complications inherent in allowing ClaimsHero to submit bulk claims. Allowing the relief Ms. Gun requests will only serve to increase fraud, confuse class members, and reduce the benefit to Settlement Class Members.

---

[4] Ms. Gun does not detail why she needs ClaimsHero to submit her claim, nor could she speak to any other Settlement Class Member's needs. The only factual support provided is a declaration from ClaimsHero's Chief Legal Officer, which also fails to offer any specifics on Ms. Gun's circumstances or those of any other ClaimsHero client. (*See* ECF No. 355-1.)

[5] Ms. Gun references another settlement that ClaimsHero "worked with" Angeion to submit claims, but that has no bearing here. (ECF No. 355 at 2 n. 2.) If anything, that experience supports denying the motion. Despite that case involving a "much smaller class" and ClaimsHero submitting claims individually, Angeion still had to alter its workflows and expend additional resources to process those claims. (*See* ECF No. 361-2 (Declaration of Derek Burrows ("Burrows Decl.")) at ¶ 17.)

### 1. Allowing Third Parties to Submit Claims Will Increase Fraud Risks

Removing the requirement that Settlement Class Members submit their own Claim Forms poses fraud risks on both the front- and back-end of the claim submission process. On the front-end, requiring Settlement Class Members to submit their own Claim Forms enables Angeion to collect and verify individualized data to prevent fraudulent submissions at the time of filing. (Burrows Decl. ¶¶ 12, 13.) Moreover, the requirement that Settlement Class Members attest under the penalty of perjury that they have provided accurate information assures the parties and Angeion that the Settlement Class Members themselves reviewed the Claim Form, and confirmed that they are entitled to compensation under the Settlement. (*See* Claim Form at 6; Burrows Decl. ¶ 13.) Ms. Gun does not explain how ClaimsHero will submit claims in bulk or if it will provide a declaration under penalty of perjury on each Claimant's behalf (which it cannot do).[6]

The fraud risks also extend to the back-end claims validation process. The attestation is the ***only*** way that Angeion can verify that a Settlement Class Member enabled Siri on their device and experienced an unintended Siri activation during a conversation they intended to be confidential or private. (*See* Settlement Agreement at 6-7.) In approving the Claim Form requirements here, the Court set appropriate procedures to prevent fraudulent claims. *See, e.g., In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014) (finding that requiring objector to provide proof of class membership was a "legitimate exercise" of court's discretion to minimize abuse). There is no reason for the Court to alter and dilute these fraud prevention procedures for the more than 125,000 unknown individuals ClaimsHero asserts it represents.

### 2. Allowing Third Parties to Submit Claims Will Increase the Risk of Settlement Class Member Confusion

Allowing ClaimsHero to complete Claim Forms in bulk on behalf of its clients will interfere with Angeion's communications with Settlement Class Members, undermine and

---

[6] Even assuming ClaimsHero is retained as counsel for each Claimant, ClaimsHero cannot sign a declaration based on someone else's factual knowledge. *See, e.g., Clark v. County of Tulare*, 755 F.Supp.2d 1075, 1083-84 (E.D. Cal. 2010) ("[A]n attorney's declaration must be made upon personal knowledge," and "[t]o hold otherwise would ignore the evidentiary rules of hearsay"). Any declaration ClaimsHero provides for its clients will be unreliable hearsay divorced from the protection against fraud an oath affirmation is intended to provide.

frustrate Court-approved communications to the Settlement Class, and ultimately cause Settlement Class Member confusion.  (Burrows Decl. ¶ 16.)  For these reasons, Judge Orrick recently found that it was proper for a settlement administrator to reject claims submitted by a third-party claims aggregator.  *In re JUUL Labs, Inc., Mktg., Sales Pracs., and Prods. Liab. Litig.*, No. 19-md-02913-WHO, 2023 WL 6205473, at *9 (N.D. Cal. Sept. 19, 2023).  In *JUUL*, he explained that these types of claims "hinder[] the ability of the Court-appointed Claims Administrator to communicate directly with claimants and conduct required follow up to identify fraudulent claims or verify the accuracy of claims and to resolve claim disputes[.]"  *Id*.  Similarly, allowing ClaimsHero to submit claims here will require Angeion to communicate with ClaimsHero—not directly with Settlement Class Members—regarding claim verification.  (Burrows Decl. ¶ 16.)  Angeion will have no assurance that ClaimsHero is accurately relaying information to or from Settlement Class Members, and questions or potential claim deficiencies that require time sensitive resolution may be unduly delayed.  (*Id*.)

### 3. Allowing Third Parties to Submit Claims Will Increase Administration Costs and Decrease Settlement Class Recovery

Angeion's standard validation process uses automated systems that enable Angeion to efficiently prevent fraudulent claims while minimizing the cost of administration.  (*Id*. ¶ 12.)  But that process cannot be used for third-party bulk submissions.  Angeion will instead need to manually review these Claim Forms, increasing administration costs and reducing the amount of the Settlement Fund available for claims.  (*Id*. ¶ 16.)  And to the extent ClaimsHero intends to request that they also receive payment on behalf of Settlement Class Members, Angeion will not know whether funds delivered to ClaimsHero get passed to Settlement Class Members, creating the risk that eligible Settlement Class Members may later seek a Class Payment from Angeion when funds are no longer available.  (*Id*. ¶¶ 19-20.)  Nothing in Ms. Gun's motion accounts for depleting the Settlement Fund and creating risks regarding delivery of the Class Payment.

\*\*\*

For the foregoing reasons and those in the Burrows Declaration, Apple respectfully requests that Ms. Gun's administrative motion be denied.

| | | |
|---|---|---|
| 1 | DATED: June 4, 2025 | Respectfully submitted, |
| 2 | | MORRISON & FOERSTER LLP |

*/s/ Purvi G. Patel*
Purvi G. Patel

**Attorneys for Defendant Apple Inc.**

APPLE'S RESPONSE TO ADMIN. MOTION RE BULK CLAIM FORM SUBMISSION
CASE NO. 4:19-CV-04577-JSW-SK
sf-6763206

6