# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| FUMIKO LOPEZ, FUMIKO LOPEZ, as Guardian of A.L., a Minor, JOHN TROY PAPPAS, and DAVID YACUBIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Docket No.: 4:19-cv-04577-JSW (SK)<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |

1     This matter comes before the Court to determine whether to approve the settlement between Plaintiffs Fumiko Rodriguez (formerly known as Fumiko Lopez), individually and as guardian of A.L., John Troy Pappas, and David Yacubian ("Plaintiffs") and Defendant Apple Inc. ("Defendant" or "Apple" and together with Plaintiffs, the "Parties"). The Court, having reviewed and considered Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. ___), the Joint Declaration in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Joint Decl.") (ECF No. 336-1), including the Settlement Agreement and Release ("Settlement" or "Settlement Agreement" or "SA") (ECF No. 336-2) and other exhibits attached thereto (ECF Nos. 336-3 to 336-9), the Declaration of Christian Levis in Support of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application for Service Awards ("Levis Decl.") (ECF No. 354-1), the Declaration of Steven Weisbrot Re: Notice and Administration ("Weisbrot Decl.") and the exhibits attached thereto (ECF No. ____), the Declaration of Erin Green Comite ("Comite Decl.") (ECF No. ___), the pleadings and other papers on file in this action, and the statements of counsel and the Parties, including at the Final Approval Hearing, hereby ORDERS as follows:

    1.     The Court has jurisdiction over the subject matter of the above-captioned action (the "Action") and over the Parties to the Settlement, including Plaintiffs, Apple, and all Settlement Class Members.

    2.     For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreement.

    3.     Plaintiffs' Motion for Final Approval of Class Action Settlement is GRANTED. The objections to the Settlement are OVERRULED.

    4.     The Court finds that the Gross Settlement Amount of $95,000,000 is fair, adequate, and reasonable, is the product of arm's-length and informed negotiations, and treats all members of the Settlement Class fairly in accordance with Rule 23 of the Federal Rules of Civil Procedure.

    5.     The Parties shall perform their obligations pursuant to the terms of the Settlement Agreement and this Order.

6. The following Settlement Class is finally certified under Federal Rules of Civil Procedure 23(a) and 23(b)(3) for settlement purposes:

> All individual current or former owners or purchasers of a Siri Device,[1] who reside in the United States and its territories, whose confidential or private communications were obtained by Apple and/or were shared with third parties as a result of an unintended Siri activation between September 17, 2014 to the Settlement Date [December 31, 2024]. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate families.

7. Also excluded from the Settlement Class are those persons listed on Exhibit A hereto that the Court finds have timely and validly requested exclusion from the Settlement Class in accordance with the Court's Preliminary Approval Order.

8. Pursuant to Federal Rule of Civil Procedure 23(g), the Court previously appointed Christian Levis of Lowey Dannenberg, P.C., and Erin Green Comite of Scott+Scott Attorneys at Law LLP, together with their law firms as Class Counsel to represent the Settlement Class. ECF No. 341 ¶5.

9. The form, manner, and content of the Email Notice, Postcard Notice, Full Class Notice, Publication Notice, and Settlement Website were the best notice practicable under the circumstances, satisfied due process, provided adequate information to the Settlement Class of all matters relating to the Settlement, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1) and due process.

10. Defendants shall fund the balance of the Gross Settlement Amount of $95,000,000 in accordance with the terms of the Settlement Agreement and this Order.

11. The Settlement Administrator shall disburse the Gross Settlement Amount in accordance with the terms of the Settlement Agreement and this Order.

12. The Court finds that the Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Amount among Settlement Class Members, and the Settlement

---

[1] The Settlement Agreement defines "Siri Device" as a Siri-enabled iPhone, iPad, Apple Watch, MacBook, iMac, HomePod, iPod touch, or Apple TV.

Administrator is directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Agreement.

13. Following distribution of the Gross Settlement Amount as set forth in the Settlement Agreement, if ACH transfers to Settlement Class Members fail after 120 days or checks attributable to Settlement Class Members remain uncashed after 120 days after the Class Payment is distributed pursuant to Sections B.4–B.7 of the Settlement Agreement, the funds attributable to those individuals shall be deemed forfeited and used to pay any unanticipated additional costs of Settlement administration as set forth in Section F.6 of the Settlement Agreement.

14. If after paying all Class Payments, Notice and administration expenses, and any Attorneys' Fees and Expenses Payment and Service Awards that may be approved by the Court, there are funds remaining in the Gross Settlement Amount (the "Residual"), then Class Counsel and Apple's Counsel shall meet and confer to discuss a proposal to present to the Court regarding a *cy pres* distribution. If a Residual exists, Class Counsel shall file a motion for approval of distribution to *cy pres* recipient(s) and shall explain "how those recipients are related to the subject matter of the lawsuit and the class members' claims" and shall "identify any relationship they or their counsel have with the proposed *cy pres* recipients" in compliance with Northern District of California Procedural Guidance for Class Action Settlements, Preliminary Approval ¶8.

15. Under no circumstances will Settlement funds revert to Apple.

16. As of the Effective Date, the Releasing Parties will release and discharge and shall be deemed to have released and discharged the Apple Released Parties from the Named Plaintiffs' and Settlement Class Members' Released Matters set forth in Section H.1. of the Settlement Agreement.

17. As of the Effective Date, Apple will be deemed to have completely released and forever discharged Plaintiffs and Class Counsel from the claims set forth in Section H.2 of the Settlement Agreement.

18. The Court will address Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application for Service Awards by separate order.

3

19. The Court retains jurisdiction over the Parties, including Settlement Class Members, for the purposes of construing, enforcing, and administering this Order, as well as the Settlement Agreement itself.

20. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that final approval and judgment of dismissal with prejudice as to Apple should be entered forthwith and further finds that there is no just reason for delay in the entry of this final approval order and judgment, as Final Judgment, in accordance with the Settlement Agreement. Accordingly, the Clerk is DIRECTED to enter judgment, pursuant to Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

Dated: _____

JEFFREY S. WHITE
United States District Judge