Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914-997-0500
Facsimile:  914-997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
Facsimile:  415-759-4112
mtodzo@lexlawgroup.com
pcarey@lexlawgroup.com

Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: 212-223-6444
Facsimile:  212-223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

E. Kirk Wood (*pro hac vice*)
**WOOD LAW FIRM**
P. O. Box 382434
Birmingham, AL 35238
Telephone: 205-612-0243
kirk@woodlawfirmllc.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| FUMIKO LOPEZ, FUMIKO LOPEZ, as Guardian of A.L., a Minor, JOHN TROY PAPPAS, and DAVID YACUBIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Docket No.: 4:19-cv-04577-JSW (SK)<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS**<br><br>Judge: Hon. Jeffrey S. White<br>Courtroom: 5, 2nd Floor<br>Date: August 22, 2025<br>Time: 9:00 a.m. |

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................1

II. ARGUMENT .................................................................................................................2

    A. The Settlement Class's Overwhelmingly Positive Response Supports Final Approval ..............................................................................................................2

    B. The Objections Do Not Create Any Doubts as to the Fairness, Adequacy, and Reasonableness of the Settlement and Should Be Overruled ..........................3

        1. Brown and EL Lack Standing to Object .......................................................3

        2. Brown, Keating, EL, and Williams's Objections Fail to Comply with the Court-Ordered Procedural Requirements and Should Be Overruled ...................................................................................................6

        3. Brown, Williams, and Keating's Objections to the Settlement's Adequacy Are Mere Baseless Assertions that the Settlement Could Have Been "Better" and Should Be Overruled ...........................................7

            a. Legal Standard ...............................................................................8

            b. Brown, Williams, and Keating's Objections to the Adequacy of the Settlement Are Meritless .....................................8

        4. EL's Objection Seeking Individualized Relief Is Improper and Meritless and Should Be Overruled ...........................................................11

        5. Kawasaki's Objection, Which Does Not Relate to the Scope and Nature of *this* Settlement, Should Be Overruled .......................................12

III. CONCLUSION............................................................................................................13

i

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS
Case No. 4:19-cv-04577

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc. Sec. Litig.*,
　2011 WL 1877988 (N.D. Cal. May 17, 2011) ...................................................................3

*Chalian v. CVS Pharm., Inc.*,
　2021 WL 3015407 (C.D. Cal. July 16, 2021), *aff'd sub nom. Chalian v.
　Ghassemian*, 2023 WL 12071922 (9th Cir. Apr. 17, 2025) .......................................8

*Chavez v. PVH Corp.*,
　2015 WL 9258144 (N.D. Cal. Dec. 18, 2015) .............................................................6, 7

*Churchill Vill., LLC v. Gen. Elec.*,
　361 F.3d 566 (9th Cir. 2004) ..........................................................................................2

*City of Livonia Employees' Ret. Sys. v. Wyeth*,
　2013 WL 4399015 (S.D.N.Y. Aug. 7, 2013) .................................................................5

*In re Coll. Athlete NIL Litig.*,
　2025 WL 1675820 (N.D. Cal. Jun. 6, 2025) ............................................................6, 7, 8

*In re Facebook Internet Tracking Litig.*,
　2022 WL 16902426 (N.D. Cal. Nov. 10, 2022), *aff'd*, 2024 WL 700985 (9th
　Cir. Feb. 21, 2024) ..........................................................................................................3

*In re Facebook, Inc. Consumer Priv. User Profile Litig.*,
　2023 WL 8443230 (N.D. Cal. Oct. 10, 2023) ..............................................................12

*Glasser v. Volkswagen of Am., Inc.*,
　645 F.3d 1084 (9th Cir. 2011) ........................................................................................4

*Katz-Lacabe v. Oracle Am., Inc.*,
　2024 U.S. Dist. LEXIS 208122 (N.D. Cal. Nov. 15, 2024) ....................... 8, 9, 10, 12

*Katz-Lacabe v. Oracle Am., Inc.*,
　No. 3:22-cv-4792 (N.D. Cal. Oct. 22, 2024), ECF No. 168 .........................................9

*In re Korean Air Lines Co.*,
　2013 WL 12216516 (C.D. Cal. Dec. 6, 2013) ...............................................................4

