UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| FUMIKO LOPEZ, FUMIKO LOPEZ, as Guardian of A.L., a Minor, JOHN TROY PAPPAS, and DAVID YACUBIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Docket No.: 4:19-cv-04577-JSW (SK)<br><br>[~~PROPOSED~~] AMENDED FINAL APPROVAL ORDER |

1. This matter comes before the Court to determine whether to approve the settlement between Plaintiffs Fumiko Rodriguez (formerly known as Fumiko Lopez), individually and as guardian of A.L., John Troy Pappas, and David Yacubian ("Plaintiffs") and Defendant Apple Inc. ("Defendant" or "Apple" and together with Plaintiffs, the "Parties").

The Court, having reviewed and considered Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 365), the Joint Declaration in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Joint Decl.") (ECF No. 336-1), including the Settlement Agreement and Release ("Settlement" or "Settlement Agreement" or "SA") (ECF No. 336-2) and other exhibits attached thereto (ECF Nos. 336-3 to 336-9), the Declaration of Christian Levis in Support of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application for Service Awards ("Levis Decl.") (ECF No. 354-1), the Declaration of Steven Weisbrot Re: Notice and Administration ("Weisbrot Decl.") and the exhibits attached thereto (ECF No. 365-2), the Declaration of Erin Green Comite ("Comite Decl.") (ECF No. 365-1), the Objections to the Settlement (ECF Nos. 350, 351, 352, 353, 369, 367, 368, 372); the First, Second, and Third Supplemental Rose Declarations and exhibits attached thereto (ECF Nos. 384, 389, and 398), Plaintiffs' First Supplemental Brief in Support of Motion for Final Approval (ECF No. 391), Plaintiffs' Second Supplemental Brief in Support of Motion for Final Approval (ECF No. 396), Apple's Supplemental Brief Regarding Plaintiffs' Motion for Final Approval (ECF No. 390), the pleadings and other papers on file in this action, and argument at the Final Approval Hearing, including by the Parties, counsel for Objector Reily Stevens, and Objector Donna Kawasaki, hereby ORDERS as follows:

1. The Court has jurisdiction over the subject matter of the above-captioned action (the "Action") and over the Parties to the Settlement, including Plaintiffs, Apple, and all Settlement Class Members.

2. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreement.

3. Plaintiffs' Motion for Final Approval of Class Action Settlement is GRANTED. The objections to the Settlement are OVERRULED.

4. The Court finds that the Gross Settlement Amount of $95,000,000 is fair, adequate, and reasonable, is the product of arm's-length and informed negotiations, and treats all Settlement Class Members fairly in accordance with Federal Rule of Civil Procedure 23.

5. The Parties shall perform their obligations pursuant to the terms of the Settlement Agreement and this Order.

6. The following Settlement Class is finally certified under Federal Rules of Civil Procedure 23(a) and 23(b)(3) for settlement purposes:

> All individual current or former owners or purchasers of a Siri Device,[1] who reside in the United States and its territories, whose confidential or private communications were obtained by Apple and/or were shared with third parties as a result of an unintended Siri activation between September 17, 2014 to the Settlement Date [December 31, 2024]. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate families.

7. Also excluded from the Settlement Class are those persons listed on **Exhibit A** hereto that the Court finds have timely and validly requested exclusion from the Settlement Class in accordance with the Court's Preliminary Approval Order.

8. The Court finds that the exclusion requests submitted by Potter Handy, LLP ("Potter Handy") and Kazerouni Law Group, APC ("Kazerouni") purportedly on behalf of the persons listed on **Exhibit B** hereto are invalid because they do not reliably reflect an intent on behalf of those persons to exclude themselves from the Settlement Class and do not comply with the requirements of the Settlement Agreement. The Court further finds that Potter Handy and Kazerouni have provided incomplete and misleading information to Settlement Class Members and have interfered with their due process and notice rights under Federal Rule of Civil Procedure 23. Accordingly, the exclusion requests submitted by Potter Handy and Kazerouni purportedly on behalf of the persons listed on **Exhibit B** are rejected.

---

[1] The Settlement Agreement defines "Siri Device" as a Siri-enabled iPhone, iPad, Apple Watch, MacBook, iMac, HomePod, iPod touch, or Apple TV.

9. The Court directs that curative notice be issued to the persons listed on **Exhibit B** as set forth in a separate, forthcoming order of this Court. The Parties shall meet and confer regarding the contents and form of the curative notice and submit their proposed curative notice to the Court on or before September 5, 2025. If any of the persons listed on **Exhibit B** individually submits a valid exclusion request following curative notice and in accordance with the directions in the Court-approved curative notice, Class Counsel shall add their names to an amended Exhibit A, which shall be filed with the Court.

10. Pursuant to Federal Rule of Civil Procedure 23(g), the Court previously appointed Christian Levis of Lowey Dannenberg, P.C., and Erin Green Comite of Scott+Scott Attorneys at Law LLP, together with their law firms as Class Counsel to represent the Settlement Class. ECF No. 341 ¶5.

11. The form, manner, and content of the Email Notice, Full Class Notice, Publication Notice, and Settlement Website were the best notice practicable under the circumstances, satisfied due process, provided adequate information to the Settlement Class of all matters relating to the Settlement, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1) and due process.

12. Defendants shall fund the balance of the Gross Settlement Amount of $95,000,000 in accordance with the terms of the Settlement Agreement, this Order, and, once entered, Judgment.

13. The Settlement Administrator shall disburse the Gross Settlement Amount in accordance with the terms of the Settlement Agreement and this Order.

14. The Court finds that the Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Amount among Settlement Class Members, and the Settlement Administrator is directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Agreement.

15. Following distribution of the Gross Settlement Amount as set forth in the Settlement Agreement, if ACH transfers to Settlement Class Members fail after 120 days or checks attributable to Settlement Class Members remain uncashed after 120 days after the Class Payment

1  is distributed pursuant to Sections B.4–B.7 of the Settlement Agreement, the funds attributable to those individuals shall be deemed forfeited and used to pay any unanticipated additional costs of Settlement administration as set forth in Section F.6 of the Settlement Agreement.

16. If after paying all Class Payments, Notice, and Settlement administration expenses, and any Attorneys' Fees and Expenses Payment and Service Awards that may be approved by the Court, there are funds remaining in the Gross Settlement Amount (the "Residual"), then Class Counsel and Apple's Counsel shall meet and confer to discuss a proposal to present to the Court regarding a *cy pres* distribution. If a Residual exists, Class Counsel shall file a motion for approval of distribution to *cy pres* recipient(s) and shall explain "how those recipients are related to the subject matter of the lawsuit and the class members' claims" and shall "identify any relationship they or their counsel have with the proposed *cy pres* recipients" in compliance with Northern District of California Procedural Guidance for Class Action Settlements, Preliminary Approval ¶ 8.

17. Under no circumstances will Settlement funds revert to Apple.

18. As of the Effective Date, the Releasing Parties will release and discharge and shall be deemed to have released and discharged the Apple Released Parties from the Named Plaintiffs' and Settlement Class Members' Released Matters set forth in Section H.1. of the Settlement Agreement.

19. As of the Effective Date, Apple will be deemed to have completely released and forever discharged Plaintiffs and Class Counsel from the claims set forth in Section H.2 of the Settlement Agreement.

20. The Court will address Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application for Service Awards by separate order.

21. The Court retains jurisdiction over the Parties, including Settlement Class Members, for the purposes of construing, enforcing, and administering this Order, as well as the Settlement Agreement itself.

**IT IS SO ORDERED.**

Dated: September 22, 2025

_____
JEFFREY S. WHITE
United States District Judge