Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: 212-223-6444
Facsimile:  212-223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914-997-0500
Facsimile:  914-997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Counsel for Plaintiffs*

Arturo J. Gonzalez (Bar No. 121490)
agonzalez@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105-2482
Tel.: 415.268.7000
Fax: 415.268.7522

Purvi G. Patel (Bar No. 270702)
ppatel@mofo.com
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Tel.: 213.892.5200
Fax: 213.892.5454

*Counsel for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| FUMIKO LOPEZ, FUMIKO LOPEZ, as Guardian of A.L., a Minor, JOHN TROY PAPPAS, and DAVID YACUBIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>                Defendant. | Case No. 4:19-CV-04577-JSW-SK<br><br>**JOINT SUBMISSION RE: PROPOSED SECOND AMENDED FINAL APPROVAL ORDER AND FINAL JUDGMENT**<br><br>Judge: Hon. Jeffrey S. White<br>Courtroom: 5, 2nd Floor |

Pursuant to the Court's September 4, 2025 Final Approval Order (ECF No. 406 ¶9) and September 22, 2025 Amended Final Approval Order (ECF No. 413 ¶9), the Parties respectfully request that the Court enter the proposed Second Amended Final Approval Order attached as **Exhibit 1** and proposed Final Judgment attached as **Exhibit 2**. The purpose of this submission is to amend the list of individuals who timely and validly requested exclusion from the Settlement, now that the Court-ordered curative notice period has expired.[1] The amended list of individuals who submitted a timely and valid exclusion request is attached as Exhibit A to the proposed Second Amended Final Approval Order, and includes those individuals who submitted a timely and valid exclusion request on an individual basis after receiving curative notice.

On September 4, 2025, the Court granted final approval of the Settlement. (*See* ECF No. 406.) The Court excluded from the Settlement Class those persons listed on Exhibit A to the Amended Final Approval Order that the Court found had timely and validly requested exclusion from the Settlement Class in accordance with the Court's Preliminary Approval Order. (ECF No. 413 ¶7; ECF No. 413-1.) The Court also rejected the exclusion requests submitted by Potter Handy LLP and Kazerouni Law Group, APC purportedly on behalf of more than 12,000 individuals (the "Third-Party Opt-Outs"), finding that the exclusion requests "are invalid because they do not reliably reflect an intent on behalf of [the Third-Party Opt-Outs] to exclude themselves from the Settlement Class and do not comply with the requirements of the Settlement Agreement." (ECF No. 406 ¶8; *see also* ECF No. 413 ¶8; ECF No. 413-2.) The Court also found "that Potter Handy and Kazerouni have provided incomplete and misleading information to Settlement Class Members and have interfered with their due process and notice rights under Federal Rule of Civil Procedure 23." (*Id.*) Accordingly, the Court directed curative notice be issued to the Third-Party Opt-Outs and ordered Class Counsel to add the names of any Third-Party Opt-Out who individually submits a valid exclusion request following curative notice to an amended Exhibit A and file it with the Court. (ECF No. 406 ¶9; *see also* ECF No. 413 ¶9.)

On September 9, 2025, the Court approved the form of curative notice and ordered the

---

[1] Unless otherwise defined, capitalized terms have the meanings ascribed to them in the Settlement Agreement and Release (ECF No. 336-2, Ex. 2 ("Settlement Agreement")).

1  Settlement Administrator to issue the curative notice to the Third-Party Opt-Outs, allowing them
2  "21 days from issuance of the curative notice to individually request exclusion or submit a claim
3  pursuant to the procedures described in the curative notice." (ECF No. 410 ¶¶1-3; *see also* ECF
4  No. 408-1.)  On September 17, 2025, the Settlement Administrator disseminated the Court-
5  approved curative notice to the Third-Party Opt-Outs. (*See* ECF No. 423, Fourth Supplemental
6  Declaration of Lacey Rose re: Exclusions and Costs of Administration ("Fourth Supplemental Rose
7  Declaration") ¶4.)  The curative notice explained that the Third-Party Opt-Outs had until October
8  8, 2025, to: (i) submit a claim, if they had not already done so; (ii) submit an individual exclusion
9  request; or (iii) do nothing, in which case if the Third-Party Opt-Out had not already submitted a
10 claim, they would be bound by the Settlement and would get no payment under the Settlement, or
11 if they had already submitted a claim, their claim would be processed. (*Id*.; *see also* ECF No. 408-
12 1.) Exhibit 2 to the Fourth Supplemental Rose Declaration identifies the individuals who submitted
13 a timely and valid exclusion request on an individual basis after receiving curative notice. (ECF
14 No. 423-2.)

Now that the curative notice period has expired and the Settlement Administrator has identified the timely and valid exclusion requests submitted during the curative notice period, the Parties respectfully request that the Court enter the proposed Second Amended Final Approval Order, which attaches the amended Exhibit A listing all the individuals who have timely and validly submitted exclusion requests on an individual basis, and proposed Final Judgment.

The Parties are aware that Potter Handy LLP, which is not a party to this action or even an absent member of the Settlement Class, has lodged an "objection" to the Court's Amended Final Approval Order. (ECF No. 420.) This filing is procedurally improper and meritless. The Parties will formally respond to this filing, which need not delay the entry of the Second Amended Final Approval Order and Final Judgment so that the Settlement Administrator can begin processing the claims it has received.

1  DATED: October 10, 2025

Respectfully submitted,

*s/ Erin Green Comite*
Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: 212-223-6444
Facsimile: 212-223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914-997-0500
Facsimile: 914-997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
Facsimile: 415-759-4112
mtodzo@lexlawgroup.com

E. Kirk Wood (*pro hac vice*)
**WOOD LAW FIRM**
P. O. Box 382434
Birmingham, AL 35238
Telephone: 205-612-0243
kirk@woodlawfirmllc.com

*Attorneys for Plaintiffs*

JOINT SUBMISSION RE PROPOSED SECOND AMENDED FINAL APPROVAL ORDER AND FINAL JUDGMENT
CASE NO. 4:19-CV-04577-JSW-SK

3

DATED: October 10, 2025

Respectfully submitted,

*/s/ Purvi G. Patel*
Purvi G. Patel (Bar No. 270702)
ppatel@mofo.com
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Tel.: 213.892.5200
Fax: 213.892.5454

Arturo J. Gonzalez (Bar No. 121490)
agonzalez@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105-2482
Tel.: 415.268.7000
Fax: 415.268.7522

*Counsel for Defendant Apple Inc.*