Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914-997-0500
Facsimile:  914-997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
Facsimile:  415-759-4112
mtodzo@lexlawgroup.com
pcarey@lexlawgroup.com

*Counsel for Plaintiffs*

Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: 212-223-6444
Facsimile:  212-223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

E. Kirk Wood (*pro hac vice*)
**WOOD LAW FIRM**
P. O. Box 382434
Birmingham, AL 35238
Telephone: 205-612-0243
kirk@woodlawfirmllc.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| FUMIKO LOPEZ, FUMIKO LOPEZ, as Guardian of A.L., a Minor, JOHN TROY PAPPAS, and DAVID YACUBIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Docket No.: 4:19-cv-04577- JSW (SK)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS**<br><br>Judge: Hon. Jeffrey S. White<br>Courtroom: 5, 2nd Floor<br>Date: August 1, 2025<br>Time: 9:00 a.m. |

22

1        This matter came for a duly-noticed hearing on August ~~1~~, 2025 (the "Final Approval

2 Hearing"), upon Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs'

3 Application for Service Awards ("Fee and Expense Application") in the above-captioned

4 Lawsuit.[1]  The Court has considered the Fee and Expense Application and all supporting and other

5 related materials, including the matters presented at the Final Approval Hearing.  Due and adequate

6 notice of the settlement agreement between Plaintiffs and Apple (the "Settlement Agreement")

7 having been given to the Settlement Class Members, the Final Approval Hearing having been held,

8 and the Court having considered all papers filed and proceedings held herein, having found the

9 Settlement of the Lawsuit to be fair, reasonable and adequate, and otherwise being fully informed

10 in the premises and good cause appearing therefor,

11      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

12        1.     This Court has personal jurisdiction over Plaintiffs Fumiko Rodriguez (formerly

13 Fumiko Lopez), John Troy Pappas, David Yacubian (collectively, Plaintiffs"), Apple, and all

14 Settlement Class Members who have not timely and validly requested exclusion, and subject

15 matter jurisdiction over the Lawsuit to approve the Settlement Agreement and all exhibits attached

16 thereto.

17        2.     Notice of the Fee and Expense Application was provided to potential Settlement

18 Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal

19 Rules of Civil Procedure and due process requirements.

20        3.     The Court hereby awards Plaintiffs' Counsel attorneys' fees of $28,500,000 (30%

21 of the Gross Settlement Amount), and litigation expenses of $916,125.83, together with interest

22 for the same time period and at the same rate as earned by the Gross Settlement Amount until paid,

23 which shall be paid out of the Gross Settlement Amount.

24

25

26

27 _____
[1] Unless otherwise defined herein, all capitalized terms used herein have the meanings set forth
and defined in the Settlement Agreement. ECF No. 336-2.

28

[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS
CASE NO. 4:19-CV-04577

4.    Class Counsel is hereby authorized to allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which, in Class Counsel's judgment, reflects the contributions of such counsel to the institution, prosecution and settlement of the Lawsuit.

5.    In making this award of attorneys' fees and payment of litigation expenses, the Court has considered and found that:

a.    the Settlement Agreement with Apple has created a non-reversionary fund of $95,000,000 in cash that Apple will pay pursuant to the terms of the Settlement Agreement;

b.    Plaintiffs' Counsel have devoted 22,240 hours with a combined lodestar of $17,562,928.50 to achieve the Settlement in this Lawsuit. Having reviewed Plaintiffs' Counsel's Fee and Expense Application, the Court finds the requested amount of attorneys' fees ($28,500,000) to be fair, reasonable, and appropriate under applicable law and based upon the following factors: (1) the results obtained are a fair, adequate, and reasonable benefit to the Class; (2) the fee award represents a multiplier of 1.62 on Plaintiffs' Counsel's lodestar; (3) there was a considerable risk that Plaintiffs' Counsel would recover nothing; and (4) the financial burden taken on by Plaintiffs' Counsel in litigating the case on a contingent basis warrants granting the award.

c.    The Settlement provides the Settlement Class with substantial and meaningful financial relief as well as injunctive relief, as Apple has agreed to permanently delete individual Siri audio recordings collected by Apple prior to October 2019 and agreed to publish webpages further explaining (1) the process by which users may opt in to the "Improve Siri" option on Siri Devices, and (2) the information Apple stores from users who choose to opt in to Improve Siri;

d.    Settlement Class Members who or which submit valid Claim Form will benefit from the Settlement reached because of the efforts of Plaintiffs' Counsel;

e.   Plaintiffs' Counsel has prosecuted the Lawsuit and achieved the Settlement with skill, perseverance, and diligent advocacy;

f.   The Lawsuit involves numerous complex factual and legal issues, was actively litigated and, in the absence of the Settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

g.   Had Plaintiffs' Counsel not achieved the Settlement with Apple, there would remain a significant risk that Plaintiffs and the Settlement Class may have recovered less or nothing from Apple;

h.   The contingent nature, risks and complexity of the Lawsuit favor the fee awarded above;

i.   Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Lawsuit;

j.   The amount of attorneys' fees awarded and expenses to be paid from the Gross Settlement Amount is fair and reasonable in view of the applicable legal principles and the particular facts and circumstances of the Lawsuit;

k.   Plaintiffs' Counsel have incurred $916,125.83 in litigation expenses which were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and scope of this case. The Court finds that Plaintiffs' Counsel are entitled to be reimbursed for these litigation expenses.

6.      Pursuant to the Settlement Agreement, the attorneys' fees and expense awards are independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

7.     The attorneys' fees and payment of expenses awarded herein may be paid to Plaintiffs' Counsel from the Gross Settlement Amount in accordance with the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

8.     Further, the Plaintiffs' dedication and efforts have conferred a significant benefit on Settlement Class Members. Accordingly, the Court approves Plaintiffs' request for a Service Award of $10,000 each to Fumiko Rodriguez (formerly known as Fumiko Lopez), David Yacubian and John Troy Pappas for their work in this Lawsuit, finding that such award is fair, reasonable, and adequate.

9.     This Service Award is justified by: (1) the risk Plaintiffs faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this Lawsuit by the Plaintiffs, including active participation in discovery and case strategy; and (3) the benefits the Plaintiffs helped obtain for the Settlement Class members under the Settlement.

10.     The Service Awards set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement.

11.     Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Parties and the Settlement Class Members for all matters relating to this Lawsuit, including the administration, interpretation, effectuation, or enforcement of this Order.

12.     In the event the Settlement Agreement is terminated, or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any Lawsuits or proceedings by any Person against the Parties.

**IT IS SO ORDERED.**

Date: October 16, 2025

Hon. Jeffrey S. White
United States District Judge
Northern District of California

[PROPOSED] ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS
CASE NO. 4:19-CV-04577