*In re LinkedIn User Privacy Litig.*,
　309 F.R.D. 573 (N.D. Cal. Sept. 15, 2015) ...............................................................3, 7

*Low v. Trump Univ., LLC*,
　246 F. Supp. 3d 1295 (S.D. Cal. 2017), *aff'd*, 881 F.3d 1111 (9th Cir. 2018) ............3

*In re Mattel, Inc. Sec. Litig.*,
  2022 WL 2826448 (C.D. Cal. May 18, 2022) ...............................................................11

*Moore v. Verizon Commc'ns, Inc.*,
  2013 WL 4610764 (N.D. Cal. Aug. 28, 2013) ............................................................6, 7

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. Jan. 5, 2004) .................................................................3, 10

*Nguyen v. Radient Pharms. Corp.*,
  2014 WL 1802293 (C.D. Cal. May 6, 2014) ..............................................................12

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) .......................................................................10

*Peifa Xu v. Fibrogen, Inc.*,
  2024 U.S. Dist. LEXIS 94784 (N.D. Cal. May 28, 2024) .........................................4, 6

*In re PFA Ins. Mktg. Litig.*,
  2024 WL 1145209 (N.D. Cal. Feb. 5, 2024) .................................................................4

*Talwar v. Creative Labs, Inc.*,
  2008 U.S. Dist. LEXIS 58654 (C.D. Cal. Jul. 29, 2008) ............................................12

*In re TikTok, Inc., Consumer Priv. Litig.*,
  617 F. Supp. 3d 904 (N.D. Ill. 2022) .............................................................................3

*Touhey v. United States*,
  2011 WL 3179036 (C.D. Cal. Jul. 25, 2011) ..............................................................12

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
  2024 WL 810703 (9th Cir. Feb. 27, 2024) ....................................................................4

*Vess v. Bank of Am., N.A.*,
  2013 WL 5775330 (S.D. Cal. Oct. 24, 2013) ................................................................7

*Vianu v. AT&T Mobility LLC*,
  2022 WL 16823044 (N.D. Cal. Nov. 8, 2022) .........................................................8, 10

*Wightman v. Cobham Advanced Elec. Sols. Inc.*,
  2024 WL 5706069 (S.D. Cal. Sept. 6, 2024) ...............................................................11

*In re WorldCom, Inc. Sec. Litig.*,
  388 F. Supp. 2d 319 (S.D.N.Y. 2005) ...........................................................................5

*Zakikhani v. Hyundai Motor Co.*,
  2023 WL 4544774 (C.D. Cal. May 5, 2023) .....................................................7, 8, 10

*In re Zoom Video Communs., Inc. Privacy Litig.*,
  2022 WL 1593389 (N.D. Cal. Apr. 21, 2022) ...............................................................8

**Rules, Regulations, Statutes**

Fed. R. Civ. P. 23(e)(5)(A) ...................................................................................................6, 7

Plaintiffs respectfully submit this reply in support of their Motion for Final Approval of Class Action Settlement (ECF No. 365) ("Final Approval Motion") and to respond to the objections to the fairness and adequacy of the Settlement. ECF Nos. 350-353, 367-369.[1]

## I. INTRODUCTION

The class settlement currently before the Court for final approval ("Settlement") constitutes an excellent recovery for the Settlement Class. *See generally* ECF No. 365. In particular, the Settlement provides for a $95,000,000 non-reversionary common fund and additional non-monetary relief to address the alleged privacy violations in this Lawsuit. Members of the Settlement Class may submit claims for up to five Siri Devices for which they can attest that they have experienced an unintended Siri activation during a conversation intended to be confidential or private. ECF No. 336-2, ¶7. Settlement Class Members who submit valid claims will receive a pro rata portion of the Net Settlement Amount, up to a cap of $20 per Siri Device for up to five Siri Devices, for a maximum of $100. *Id*. The Settlement also provides members of the Settlement Class with significant non-monetary relief—Apple has agreed to "confirm permanent deletion of individual Siri audio recordings collected by Apple prior to October 2019" and to "publish a webpage further explaining (1) the process by which users may opt in to the 'Improve Siri' option on Siri Devices, and (2) the information Apple stores from users who choose to opt in to Improve Siri." *Id*., ¶14.

The Court-approved Settlement Administrator, Angeion Group, LLC ("Angeion"), has successfully implemented the notice plan. *See generally* ECF No. 365-2. The deadline for members of the Settlement Class to file claims, object, or opt out of the Settlement was July 2, 2025. *Id*., ¶¶20, 22-23. Only six persons objected (ECF Nos. 350-353, 367-369, 372)[2] and more

---

[1] The entirety of the objection filed at ECF No. 372 and the portion of Howard Brown's ("Brown") objection directed at the attorneys' fee request (ECF No. 350 at 2) will be addressed in Plaintiffs' Reply in Support of Motion for Attorneys' Fees and Expenses and Plaintiffs' Application for Service Awards and Response to Objections, filed concurrently herewith. Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Settlement Agreement. ECF No. 336-2.

[2] Donna Kawasaki ("Kawasaki") filed three materially identical objections. ECF Nos. 351-353.

than 2.4 million claims were submitted, which are currently being reviewed and audited by Angeion. Reply Declaration of Erin Green Comite ("Comite Reply Decl."), ¶8, filed herewith. Angeion also received 352 direct exclusion requests and 12,501 indirect exclusion requests from the law firm Potter Handy, LLP. ECF No. 374, ¶¶4-5.[3] These objections and exclusion requests represent a tiny fraction of the submitted claims and the Settlement Class, which is conservatively estimated at 85.2 million individuals. *See* ECF No. 365-1, ¶3. Settlement Class Members' response to the Settlement thus has been tremendously positive. As discussed below, the Court should overrule the objections because: (1) certain objectors lack standing to object; (2) several objections fail to meet the procedural requirements for valid objections; and/or (3) the objections are meritless and make bare assertions that a "better" Settlement should have been reached, seek individualized relief, or do not pertain to this Settlement. Therefore, the Court should grant Plaintiffs' Final Approval Motion.

**II. ARGUMENT**

**A. The Settlement Class's Overwhelmingly Positive Response Supports Final Approval**

In response to the robust notice plan approved by the Court and implemented by Angeion, Angeion received more than 2.4 million unaudited claims, representing a claims submission rate of between 1.72% and 2.92%. Comite Reply Decl., ¶8. As discussed in the Final Approval Motion, this is consistent with claims rates in comparable data privacy settlements, which range between 0.4% and 13%. ECF No. 365 at 3, 9-10. Further, the number of unaudited exclusion requests (12,853) and objections (6) is low in comparison to the estimated Settlement Class size.[4] These data points demonstrate the exceedingly positive reaction of the Settlement Class to the Settlement, which is a factor that strongly supports final approval of the Settlement. *See Churchill*

---

[3] Angeion is in the process of reviewing the validity of these exclusion requests and will file a supplemental declaration with its findings as well as an updated number of claims and exclusion requests no later than July 30, 2025. *Id.*, ¶¶4-6.

[4] Based on the conservative Settlement Class size of 85.2 million, the unaudited exclusion requests represent .015% of the Settlement Class and objections are .000007% of the Settlement Class. Comite Reply Decl., ¶9.

*Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. Jan. 5, 2004) ("the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"); *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. Sept. 15, 2015) ("A low number of opt-outs and objections in comparison to class size is typically a factor that supports settlement approval."). Courts routinely approve settlements where the number of objections and exclusion requests is low relative to the class size and claims submission rate. *See, e.g.*, *In re Facebook Internet Tracking Litig.*, 2022 WL 16902426, at *5 (N.D. Cal. Nov. 10, 2022) (granting final approval where 9 objectors and 1,374 opt-outs constituted small fraction 1.5 million claims and 86 million class members), *aff'd*, 2024 WL 700985 (9th Cir. Feb. 21, 2024); *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 937 (N.D. Ill. 2022) (granting final approval where 4 objectors and 4,068 opt-outs constituted small fraction of 1.2 million claims and 86 million class members).

**B. The Objections Do Not Create Any Doubts as to the Fairness, Adequacy, and Reasonableness of the Settlement and Should Be Overruled**

In addition to the overwhelmingly positive response by the Settlement Class to the Settlement, the objections are meritless and do not detract from the fairness, adequacy, and reasonableness of the Settlement. In fact, all of the objections have critical defects that compel the Court to reject these attempts to prevent the Settlement from being approved. In particular, as discussed below, two objectors lack standing to object, several objectors failed to meet the Court's procedural requirements for an objection to be deemed valid, and as to their substance, each objection lacks merit or seeks individualized or irrelevant relief unrelated to the Settlement.

**1. Brown and EL Lack Standing to Object**

Objectors must "provide evidence to show that [they are] a class member," where a prior court order requires them to do so. *In re Apple Inc. Sec. Litig.*, 2011 WL 1877988, at *3 n.4 (N.D. Cal. May 17, 2011). However, "[s]imply being a member of a class is not enough to establish standing. One must be an aggrieved class member." *Low v. Trump Univ., LLC*, 246 F. Supp. 3d

1295, 1305 (S.D. Cal. 2017), *aff'd*, 881 F.3d 1111 (9th Cir. 2018) (citation modified); *accord Glasser v. Volkswagen of Am., Inc.*, 645 F.3d 1084, 1088 (9th Cir. 2011). Thus, "[i]f [effecting an objector's requested change] would not actually benefit the objecting class member, the class member lacks standing." *Glasser*, 645 F.3d at 1088 (citation modified). "Objectors bear the burden of proving standing." *In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2024 WL 810703, at *1 (9th Cir. Feb. 27, 2024).

The Court's order preliminarily approving the Settlement ("Preliminary Approval Order") defines Settlement Class Members as "current or former owners or purchasers of a Siri Device . . . whose confidential or private communications were obtained by Apple and/or were shared with third parties as a result of an unintended Siri activation[.]" ECF No. 341, ¶3. Further, the Preliminary Approval Order requires objectors to provide "information sufficient to verify that the objector is a Settlement Class Member." *Id.*, ¶14(c).

Objectors Brown and Jaame EL ("EL"), however, do not provide any evidence to support that they are Settlement Class Members. ECF Nos. 350, 369. While Brown states that he owned Siri devices, he does not state that he experienced an unintended Siri activation. ECF No. 350 at 1. EL similarly fails to state that he experienced an unintended Siri activation. ECF No. 369. He claims only that he experienced "unlawful, unauthorized, and indiscriminate collection of private conversations via Apple's Siri function." *Id.* at 1. Accordingly, both Brown and EL lack standing to object. *See Transpacific Passenger Air Transp.*, 2024 WL 810703, at *1 (finding district court did not clearly err in overruling objection where objector failed to establish it was a class member and therefore lacked standing to object); *In re PFA Ins. Mktg. Litig.*, 2024 WL 1145209, at *19 (N.D. Cal. Feb. 5, 2024) (overruling objection where objector failed to include required information indicating he was a class member); *Peifa Xu v. Fibrogen, Inc.*, 2024 U.S. Dist. LEXIS 94784 at *5 (N.D. Cal. May 28, 2024) (overruling objection that was "procedurally invalid and without merit" because "[t]he objector did not establish standing as required"); *In re Korean Air*

1  *Lines Co.*, 2013 WL 12216516, at *1-3 (C.D. Cal. Dec. 6, 2013) (same).[5]

2  Even if the Court were to decide that Brown and EL each have established their class membership, that alone is not enough to establish their standing to object. Each must demonstrate that he is aggrieved by the Settlement, which neither can do. Brown argues that the Settlement provides inadequate monetary and non-monetary relief and that the attorneys' fees are excessive. ECF No. 350 at 1-2. EL contends that the Settlement inadequately compensates him for his individualized injuries. ECF No. 369 at 2. However, neither has submitted a claim to recover from the Settlement, and the time to submit a claim has passed. Comite Reply Decl., ¶10. Thus, neither Brown nor EL is aggrieved as to the allegedly inadequate monetary relief and excessive attorneys' fees because a ruling by the Court sustaining their respective objections would not benefit them. Accordingly, each lacks standing to object and their inadequate monetary relief and excessive attorneys' fees objections must be overruled. *See In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 340 (S.D.N.Y. 2005) (objector "did not file a proof of claim and therefore does not have standing to bring her objections"); *City of Livonia Employees' Ret. Sys. v. Wyeth*, 2013 WL 4399015, at *1-2 (S.D.N.Y. Aug. 7, 2013) ("[A] class member who has no interest in the appropriation of a settlement fund must lack standing to challenge the appropriation of that fund. Given this determination, the Court concludes that Petri lacks standing to pursue her objections.").

---

[5] The objections filed by Kawasaki (ECF Nos. 351-353) and James Keating ("Keating") (ECF No. 368) also do not demonstrate that they, respectively, are Settlement Class Members. However, each also submitted a claim to participate in the Settlement. Comite Reply Decl., ¶10. The Claim Form required each to attest that they experienced an unintended activation of a Siri Device during a conversation intended to be confidential or private. ECF No. ECF No. 340-1 at 6. Thus, while not apparent on the face of their respective objections, evidence exists of their membership in the Settlement Class. Only Khadijah Williams ("Williams") clearly provides information to support her membership in the Settlement Class, stating "I experienced several instances where Siri activated without my permission during private conversations[.]" ECF No. 367 at 1.

## 2. Brown, Keating, EL, and Williams's Objections Fail to Comply with the Court-Ordered Procedural Requirements and Should Be Overruled

Objectors must also comply with the procedural requirements for objecting, as set forth in the settlement agreement or a prior court order. *See, e.g.*, *Moore v. Verizon Commc'ns, Inc.*, 2013 WL 4610764, at *12 (N.D. Cal. Aug. 28, 2013) (overruling objections, among other reasons, "for failing to comply with the procedural requirements for objecting to the Settlement"); *Chavez v. PVH Corp.*, 2015 WL 9258144, at *3 (N.D. Cal. Dec. 18, 2015); *Fibrogen*, 2024 U.S. Dist. LEXIS 94784, at *5; *In re Coll. Athlete NIL Litig.*, 2025 WL 1675820, at *24 n.6 (N.D. Cal. Jun. 6, 2025). The Court's Preliminary Approval Order requires Settlement Class Members who wish to object to the Settlement to timely submit a written objection that includes, among other things, "a detailed statement of the grounds and evidence upon which the Objection is based;" and "whether the Objection applies only to the objector, to a specific subset of the class, or to the entire class[.]" ECF No. 341, ¶14(d)-(e). These same requirements are set forth in Rule 23(e)(5)(A), which also requires objectors "to state with specificity the grounds for the objection" and "whether [the objection] applies only to the objector, to a specific subset of the class, or to the entire class." These requirements for submitting procedurally valid objections were clearly stated and communicated to Settlement Class Members. *See, e.g.*, Full Class Notice, ECF No. 336-2 at 38-39. And, the Preliminary Approval Order states that Settlement Class Members who fail to timely submit a written objection that comports with the above requirements "shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, or through appeal, collateral attack, or otherwise." ECF No. 341, ¶17. As discussed next, the objections by Brown, Williams, Keating, and EL fail to provide the required support for their objections and further fail to demonstrate that their objections are targeted at classwide, not individualized, concerns. ECF Nos. 350, 367, 368, 369. Thus, these objections are procedurally defective and should be overruled.

The objections by Brown, Keating, and EL (ECF Nos. 350, 368, 369) fail to provide "a detailed statement of the grounds and evidence upon which the Objection is based." ECF No. 341,

¶14(d); *see also* Fed. R. Civ. P. 23(e)(5)(A). Brown states only that the monetary compensation under the Settlement "grossly undervalues the potential privacy harms experienced by class members" and does not "fairly compensate" class members, but provides no basis for these assertions. ECF No. 350 at 2. EL states that he is entitled to compensation of the value of $1,000,000, providing no evidence or detailed explanation for the nature of his alleged "unique harms" or the basis for his calculation of the value of his claim. ECF No. 369. Keating contends the Settlement amount should have been higher, but admits he "do[es]n't have a figure of what the amount should be" and says he has only "anecdotal evidence from online forums and social media." ECF No. 368. Brown and Williams (ECF Nos. 350, 367) also fail to state whether the objection applies only to them, to a specific subset of the class, or to the entire class. ECF No. 341, ¶14(e); *see also* Fed. R. Civ. P. 23(e)(5)(A).

In cases where the objector has failed to comply with the court-ordered procedural requirements for objecting, those courts have routinely overruled and dismissed the objections. *See Chavez*, 2015 WL 9258144, at *3; *In re Coll. Athlete NIL Litig.*, 2025 WL 1675820, at *24 n.6; *Moore*, 2013 WL 4610764, at *9, 11-12; *Vess v. Bank of Am., N.A.*, 2013 WL 5775330, at *2 (S.D. Cal. Oct. 24, 2013) (overruling objections that were "facially invalid because they failed to provide any legal and factual basis for an objection"); *Zakikhani v. Hyundai Motor Co.*, 2023 WL 4544774, at *5 (C.D. Cal. May 5, 2023) (overruling objections that failed to provide information required by Rule 23(e)(5)(A)).

### 3. Brown, Williams, and Keating's Objections to the Settlement's Adequacy Are Mere Baseless Assertions that the Settlement Could Have Been "Better" and Should Be Overruled

Objectors "bear[] the burden of proving any assertions they raise challenging the reasonableness of a class action settlement." *LinkedIn User Privacy Litig.*, 309 F.R.D. at 583 (citing *United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990)). Brown, Keating, and Williams do not meet this burden and their objections to the fairness and adequacy of relief under the Settlement may also be overruled on their merits should the Court not overrule the objection on standing or procedural grounds. As discussed below, these objections simply assert (without

any supporting evidence) that the Settlement could have been better, which is not a basis for denying final approval.

### a. Legal Standard

"[T]he standard for whether a settlement can be approved is not whether the settlement could have been better, but rather whether it is fair and adequate." *In re Coll. Athlete NIL Litig.*, 2025 WL 1675820, at *24 n.6. Nor must a settlement be the "ideal or the best outcome." *Chalian v. CVS Pharm., Inc.*, 2021 WL 3015407, at *3 (C.D. Cal. July 16, 2021), *aff'd sub nom. Chalian v. Ghassemian*, 2023 WL 12071922 (9th Cir. Apr. 17, 2025) (citation modified). Rather, a court must simply decide "whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class." *Id*. (citation modified). Courts routinely overrule objections that simply assert that a Settlement court have been better or that class members should each recover more. This is because "an objection that merely argues that the settlement terms for Class Members could have been better does not mean the settlement is not fair, reasonable or adequate." *Zakikhani*, 2023 WL 4544774, at *6 (citation modified). *See also Vianu v. AT&T Mobility LLC*, 2022 WL 16823044, at *8 (N.D. Cal. Nov. 8, 2022) (overruling assertion of insufficient recovery and holding that "even if the settlement could have been better, it can still be fair, reasonable and adequate, because settlement is the offspring of compromise.") (citation modified); *In re Zoom Video Communs., Inc. Privacy Litig.*, 2022 WL 1593389, at *8-9 (N.D. Cal. Apr. 21, 2022) (same). In addition, courts disregard objections asserting that a higher amount could or should have been achieved where the objection makes no effort to consider what claims would have actually gone to trial or the risks of the ongoing litigation. *Katz-Lacabe v. Oracle Am., Inc.*, 2024 U.S. Dist. LEXIS 208122, at *11 (N.D. Cal. Nov. 15, 2024).

### b. Brown, Williams, and Keating's Objections to the Adequacy of the Settlement Are Meritless

In the present case, the Settlement is fair and reasonable because it provides adequate relief for the Settlement Class in light of the strength of Plaintiffs' case and the risks of continuing the

litigation. As explained in the Final Approval Motion, "[t]he claims asserted in this case were extremely risky," and the risks Plaintiffs faced in continuing to litigate this action included the potential denial of class certification and a change in the state of data privacy law. ECF No. 365 at 6-7. Class Counsel reached this Settlement having been well-informed by extensive discovery and their experience in litigating numerous data privacy cases, including prosecuting one case based on similar claims through class certification. *Id.* at 7-8. The amount of monetary relief, accompanied by non-monetary relief, reflects Class Counsel's assessment of the likelihood of success of Plaintiffs' claims and the risk adjusted value of the Settlement reflects approximately 10% of recoverable damages. *Id.* at 8-9. As discussed in the Final Approval Motion, courts have frequently granted final approval of recoveries at a similar percentage of recoverable damages in comparable cases. *Id.*; *see also* ECF No. 336-3 (Chart of Comparable Settlements).

**Objections to the Amount of Monetary Compensation.** Brown objects to the Settlement on the basis that the payment of up to $20 per Siri Device is inadequate monetary compensation. ECF No. 350 at 1-2. Williams objects to the Settlement on the basis that she believes it does not sufficiently compensate the alleged privacy violations she experienced. ECF No. 356. Keating objects to the Settlement on the basis that he "do[es] not think the amount of money being paid in any settlement is ever reasonable" and a jury verdict against Apple would mean "the personal information the settlement class lost is of much higher value than the capped $20." ECF No. 368. Keating states further that a jury should determine the amount paid by Apple. *Id.* Notably, Keating made a similar objection in a prior case (arguing that the matter should go to trial before a jury), which was overruled. *Katz-Lacabe v. Oracle Am., Inc.*, No. 3:22-cv-4792 (N.D. Cal. Oct. 22, 2024), ECF No. 168; *Katz-Lacabe*, 2024 U.S. Dist. LEXIS 208122, at *15.

None of these objectors provide any evidence or basis to explain and support how or why the Settlement should have provided a higher level of recovery and how such a higher amount should have been calculated. Their objections boil down to conclusory assertions that the alleged violation of the objectors' privacy rights were worth more, ignoring the fact that a class action settlement by its very nature represents a compromise based off what could have been achieved

at trial, had Plaintiffs succeeded. *See DIRECTV*, 221 F.R.D. at 527 ("[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving settlement that provided 9% of the maximum potential recovery, and suggesting that a "smaller certain award" is often preferable to "seek[ing] the full recovery but risk getting nothing"). And as discussed, objections such as these – that are simply that the Settlement may have been better – are insufficient to establish that the Settlement is not fair, reasonable, and adequate and should not be approved. *See Zakikhani*, 2023 WL 4544774, at *6; *Vianu*, 2022 WL 16823044, at *8.

**Objections to Non-Monetary Relief.** Brown also objects that the Settlement does not provide a mechanism whereby Settlement Class Members may determine if "their data was accessed or shared;" and that the Settlement does not provide for "meaningful" non-monetary remedies "such as commitments from Apple to improve Siri's privacy safeguards, disclosure procedures, or user controls to prevent future unauthorized activation." ECF No. 350 at 2. Notably, Brown ignores the non-monetary relief that the Settlement provides, which directly address his concerns. First, the Settlement provides that Apple will confirm permanent deletion of individual Siri audio recordings collected by Apple prior to October 2019, which addresses Brown's objection regarding Settlement Class Members' data. ECF No. 336-2, ¶14. Deletion of the Siri audio recordings addresses any future concerns of access or sharing of that data. Further, Apple has indicated that Siri recordings are associated with a random identifier, not a user's Apple ID, name, or email address. *See* ECF No. 71 at 8. Second, the Settlement provides that Apple will publish a webpage that further explains opting in to "Improve Siri" and the information Apple stores from users who opt in, which addresses Brown's objection seeking improvements by Apple in relation to Siri. *Id.* And, in any event, Brown's requests for additional non-monetary measures seeking further privacy protections are beyond what is realistically achievable. *See Katz-Lacabe,* 2024 U.S. Dist. LEXIS 208122, at *12 (overruling objections regarding non-monetary relief finding they "go well beyond the scope of remedies realistically attainable and may be

unnecessary given Oracle's cessation of the practices at issue and its related deletion of relevant data"). Thus, Brown's objections to the Settlement's non-monetary relief should be overruled.

### 4. EL's Objection Seeking Individualized Relief Is Improper and Meritless and Should Be Overruled

The substance of EL's objection is somewhat unclear. ECF No. 369. EL states that he is objecting to "Apple Inc.'s recent challenge to Claimant's filed request for $1,000,000 in relief" and that he "has previously submitted a timely and sworn claim for: [t]he unlawful, unauthorized, and indiscriminate collection of private conversations via Apple's Siri function; [and t]he subsequent exploitation of said data in violation of established privacy protections and consumer contracts." *Id*. at 1. Yet, Apple has advised Class Counsel that it is unaware of any such claim previously being made against it by EL. Comite Reply Decl., ¶11. And, Angeion has advised Class Counsel that it also has no record of EL filing a claim to participate in the Settlement. *Id*., ¶10.

Notwithstanding the references to some other claim, EL's objection appears to be related to this Settlement. EL contends that he is entitled to "individualized compensation due to unique harms not shared equally across the generalized class." ECF No. 369 at 1. EL also states that his "injuries are distinguishable in *scope, nature, and severity*, and merit *relief outside of or in excess of class averages*" and that the "$95 million settlement fund should reflect *graduated equity*, with heavier relief available to parties who can demonstrate significant abuse of trust, data, and proprietary speech." *Id*. at 2 (emphasis in original). This objection raises concerns specific to EL and does not raise a genuine concern as to *all* Settlement Class Members. As such, EL's objection should be overruled. *See Wightman v. Cobham Advanced Elec. Sols. Inc.*, 2024 WL 5706069, at *13 (S.D. Cal. Sept. 6, 2024) (overruling objection based on objector's unique circumstances) (citing cases).

Moreover, courts routinely overrule objections to a class action settlement's plan of allocation where the plan of allocation is reasonable, fair, and adequate and where, as here, there is a lack of evidence or other basis for an alternative plan of allocation. *See In re Mattel, Inc. Sec.*

*Litig.*, 2022 WL 2826448, at *2-4 (C.D. Cal. May 18, 2022) (objection to plan of allocation overruled where the "formula for the calculation of the claims . . . provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Class Members with due consideration having been given to administrative convenience and necessity"); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2023 WL 8443230, at *4-6 (N.D. Cal. Oct. 10, 2023) (objections to plan of allocation overruled where using a different allocation metric may be inaccurate or complex, and the plan of allocation was reasonable and fair); *Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *5-8 (C.D. Cal. May 6, 2014) (objection arguing payment should be made to certain class members was overruled where such payment was not supported by evidence and where court found plan of allocation was reasonable, fair, and adequate).

As discussed above and in the Final Approval Motion, the Settlement was negotiated in light of an assessment of the risks of continuing this lawsuit, extensive discovery, and Class Counsel's assessment of the likelihood of success of Plaintiffs' claims. *See* ECF No. 365 at 6-9. As such, the Court should conclude that the Settlement – including the plan of allocation contained in the Settlement – is reasonable, fair, and adequate. *Katz-Lacabe*, 2024 U.S. Dist. LEXIS 208122, at *12-13 (finding pro rata plan of allocation fair, reasonable, and adequate and overruling objections). Thus, EL's objection should be overruled as meritless.

### 5. Kawasaki's Objection, Which Does Not Relate to the Scope and Nature of *this* Settlement, Should Be Overruled

Kawasaki filed three separate objections that all concern an alleged patent claim against Apple. ECF Nos. 351-353. Kawasaki claims that she made "critical contributions to the development of Apple's biosensing AirPods," as detailed in a patent application, and for which she asserts she is entitled to "a $1 billion payment plus royalties from Apple." ECF No. 351 at 3. Thus, Kawasaki's objections have nothing to do with this Settlement and should be overruled. *See Talwar v. Creative Labs, Inc.*, 2008 U.S. Dist. LEXIS 58654, at *2-3 (C.D. Cal. Jul. 29, 2008) (Court overruled "irrelevant" objection objecting to lawsuit itself, and not the settlement); *Touhey v. United States*, 2011 WL 3179036, at *8 n.7 (C.D. Cal. Jul. 25, 2011) (irrelevant objection

12
REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND RESPONSE TO OBJECTIONS
Case No. 4:19-cv-04577

disregarded by the Court).

III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule the objections and grant Plaintiffs' Final Approval Motion.

Dated: July 25, 2025

Respectfully submitted,

*/s/ Erin Green Comite*
Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: 212-223-6444
Facsimile: 212-223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914-997-0500
Facsimile: 914-997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Class Counsel*

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
Facsimile: 415-759-4112
mtodzo@lexlawgroup.com
pcarey@lexlawgroup.com

E. Kirk Wood (*pro hac vice*)
**WOOD LAW FIRM**
P. O. Box 382434
Birmingham, AL 35238
Telephone: 205-612-0243
kirk@woodlawfirmllc.com

*Additional Plaintiffs' Counsel*

# CERTIFICATE OF SERVICE

I, Erin Green Comite, certify that on July 25, 2025, the foregoing document was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses of parties of record in this case.

                                                      */s/ Erin Green Comite*
                                                      Erin Green Comite (*pro hac vice*)